ORIGINAL
FILED

NOV - 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  Attorneys for Plaintiffs

7  [Additional Counsel Listed on Following Page]

8

**MEJ**

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO/OAKLAND DIVISION

12                                    CV 07    5696
   CLAUDE BRYANT, CRAIG FULCHER,       Case No.
13 SANFORD LEVINE and THOMAS
   THOMPSON,                           **COMPLAINT— Collective Action**
14 on behalf of themselves             **DEMAND FOR JURY TRIAL**
   and all employees similarly situated,
15
        Plaintiffs,
16                 - vs -
17 ALDERWOODS GROUP, INC., SERVICE
   CORPORATION INTERNATIONAL, SCI
18 FUNERAL AND CEMETERY PURCHASING
   COOPERATIVE, INC., SCI EASTERN
19 MARKET SUPPORT CENTER, L.P., SCI
   WESTERN MARKET SUPPORT CENTER,
20 L.P. a/k/a SCI WESTERN MARKET
   SUPPORT CENTER, INC., SCI HOUSTON
21 MARKET SUPPORT CENTER, L.P., JANE D.
   JONES, GWEN PETTEWAY, THOMAS
22 RYAN, PAUL A. HOUSTON and CURTIS
   BRIGGS,
23
        Defendants.
24

25

26

27

28

1    Additional Attorneys for Plaintiffs, who will
     submit applications for admission *pro hac vice*:
2
     Patrick J. Solomon, NY Attorney No. 2716660
3    Annette Gifford, NY Attorney No. 4105870
     DOLIN, THOMAS & SOLOMON LLP
4    693 East Avenue
     Rochester, NY 14607
5    Telephone: (585) 272-0540
     Facsimile:  (585) 272-0574
6    psolomon@theemploymentattorneys.com

7    Charles H. Saul, PA State Bar No.19938
     Liberty J. Weyandt, PA State Bar No. 87654
8    MARGOLIS EDELSTEIN
     525 William Penn Place
9    Suite 3300
     Pittsburgh, PA 15219
10   Telephone: (412) 281-4256
     Facsimile: (412) 642-2380
11   csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COLLECTIVE ACTION COMPLAINT

**AND NOW** come Plaintiffs Claude Bryant, Craig Fulcher, Sanford Levine, Thomas Thompson, et al., on behalf of themselves and all others similarly situated, by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP, and Margolis Edelstein and file the following Collective Action Complaint:

### I.    INTRODUCTION

1.    This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Plaintiffs Claude Bryant, Craig Fulcher, Sanford Levine, Thomas Thompson, et al., as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

### II.    JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S. C. §1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. §2201, and under 29 U.S.C. §216 (b).

3.    Venue is appropriate in the Northern District of California since some of the unlawful acts alleged were committed in this district and because defendants conduct business in this district.  Venue is proper before this Court under 28 U.S.C. § 1391(b).

4.    Intradistrict Assignment.  This is a nationwide collective action notification involving violations which occurred across the country, including some which occurred in the Northern District of California.

### III.    PARTIES

#### A.    Plaintiffs

5.    The plaintiffs ("Plaintiffs") are employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.  Plaintiffs expressly include each individual identified

1

1    in the caption, together with any similarly situated current or former employees who may file
2    consent forms to opt-in to this collective action.

3         6.      Attached to this complaint in its Appendix A are the current Plaintiffs' consent
4    forms to opt-in to this collective action. Each of these individuals, as well as any individual who
5    opts-in to this action after the date of this complaint has full party status pursuant to 29 U.S.C. §
6    216 (b).

7         7.      All of the defendants except for Alderwoods Group, Inc. are liable to all plaintiffs
8    either directly as an employer or as successor-in-interest to plaintiffs' direct employer.

9         8.      Defendant Alderwoods Group, Inc. ("Alderwoods") is liable to those plaintiffs who
10    worked at funeral locations owned by Alderwoods and/or its affiliates (the "Alderwoods
11    Employees").

12    **B.**      **Defendants**

13         9.      Defendant Alderwoods Group, Inc. ("Alderwoods") is a corporation with its
14    headquarters being at 311 Elms Street, Suite 1000, Cincinnati, Ohio 45202.

15        10.      Defendant Service Corporation International ("SCI") is a corporation with its
16    headquarters being at 1929 Allen Parkway, Houston, Texas 77019.

17        11.      Defendant SCI Funeral and Cemetery Purchasing Cooperative, Inc. (the "SCI
18    Cooperative") is a Delaware corporation which is owned by SCI.

19        12.      Defendant SCI Eastern Market Support Center, L.P. ("SCI Eastern") is a limited
20    partnership which is owned by SCI.

21        13.      Defendant SCI Western Market Support Center, L.P. a/k/a SCI Western Market
22    Support Center, Inc. ("SCI Western") is a limited partnership or corporation which is owned by
23    SCI.

24        14.      Defendant SCI Houston Market Support Center, L.P. ("SCI Houston") is a limited
25    partnership which is owned by SCI.

26        15.      Defendants SCI Eastern, SCI Western and SCI Houston are referred to herein
27    collectively as the "SCI Support Centers."

28

16. The SCI Support Centers and the SCI Cooperative are referred to herein collectively as the "SCI Managing Entities."

17. Defendants Alderwoods, SCI, and the SCI Managing Entities are enterprises engaged in interstate commerce with an annual gross volume of sales not less than $500,000.

18. Upon information and belief, the SCI Managing Entities conduct human resources and other employment-related functions for defendants and their funeral locations.

19. Upon information and belief, the SCI Support Centers provide all executive, management, administrative, accounting, data processing, and human resources services for defendants and their funeral locations.

20. Upon information and belief, the field personnel and training departments of the SCI Managing Entities provide on-site training for defendants and their funeral locations.

21. Upon information and belief, the SCI Cooperative, through agreements with the SCI Support Centers, provides additional human resources services and support for defendants and their funeral locations.

22. Upon information and belief, the SCI Cooperative creates and distributes employee handbooks for defendants and their funeral locations.

23. Upon information and belief, the SCI Cooperative provides Dignity University training for defendants and their funeral locations.

24. Upon information and belief, the SCI Cooperative produces communications to employees of defendants and their funeral locations, including the weekly newsletter "Frontline," and the intranet site "Global Village."

25. Upon information and belief, the SCI Cooperative administers benefit plans for the employees and has contracted with third-party benefit providers to respond to questions related to day-to-day benefits services, such as local provider questions, access to online services, and benefits provider contact information.

26. Upon information and belief, the SCI Managing Entities facilitate implementation of corporate strategies, policies and procedures.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

27.    Upon information and belief, the SCI Managing Entities are directly involved in the operations of defendants' business with respect to plaintiffs' employment.

28.    Upon information and belief, the SCI Managing Entities exercise or have exercised managerial responsibilities and substantial control over the terms of plaintiffs' employment.

29.    Upon information and belief, the SCI Managing Entities provided management services to SCI and its affiliates in relation to plaintiffs' employment.

30.    Upon information and belief, the SCI Managing Entities are not completely disassociated from SCI and its affiliates with respect to plaintiffs' employment.

31.    Upon information and belief, the SCI Managing Entities are controlled by or are under common control with SCI and its affiliates.

32.    Defendant Jane D. Jones has acted as Vice President of Human Resources for defendant SCI since 2005.

33.    Upon information and belief, Ms. Jones oversees human resources, training and education, and payroll and commission services – activities that assist approximately 20,000 employees in North America.

34.    Defendant Gwen Petteway has acted as Human Resources Director of defendant SCI Houston since February 2005.

35.    Upon information and belief, Ms. Petteway's job responsibilities include providing and/or supervising human resources services to the subsidiary and affiliate companies of SCI, as well as training and benefits provided to those companies.

36.    Upon information and belief, Ms. Petteway's job responsibilities include providing and/or supervising day-to-day human resources service and support for defendants' funeral home locations.

37.    Defendant Thomas Ryan has acted as President and Chief Executive Officer of SCI since in or around 2003.

38.    Upon information and belief, Mr. Ryan's responsibilities include actively managing SCI.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

39.    Defendant Paul A. Houston is President, Chief Executive Officer and a Director of Alderwoods.

40.    Upon information and belief, Mr. Houston has been Chief Executive Officer of Alderwoods since in or around 2002.

41.    Upon information and belief, Mr. Houston's responsibilities include actively managing Alderwoods.

42.    Defendant Curtis Briggs is President and/or Vice President of various entities owned by SCI.

43.    Upon information and belief, Mr. Briggs is:

    a.  Vice President for the General Partner of SCI Eastern

    b.  Vice President for the General Partner of SCI Houston

    c.  President and/or Vice President of the SCI Cooperative

    d.  President and/or Vice President of SCI Western

44.    Upon information and belief, Mr. Briggs's responsibilities include actively managing the SCI Managing Entities.

45.    Defendants Jones, Petteway, Ryan, Houston and Briggs are referred to herein collectively as the "Individual Defendants."

*SCI and the SCI Managing Entities Are Liable to Plaintiffs*

46.    Plaintiffs are employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.  Plaintiffs expressly include each individual identified in the caption, together with any similarly situated current or former employees who may file consent forms to opt-in to this collective action.  Any individual who opts-in to this action has full party status pursuant to 29 U.S.C. § 216 (b).

47.    At all relevant times, SCI and the SCI Managing Entities are or have been Plaintiffs' employers.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

48.     At all relevant times, SCI and/or the SCI Managing Entities have suffered or permitted Plaintiffs to perform work for them.

49.     At all relevant times, SCI and/or the SCI Managing Entities are or have been liable for the employment of Plaintiffs.

50.     At all relevant times, Plaintiffs have acted directly or indirectly in the interest of SCI and/or the SCI Managing Entities.

51.     At all relevant times, SCI and/or the SCI Managing Entities have operated locations, either directly or through the SCI Affiliates, and therefore are the employers of Plaintiffs who are or were employed at all locations.

52.     Collectively, SCI, the SCI Affiliates, the SCI Managing Entities and their funeral service locations comprise a single, integrated enterprise, as they perform related activities through unified operation or common control for a common business purpose.

53.     Upon information and belief, SCI and the SCI Affiliates exercise complete dominion and control over the various funeral service locations.

54.     At all relevant times, Plaintiffs are or have been jointly employed by SCI, the SCI Affiliates and/or the SCI Managing Entities at their funeral service locations.

55.     At all relevant times, the funeral service locations of SCI, the SCI Affiliates and/or the SCI Managing Entities are or have been the Plaintiffs' employer.

56.     Upon information and belief, SCI, the SCI Affiliates and the SCI Managing Entities operate interrelated business operations.

57.     At all relevant times, business operations of the funeral locations are or have been centrally controlled by SCI and/or the SCI Managing Entities.

58.     Upon information and belief, SCI, the SCI Affiliates and the SCI Managing Entities exercise common control of labor relations.

59.     Upon information and belief, SCI and/or the SCI Managing Entities own all of the funeral service locations and exercise financial control over the business operations of those locations.

**COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL**

60.    At all relevant times, SCI and/or the SCI Managing Entities maintain or have maintained centralized control of employment relations.

61.    At all relevant times, the human resource functions of the funeral service locations report or have reported directly or indirectly to SCI and/or the SCI Managing Entities.

62.    Upon information and belief, SCI, the SCI Affiliates and the SCI Managing Entities operate under common management.

63.    Upon information and belief, SCI and/or the SCI Managing Entities exercise common management of the various funeral locations.

64.    Upon information and belief, SCI, the SCI Affiliates and the SCI Managing Entities have common ownership and financial control.

65.    In light of the economic realities of the enterprise operated by SCI, the SCI Affiliates and the SCI Managing Entities, SCI and the SCI Managing Entities are joint employers of all Plaintiffs.

66.    At all relevant times, Plaintiffs' work simultaneously benefited all of SCI, the SCI Affiliates and the SCI Managing Entities.

67.    At all relevant times, the SCI Managing Entities acted directly or indirectly in the interest of SCI in relation to Plaintiffs.

68.    At all relevant times, SCI acted directly or indirectly in the interest of the SCI Managing Entities in relation to Plaintiffs.

69.    SCI and the SCI Managing Entities are not completely disassociated with respect to the employment of Plaintiffs and the SCI Managing Entities are controlled by and/or are under common control with SCI.

70.    In light of the economic realities of SCI, the SCI Affiliates and the SCI Managing Entities' enterprise, at all relevant times SCI and the SCI Managing Entities were integrated enterprises, employers, joint employers and/or single employers of Plaintiffs for purposes of federal laws.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

*All Defendants Are Liable to the Alderwoods Employees*

71.    All defendants are liable to those plaintiffs who worked at funeral locations owned by Alderwoods and/or its affiliates prior to the time Alderwoods was acquired by defendant Service Corporation International (the "Alderwoods Employees"), either directly or as successors-in-interest.

72.    At all relevant times, Alderwoods has been the employer of the Alderwoods Employees.

73.    At all relevant times, Alderwoods has suffered or permitted the Alderwoods Employees to perform work for Alderwoods.

74.    At all relevant times, Alderwoods has been liable for the employment of the Alderwoods Employees.

75.    At all relevant times, the Alderwoods Employees have acted directly or indirectly in the interest of Alderwoods.

76.    At all relevant times, Alderwoods has operated locations, either directly or through the Alderwoods Affiliates, and therefore is the employer of Plaintiffs who were employed at all Alderwoods locations.

77.    Collectively, Alderwoods, the Alderwoods Affiliates and their funeral service locations comprise a single, integrated enterprise, as they perform related activities through unified operation or common control for a common business purpose.

78.    Upon information and belief, Alderwoods has exercised complete dominion and control over the Alderwoods funeral service locations.

79.    At all relevant times, the Alderwoods Employees have been jointly employed by Alderwoods and the Alderwoods Affiliates at their funeral service locations.

80.    At all relevant times, the funeral service locations of Alderwoods and the Alderwoods Affiliates have been the Alderwoods Employees' employer.

81.    Upon information and belief, Alderwoods and the Alderwoods Affiliates operate interrelated business operations.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

82.    At all relevant times, business operations of the funeral locations have been centrally controlled by Alderwoods.

83.    Upon information and belief, Alderwoods has exercised common control of labor relations.

84.    Upon information and belief, Alderwoods has owned all of the Alderwoods funeral service locations and has exercised financial control over the business operations of those locations.

85.    At all relevant times, Alderwoods has maintained centralized control of employment relations.

86.    At all relevant times, the human resource functions of the Alderwoods funeral service locations have reported directly or indirectly to Alderwoods.

87.    Upon information and belief, Alderwoods and the Alderwoods Affiliates operate under common management.

88.    Upon information and belief, Alderwoods has exercised common management of the various Alderwoods funeral home locations.

89.    Upon information and belief, Alderwoods and the Alderwoods Affiliates have common ownership and financial control.

90.    In light of the economic realities of the enterprise operated by Alderwoods and the Alderwoods Affiliates, Alderwoods is a joint employer of the Alderwoods Employees.

91.    At all relevant times, the Alderwoods Employees' work simultaneously benefited Alderwoods and the Alderwoods Affiliates.

92.    At all relevant times, the Alderwoods Affiliates acted directly or indirectly in the interest of Alderwoods in relation to the Alderwoods Employees.

93.    Alderwoods and the Alderwoods Affiliates have not been completely disassociated with respect to the employment of the Alderwoods Employees and the Alderwoods Affiliates have been controlled by and/or under common control with Alderwoods.

94.    Although SCI and the SCI Managing Entities were not the Alderwoods Employees' direct employers at the time of some of the FLSA violations alleged herein,

9

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

1    Plaintiffs assert that SCI and the SCI Managing Entities, as further described below, are liable for

2    all violations alleged, either as an employer or under a successor liability theory.

3       95.    Upon information and belief, Coronado Acquisition Group ("Coronado"), at

4    relevant times hereto, was a wholly owned subsidiary of SCI, which was formed by SCI for the

5    sole purpose of merging with Alderwoods.  At relevant times hereto, SCI and Coronado had the

6    same offices, telephone numbers, and corporate officers.

7       96.    Upon information and belief, Alderwoods, through its shareholders, has adopted a

8    merger agreement by and between Alderwoods, Coronado and/or SCI.

9       97.    Upon information and belief, SCI, through its shareholders, has adopted a merger

10   agreement between Alderwoods, Coronado and/or SCI.

11      98.    Upon information and belief, as of approximately November 2006, Alderwoods

12   and/or Coronado ("Merged Entities") became a wholly owned subsidiary of SCI.

13      99.    Upon information and belief, the Merged Entities, under the merger agreement,

14   continue business operations in substantially the same form as before the merger.

15      100.   Upon information and belief, the Merged Entities, under the merger agreement,

16   continue to use substantially the same workforce as before the merger, with substantially the

17   same supervisors and same working conditions as Alderwoods.

18      101.   Upon information and belief, the Merged Entities, under the merger agreement,

19   provide essentially the same services as before the merger and use the same facilities, equipment

20   and method of providing services as Alderwoods.

21      102.   Upon information and belief, SCI and the SCI Managing Entities are successors-in-

22   interest to Alderwoods' liability.  As a successors-in-interest, SCI and the SCI Managing Entities

23   are jointly and severally liable for all of the unlawful conduct of Alderwoods alleged herein.

24      103.   At all relevant times, SCI, the SCI Managing Entities and the Merged Entities are

25   or have been the employer of the Alderwoods Employees.

26      104.   At all relevant times, SCI, the SCI Managing Entities and the Merged Entities have

27   suffered or permitted the Alderwoods Employees to perform work for them.

28

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

105.  At all relevant times, SCI, the SCI Managing Entities and the Merged Entities are or have been liable for the employment of the Alderwoods Employees.

106.  At all relevant times, the Alderwoods Employees have acted directly or indirectly in the interest of SCI, the SCI Managing Entities and the Merged Entities.

107.  At all relevant times, SCI, the SCI Managing Entities and the Merged Entities have operated locations, either directly or through the SCI Affiliates, and therefore are the employers of the Alderwoods Employees.

108.  Collectively, SCI, the SCI Managing Entities and the Merged Entities and their funeral service locations comprise a single, integrated enterprise, as they perform related activities through unified operation or common control for a common business purpose.

109.  Upon information and belief, SCI and/or the SCI Managing Entities, under the merger agreement, exercise complete dominion and control over Alderwoods and its funeral service locations.

110.  At all relevant times, the Alderwoods Employees are or have been jointly employed by SCI, the SCI Managing Entities and the Merged Entities at their funeral service locations.

111.  At all relevant times, the funeral service locations of Alderwoods are or have been the Alderwoods Employees' employer.

112.  Upon information and belief, SCI, the SCI Managing Entities and the Merged Entities operate interrelated business operations.

113.  At all relevant times, business operations of the funeral locations are or have been centrally controlled by SCI, the SCI Managing Entities and the Merged Entities.

114.  Upon information and belief, SCI, the SCI Managing Entities and the Merged Entities exercise common control of labor relations.

115.  Upon information and belief, SCI, the SCI Managing Entities and/or the Merged Entities own all of the funeral service locations and exercise financial control over the business operations of those locations.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

116.   At all relevant times, SCI, the SCI Managing Entities and/or the Merged Entities maintain or have maintained centralized control of employment relations.

117.   At all relevant times, the human resource functions of the funeral service locations report or have reported directly or indirectly to SCI, the SCI Managing Entities and/or the Merged Entities.

118.   Upon information and belief, SCI, the SCI Managing Entities and the Merged Entities operate under common management.

119.   Upon information and belief, SCI, the SCI Managing Entities and/or the Merged Entities exercise common management of the various funeral home locations.

120.   Upon information and belief, SCI, the SCI Affiliates and the SCI Managing Entities have common ownership and financial control.

121.   In light of the economic realities of the enterprise operated by SCI, the SCI Managing Entities and the Merged Entities, each of the defendants are joint employers of the Alderwoods Employees.

122.   At all relevant times, the Alderwoods Employees' work simultaneously benefited all of SCI, the SCI Managing Entities and the Merged Entities.

123.   At all relevant times, the Merged Entities acted directly or indirectly in the interest of SCI and the SCI Managing Entities in relation to the Alderwoods Employees.

124.   SCI, the SCI Managing Entities and the Merged Entities are not completely disassociated with respect to the employment of the Alderwoods Employees and the SCI Managing Entities and the Merged Entities are controlled by and/or are under common control with SCI.

125.   In light of the economic realities of SCI, the SCI Managing Entities and the Merged Entities' enterprise, at all relevant times SCI, the SCI Managing Entities and the Merged Entities were integrated enterprises, employers, joint employers, single employers and/or successor employers of Plaintiffs for purposes of federal laws and/or SCI and the SCI Managing Entities constitute successors-in-interest to Alderwoods.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

*The Individual Defendants Are Liable to Plaintiffs*

126.   At all relevant times, the Individual Defendants are or have been the employer of Plaintiffs.

127.   At all relevant times, the Individual Defendants have suffered or permitted the Plaintiffs to perform work for them.

128.   At all relevant times, the Individual Defendants are or have been liable for the employment of Plaintiffs.

129.   At all relevant times, the Individual Defendants were responsible for defendants' human resources and employment functions with respect to Plaintiffs.

130.   Upon information and belief, Individual Defendants' responsibilities for defendants' human resources and employment functions included drafting, approving, distributing, supervising, enforcing and/or monitoring defendants' human resources and employment policies, including those related to the hours Plaintiffs worked, the recordkeeping associated with those hours, and the compensation Plaintiffs received.

131.   Upon information and belief, Individual Defendants were directly involved in the operations of defendants' business with respect to these human resources and employment functions.

132.   Upon information and belief, Individual Defendants exercised direction and control with respect to the defendants' human resources and employment functions.

133.   Upon information and belief, Individual Defendants actively managed defendants' human resources and employment policies, interfaced with the other defendants and their funeral locations regarding those policies, and made decisions regarding the policies and the manner in which the policies were applied to Plaintiffs.

134.   At all relevant times, Plaintiffs have acted directly or indirectly in the interest of the Individual Defendants.

135.   At all relevant times, Plaintiffs are or have been jointly employed by the Individual Defendants.

136.    At all relevant times, the Individual Defendants acted directly or indirectly in the interest of SCI and/or the SCI Managing Entities in relation to Plaintiffs.

## IV.    FACTUAL BACKGROUND

137.    Plaintiffs worked for defendants and were not paid their regular or statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours they worked over 40 in a week.

138.    Defendants' policy and/or practice was to not compensate Plaintiffs for work it suffered or permitted Plaintiffs to perform.

139.    Defendants knew Plaintiffs were supposed to receive such wages, however, defendants willfully failed to pay for all hours when Plaintiffs worked.

140.    Defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

141.    The failure to pay overtime is willful.

142.    Examples of defendants' policies and practices to deprive Plaintiffs of their earned wages and wage premiums are set forth below:

    a.  **Subclass A:**  Defendants implemented a "Community Work Policy."  Under the policy, defendants suffered or permitted their employees to perform "Community Work" so as to increase revenues for defendants. Defendants did not compensate the employees for such time spent in Community Work in furtherance of the employer's business under the "Community Work Policy."

    b.  **Subclass B:**  Defendants implemented an "On Call Pay Policy."  Under the policy, employees were suffered or permitted to perform work by handling calls and other work related issues after normal business hours, but defendants would not compensate employees for work performed outside the regular workday, off-site from the funeral home.

    c.  **Subclass C:**  Defendants' policy required that certain hourly employees train for and obtain certain licenses.  Defendants did not pay for the training, test taking and continuing education requirements for those licenses despite suffering or permitting employees to perform such work.

    d.  **Subclass D:**  Defendants' policy required that certain hourly employees take other types of training.  Defendants did not pay for such training, despite suffering or permitting employees to perform such work.

14

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

e.  **Subclass E:**  Defendants implemented a "Pre-Needs Appointment Policy." Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases.  To the degree that such appointments were not considered part of the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

f.  **Subclass F:**  Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants did not pay for lunch breaks.  Defendants did, however, suffer and permit their employees to perform work during such meal breaks, but pursuant to defendants' "Meal Break Deduction Policy," time spent on meal "breaks" was still deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

g.  **Subclass G:** Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved.  Defendants suffered or permitted their employees to work overtime and therefore, the employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

h.  **Subclass H:**  Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted plaintiffs to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."

i.  **Subclass I:**  Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of Plaintiffs' overtime.

143.  Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Plaintiffs concerning their wages, hours and other conditions of employment.

144.  More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

## CLAIM I

## FLSA

145.    The preceding paragraphs are incorporated herein as if fully set forth herein.

146.    Defendants willfully violated their obligations under the FLSA and are liable to Plaintiffs.

## CLAIM II

## FAILURE TO MAINTAIN PROPER RECORDS

147.    The preceding paragraphs are incorporated herein as if fully set forth herein.

148.    Defendants violated provisions of the FLSA by failing to make, keep, and preserve adequate and accurate records of the employment of Plaintiffs concerning their wages, hours and other conditions of employment; more specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week, and/or the total overtime compensation for each work week and are liable to Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of Plaintiffs' unpaid wages;

(c)    liquidated, compensatory, consequential and punitive damages;

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this Court deems to be just and appropriate.

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

1

## JURY DEMAND

2

Plaintiffs demand a jury to hear and decide all issues of fact.

3

4

Respectfully Submitted,
ROSEN, BIEN & GALVAN, LLP

5

6

7      Date: November ___, 2007          By: _____

8                                        Sanford Jay Rosen, State Bar No. 62566
                                         Maria V. Morris, State Bar No. 223903
9                                        Lori E. Rifkin, State Bar No. 244081
                                         315 Montgomery Street, Tenth Floor
10                                       San Francisco, CA 94104
                                         Telephone: (415) 433-6830
11

12                                       DOLIN, THOMAS & SOLOMON LLP
                                         Patrick J. Solomon, NY Attorney No. 2716660
13                                       Annette Gifford, NY Attorney No. 4105870
                                         693 East Avenue
14                                       Rochester, NY 14607
                                         Telephone: (585) 272-0540
15

16                                       MARGOLIS EDELSTEIN
17                                       Charles H. Saul, PA State Bar No.19938
                                         Liberty J. Weyandt, PA State Bar No. 87654
18                                       525 William Penn Place, Suite 3300
                                         Pittsburgh, PA 15219
19                                       Telephone: (412) 281-4256
20

21                                       Attorneys for Plaintiff

22

23

24

25

26

27

28

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

1

## **APPENDIX A**

2

3
Consent forms for sixty-two plaintiffs to this action are hereby filed as attachments in this Appendix.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Claude Bryant        9/13/07        Claude Bryant
Signature              Date          Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    8/30/07    Craig FULCHER
Signature                  Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  9-21-07   _SANFORD M. LEVINE_
Signature                   Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _Thomas Thompson_ | _9/11/2007_ | _THOMAS THOMPSON_ |
| Signature | Date | Print Name |

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature                    Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| Signature | Date | Print Name |
|---|---|---|
| _Sunt Butts_ | 9.10.07 | _Suzanne E. Altek/Butts_ |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  9/19/07  _ILEEN BARBER_
Signature           Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Philip M. Blake_    , _Phillip Mark Blake_    9/24/07

**Signature**                 **Date**      **Print Name**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _(signature)_ 9·25·07 | | DALE BRANDNER |
| **Signature** | **Date** | **Print Name** |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_David Brown_   9/25/07        _David Brown_
**Signature**            **Date**       **Print Name**


H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO JOIN LAWSUIT
### (Pursuant to 29 U.S.C. §216)

Please type or print in ink the following:

Name: _JAMES D. CALZADA_
Address: _1049 GARDNER AVE._
_VENTURA,_ _CA_ _93004_
City                              State                              Zip Code

      I have read and I understand the Notice accompanying this Consent. As a current or former employee of Alderwoods Group Inc., I consent to become a party plaintiff, in this action under the Fair Labor Standards Act, seeking payment of unpaid wages, including overtime wages, and related relief.

      I authorize the attorneys to whom I send this Consent to file it with the Clerk of the Court.

      I further authorize such attorneys and designate them as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including the settlement therefore. I authorize the named plaintiffs, Deborah Prise and Heather Rady, to act as my agents for the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs.

_James D. Calzada_
Signature

Date: _9/09/2007_

_JAMES D. CALZADA_
Type or Print Name

Check this box only if you choose to retain your own attorney (The third paragraph above is not applicable to plaintiffs that retain their own attorney):

      ☐     I consent to participate as a party plaintiff in this action, but will retain an attorney of my own choosing other than the attorneys for the representative plaintiffs Deborah Prise and Heather Rady. My attorney's name and address is:

      [private attorney contact information: _____]

If you checked the box above, do not mail this form in the enclosed, self-addressed stamped envelope. Instead, mail the form to the attorney of your choosing.

**This consent form must be filed with the Court, or sent by regular U.S. mail and postmarked, by: September 10, 2007**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____ 9-7-07    _____
Signature          Date      Print Name    Kim D. Cline

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _Jonathan P. DeWyer_ | 09-14-07 | _Jonathan P. DeWyer_ |
| **Signature** | **Date** | **Print Name** |

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| _____ | 9-12-07 | Domenic D. Cicco |
| Signature | Date | Print Name |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  9/17/07    Susan Domzalski
**Signature**                        **Date**        **Print Name**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____     ROBERT J. EDDINGTON
Signature            Date            Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Frank W Fields_                          _FRANK W. FIELDS_
Signature                    Date          Print Name


H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Francisco Figueroa    10/9/07    FRANCESCO FIGUEROA
Signature               Date      Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| _Ferdinand L Fiske_ | _9-10-07_ | _Ferdinand L Fiske_ |
|---|---|---|
| **Signature** | **Date** | **Print Name** |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____  10-10-07   NARVELL GREER
Signature                Date        Print Name


H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO JOIN LAWSUIT
### (Pursuant to 29 U.S.C. §216)

Please type or print in ink the following:

Name: _JOHN HALFMANN_

Address: _26606 PALO DURO DRIVE #178_

_SAN ANGELO_         _TEXAS_         _76904_
   City                 State                Zip Code

     I have read and I understand the Notice accompanying this Consent. As a current or former employee of Alderwoods Group Inc., I consent to become a party plaintiff, in this action under the Fair Labor Standards Act, seeking payment of unpaid wages, including overtime wages, and related relief.

     I authorize the attorneys to whom I send this Consent to file it with the Clerk of the Court.

     I further authorize such attorneys and designate them as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including the settlement therefore. I authorize the named plaintiffs, Deborah Prise and Heather Rady, to act as my agents for the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs.

Date: _SEPT 9, 2007_

_John L Halfmann_
Signature

_JOHN HALFMANN_
Type or Print Name

Check this box only if you choose to retain your own attorney (The third paragraph above is not applicable to plaintiffs that retain their own attorney):

     ☐     I consent to participate as a party plaintiff in this action, but will retain an attorney of my own choosing other than the attorneys for the representative plaintiffs Deborah Prise and Heather Rady. My attorney's name and address is:

     [private attorney contact information:_____]

If you checked the box above, do not mail this form in the enclosed, self-addressed stamped envelope. Instead, mail the form to the attorney of your choosing.

**This consent form must be filed with the Court, or sent by regular U.S. mail and postmarked, by: September 10, 2007**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Randall Hamman_                    _Randal Hamman_
**Signature**                **Date**    **Print Name**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Aldenwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Robert A Harrison_
Signature                          Date

_ROBERT HARRISON_
Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature _____   Date  Sept 10, 2007   Print Name  JOHN T Nagle

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature _____  9/6/07 /Date

Print Name _____ John M. Ivey

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Connie Jepson_  9-15-07        _Connie Jepson_
**Signature**                    **Date**         **Print Name**

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Terri R Jones    9/10/07    TERRI R JONES
**Signature**          **Date**    **Print Name**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____ 10/12/07     Ryan M. Lee
Signature                            Date          Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Todd Hudson_                    _Sept 9, 2007_        _Todd A. Lindamood_
Signature                        Date              Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____  10·10·07    _Robert  Lossins_____
**Signature**                  **Date**        **Print Name**

## CONSENT TO JOIN LAWSUIT
(Pursuant to 29 U.S.C. §216)

Please type or print in ink the following:

Name: _____ Barry G. MacKinnon _____

Address: _____ 2550 La Condessa Drive _____

_____ Palm Springs _____ CA _____ 92264 _____

City                       State                   Zip Code

    I have read and I understand the Notice accompanying this Consent. As a current or former employee of Alderwoods Group Inc., I consent to become a party plaintiff, in this action under the Fair Labor Standards Act, seeking payment of unpaid wages, including overtime wages, and related relief.

    I authorize the attorneys to whom I send this Consent to file it with the Clerk of the Court.

    I further authorize such attorneys and designate them as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including the settlement therefore. I authorize the named plaintiffs, Deborah Prise and Heather Rady, to act as my agents for the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs.

_____
Signature

Date: _____ 9/09/2007 _____

_____ Barry G. MacKinnon _____
Type or Print Name

Check this box only if you choose to retain your own attorney (The third paragraph above is not applicable to plaintiffs that retain their own attorney):

    ☐  I consent to participate as a party plaintiff in this action, but will retain an attorney of my own choosing other than the attorneys for the representative plaintiffs Deborah Prise and Heather Rady. My attorney's name and address is:

[private attorney contact information: ____ _____ ]

If you checked the box above, do not mail this form in the enclosed, self-addressed stamped envelope. Instead, mail the form to the attorney of your choosing.

**This consent form must be filed with the Court, or sent by regular U.S. mail and postmarked, by: September 10, 2007**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Steven Marcinkowski_     _9-7-07_        _Steven Marcinkowski_
**Signature**                          **Date**         **Print Name**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Floyd E Marquart_    9/11/07      _FLOYD E. MARQUART_
Signature            Date          Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _James E. McClellan_ | _9/7/07_ | _James E. McClellan_ |
| Signature | Date | Print Name |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

John J McLaughlin    09/07/07    JOHN T. McLAUGHLIN
Signature                         Date         Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____    9/7/2007    Shelldon Miggletto
Signature                            Date            Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    9-12-07    John R. Milstead
Signature                    Date       _____
                                        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____     9/14/07     David Mink
Signature                    Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| *Joe Moody*  9-8-07 | | *JOE F. MOODY* |
| **Signature** | **Date** | **Print Name** |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Jane Morton_
**Signature**                    **Date**

_for Manford morton_

_Jane Morton_
**Print Name**

_manford morton_

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Larry Murdock_ 9.7.07        _Larry Murdock_
Signature            Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


Signature _____ Date 09/08/07 Print Name FRED L. NELMS

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Wayne Norman_  9-13-07  _Wayne Norman_
Signature                Date          Print Name

### CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| Signature | Date | Print Name |
|---|---|---|
| | 9-11-07 | Rachelle Olsen Veal |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    _____
**Signature**                  **Date**      **Print Name**  Iris M. Ortiz Berrios

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____
Signature                          Date

RANDALL L PAGE
_____
Print Name

H:\Alderwood Group\Consent to Opt In.doc

CONSENT TO JOIN LAWSUIT
(Pursuant to 29 U.S.C. §216)

Please type or print in ink the following:

Name: _Joseph C. Parker_

Address: _1609 2nd Ave NE._

_Moultrie_ _GA_ _31768_

City     State     Zip Code

   I have read and I understand the Notice accompanying this Consent. As a current or former employee of Alderwoods Group Inc., I consent to become a party plaintiff, in this action under the Fair Labor Standards Act, seeking payment of unpaid wages, including overtime wages, and related relief.

   I authorize the attorneys to whom I send this Consent to file it with the Clerk of the Court.

   I further authorize such attorneys and designate them as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including the settlement therefore. I authorize the named plaintiffs, Deborah Prise and Heather Rady, to act as my agents for the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs.

_Joseph C Parker_
Signature

Date: _9-15-07_

_Joseph C. Parker_
Type or Print Name

Check this box only if you choose to retain your own attorney (The third paragraph above is not applicable to plaintiffs that retain their own attorney):

   ☐  I consent to participate as a party plaintiff in this action, but will retain an attorney of my own choosing other than the attorneys for the representative plaintiffs Deborah Prise and Heather Rady. My attorney's name and address is:

   [private attorney contact information:_____]

If you checked the box above, do not mail this form in the enclosed, self-addressed stamped envelope. Instead, mail the form to the attorney of your choosing.

This consent form must be filed with the Court, or sent by regular U.S. mail and postmarked, by: September 10, 2007

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature _____    Date  10-9-2007    Print Name _____

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Concepción Rodriguez_      9-7-07      _Concepción Rodriguez_
Signature                              Date              Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    9-9-07    Romaw, Alfred
Signature                Date       Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| Signature | Date | Print Name |
| | 9-10-07 | DONALD D. SAGARINO |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature _____  Date 9/9/07        Print Name  Karen Sagarino

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature _____    Date  Sept 7 2007    Print Name  NORMAN SLATE

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


| Signature | Date | Print Name |
|-----------|------|------------|
|  | 9/9/07 | Shawn Staley |

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Tina L. Stephan_  _10/18/07_            _Tina L. Stephan_
**Signature**                    **Date**          **Print Name**


H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Harold O Tankard_          9-8 207      _Harold O Tankard_
**Signature**                      **Date**          **Print Name**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____    9-10-07    RICHMOND TIERAY
Signature                  Date        Print Name


H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____    _____
Signature            Date        Print Name

September
11, 2007

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).    I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____     09/10/07     _Neal Vick_____
Signature                                Date              Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____    9/10/2007    _____
**Signature**                          **Date**              **Print Name**
                                                      Rosa Villalobos


H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO JOIN LAWSUIT
### (Pursuant to 29 U.S.C. §216)

Please type or print in ink the following:

Name: _John S. Wilson_
Address: _48 Tody Goodwin Rd_
_Apex, N.C. 27502_
City                    State                    Zip Code

I have read and I understand the Notice accompanying this Consent. As a current or former employee of Alderwoods Group Inc., I consent to become a party plaintiff, in this action under the Fair Labor Standards Act, seeking payment of unpaid wages, including overtime wages, and related relief.

I authorize the attorneys to whom I send this Consent to file it with the Clerk of the Court.

I further authorize such attorneys and designate them as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including the settlement therefore. I authorize the named plaintiffs, Deborah Prise and Heather Rady, to act as my agents for the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs.

_John S. Wilson_
Signature

Date: _Sept. 3, 2007_      _John S. Wilson_
Type or Print Name

Check this box only if you choose to retain your own attorney (The third paragraph above is not applicable to plaintiffs that retain their own attorney):

☐      I consent to participate as a party plaintiff in this action, but will retain an attorney of my own choosing other than the attorneys for the representative plaintiffs Deborah Prise and Heather Rady. My attorney's name and address is:

[private attorney contact information:_____]

If you checked the box above, do not mail this form in the enclosed, self-addressed stamped envelope. Instead, mail the form to the attorney of your choosing.

**This consent form must be filed with the Court, or sent by regular U.S. mail and postmarked, by: September 10, 2007**

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).   I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Kendall C Young          9/5/07          KENDALL C YOUNG
by Nancy E Young
_____     _____
Signature                    Date      Print Name