Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CLAUDE BRYANT, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN, PAUL A. HOUSTON and CURTIS BRIGGS,<br><br>Defendants. | Case No. CV 07-5696<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT** |

Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:

Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
psolomon@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

Plaintiffs submit this case management statement in lieu of the joint case management statement because Defendants have not yet been served. The deadline for service of the Complaint under the Federal Rules of Civil Procedure is March 10, 2008. Plaintiffs may also file an Amended Complaint prior to the Complaint being served. Plaintiffs are prepared to attend the Case Management Conference. However, Plaintiffs are also amenable to a continuance of the Case Management Conference until all parties have been served.

Plaintiffs expect that this statement will be amended, or a joint statement will be submitted, after issue has been joined in this case.

### 1. Jurisdiction and Service

This Court has subject matter jurisdiction over plaintiffs' claims because they arise out of violations of the Fair Labor Standards Act and therefore present a federal question. Defendants have not yet been served, and Plaintiffs intend to serve the Complaint by March 10, 2008. Plaintiffs may also file an Amended Complaint prior to the Complaint being served.

### 2. Facts

Plaintiffs Claude Bryant, et al., on behalf of themselves and other employees similarly situated ("Plaintiffs") were employed by Defendants. Plaintiffs allege that, while they were employed by Defendants, Defendants failed to pay Plaintiffs overtime wages for overtime hours worked and failed to provide accurate wage statements.

The Complaint sets out Plaintiffs' claims pursuant to the FLSA concerning maintenance of records. Plaintiffs seek to represent a proposed class of current and former employees of Defendants who were employed by Defendants and subject to Defendants' improper pay policies.

### 3. Legal Issues

The legal issues in this case concern whether the Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to pay employees for overtime hours pursuant to various policies maintained by Defendants. For example, Defendants required plaintiffs to perform work, such as on-call work, community work, training and other work, without pay. The legal issues also include whether the Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to maintain

1

PLAINTIFFS' CASE MANAGEMENT STATEMENT - Case No. CV 07-5696

proper records that adequately and accurately reflect hours worked each day and each week, and overtime compensation.

### 4. **Motions**

Currently, there are no pending motions. Plaintiffs will likely submit a motion seeking to send court-authorized notice to similarly situated employees. As the case moves forward, there may be motions related to discovery, summary judgment motions, and motions on the pleadings.

### 5. **Amendment of Pleadings**

Plaintiffs may amend their Complaint prior to service. However plaintiffs propose that the deadline to amend pleadings after service be set at a date after the close of discovery.

### 6. **Evidence Preservation**

This issue is more properly directed to Defendants who likely have records concerning the issues in this case, such as the time worked by their employees and how much they were paid.

### 7. **Disclosures**

As the defendants have not yet been served, initial disclosures have not yet been made.

### 8. **Discovery**

To date, no discovery has been completed in this case. Plaintiffs propose that discovery commence after plaintiffs' motion for conditional certification of the FLSA claims. Plaintiffs propose that the date by which plaintiffs are to submit their motion for conditional certification be set as May 5, 2008. After such motion is determined, plaintiffs proposed that a conference be held with the Court to develop a schedule for discovery.

### 9. **Class Actions**

This case is a collective action under the FLSA. Pursuant to 29 U.S.C. § 216(b), other employees may opt into this action. Plaintiffs suggest that the deadline for their motion for conditional certification of a collective action be set as May 5, 2008.

//

**10.  Related Cases**

Two cases arising out of employment practices of these defendants are currently being litigated in the Superior Court of the State of California, County of Alameda. These are Bryant, et al. v. Service Corporation, et al. (Case No. RG 07359593) and Helm, et al. v. Alderwoods Group, Inc., et al (Case No. RG 07359602). However, those cases present only state law claims, and the FLSA claims of the Plaintiffs in the instant case are not being litigated in those cases or in any other court. Plaintiffs split their state and federal law claims based on a ruling by the Western District of Pennsylvania in a similar case in which the federal court declined to exercise supplemental jurisdiction over the state law claims.

As disclosed in Plaintiffs' Notice of Pendency of Other Actions, filed November 8, 2007, at the time this case was filed, there were two actions pending in federal courts which involved a material part of the same subject matter as the instant action, in that all of these proceedings related to the defendants' polices and practices regarding their employees' overtime pay. The first action, Prise, et al. v. Alderwoods Group, Inc., et al. (W.D.Pa. 06-cv-1641)("Prise I"), is a collective action under the Fair Labor Standards Act brought by defendants' current and former employees. None of the Plaintiffs in the instant action are parties to the Prise I litigation and because the opt-in period in that case has passed for most of the Plaintiffs in the instant action, they are not eligible to participate in the Prise I action . The second action, Prise v. Alderwoods Group, Inc., et al., (N.D.Cal. 07-cv-5140)("Prise II") was a class action brought by current and former employees for violation of various states' wage and hour laws, as well as for violations of state common laws.  That case was voluntarily dismissed without prejudice on December 5, 2007. None of the Plaintiffs in the instant action were named plaintiffs in the Prise II action.

**11.  Relief**

Plaintiffs seek to recover all overtime compensation denied them because of Defendants' policies. In addition, Plaintiffs seek liquidated damages in an equal amount. Further, Plaintiffs are entitled to attorneys' fees and costs. Plaintiffs will also seek any other damages to which they are entitled under federal or state law. It is premature to estimate the total amount of damages.

**12. Settlement and ADR**

At the present time, given that Defendants have not yet been served, no settlement discussions have occurred.  Most likely, the appropriate time for the parties to engage in settlement discussions would be after a decision has been rendered on plaintiffs' Motion for Conditional Certification.

**13. Consent to Magistrate Judge Jurisdiction**

Because defendants have not yet been served, the parties have not discussed whether they will consent to magistrate judge jurisdiction.

**14. Other References**

Plaintiffs do not believe the case is suitable for reference to binding arbitration, a special master or multidistrict litigation.

**15. Narrowing of Issues**

Because defendants have not yet been served, the parties have not discussed whether the issues can be narrowed y agreement or by motion or how to expedite the presentation of evidence at trial.

**16. Expedited Schedule**

Plaintiffs do not believe this case can be handled on an expedited basis, except their motion for conditional certification should be given expedited consideration due to statute of limitations issues.

**17. Scheduling**

Plaintiffs propose that deadlines for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial be set after a decision is rendered on their motion for conditional certification.

**18. Trial**

Plaintiffs have demanded a jury trial.  Plaintiffs believe the trial may last up to one month.

**19. Disclosure of Non-party Interested Entities or Persons**

Other than the parties, including the putative class members, plaintiffs are not aware of any other person, firm, partnership or corporation with a financial interest in the subject matter in

4

controversy or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of this proceeding.

                Respectfully Submitted,

              ROSEN, BIEN & GALVAN, LLP

Date: February 12, 2008

            By: */s/ Lori Rifkin*
            Sanford Jay Rosen, State Bar No. 62566
            Maria V. Morris, State Bar No. 223903
            Lori E. Rifkin, State Bar No. 244081
            315 Montgomery Street, Tenth Floor
            San Francisco, CA 94104
            Telephone: (415) 433-6830

            DOLIN, THOMAS & SOLOMON LLP
            Patrick J. Solomon, NY Attorney No. 2716660
            Annette Gifford, NY Attorney No. 4105870
            693 East Avenue
            Rochester, NY 14607
            Telephone: (585) 272-0540

            MARGOLIS EDELSTEIN
            Charles H. Saul, PA State Bar No.19938
            Liberty J. Weyandt, PA State Bar No. 87654
            525 William Penn Place, Suite 3300
            Pittsburgh, PA 15219
            Telephone: (412) 281-4256
            Attorneys for Plaintiffs