Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>Defendants. | Case No. CV 08-1184 JSW<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF RELATING CASES** |

1

2

Additional Attorneys for Plaintiffs, who will
submit applications for admission *pro hac vice*:

3

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765

4

Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447

5

DOLIN, THOMAS & SOLOMON LLP

6

693 East Avenue
Rochester, NY 14607

7

Telephone: (585) 272-0540
Facsimile: (585) 272-0574

8

nthomas@theemploymentattorneys.com

9

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654

10

Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN

11

525 William Penn Place
Suite 3300

12

Pittsburgh, PA 15219
Telephone: (412) 281-4256

13

Facsimile: (412) 642-2380
csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT IN SUPPORT OF RELATING CASES**

Plaintiffs submit this Statement in Support of Relating Cases in response to Judge Jeffrey S. White's *sua sponte* Judicial Referral for Purposes of Determining Relationship of Cases (*see* Case No. 08-1184, Docket No. 26). Plaintiffs respectfully submit that, in light of the prior decision relating two other actions currently pending in the District Court for the Northern District of California—*Bryant v. Alderwoods Group, Inc.*, Case No. 07-5696 ("*Bryant I*") and *Bryant v. Service Corporation International*, Case No. 08-1190 ("*Bryant II*")—the instant action ("*Helm*") should be related to those other actions.

Plaintiffs initially filed the claims asserted in *Helm*, *Bryant I* and *Bryant II* together with other claims in an action in the District Court for the Western District of Pennsylvania captioned *Prise v. Alderwoods Group, Inc.*, Case No. 06-1641 ("*Prise*"). All of the claims in each of these actions are based upon the allegation that employees who worked at defendants' funeral home locations were not properly paid their regular or statutorily required rates for all the time they worked for defendants.

At defendants' request, however, the *Prise* Court determined that certain claims would not be heard together in that action. Based upon the *Prise* Court's rulings, as well as defendants' position which resulted in those rulings, plaintiffs refiled certain claims separately in the *Helm*, *Bryant I* and *Bryant II* actions.

However, consistent with plaintiffs' initial filing and in light of the prior determination that *Bryant I* and *Bryant II* are related, plaintiffs submit that the *Helm* action should also be related.

**PROCEDURAL HISTORY**

***Plaintiffs File All Claims Together in the Western District of Pennsylvania***

On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), both named defendants in this action, were named in the *Prise* complaint filed in the Western District of Pennsylvania. Prior to the filing of *Prise*, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned

subsidiary.  After the merger, SCI continued to operate the vast majority of both its own funeral homes and those of Alderwoods.

The *Prise* complaint was filed as a class and collective action alleging, *inter alia*, that employees who worked at defendants' funeral home locations were not properly paid for all the time they worked for defendants.  It asserted violations of both the Fair Labor Standards Act ("FLSA") and state wage and hour laws.  The *Prise* Court conditionally certified an FLSA class of employees and directed that notice be sent to certain individuals who worked or had worked at an Alderwoods location.  In response to that notice, hundreds of current and former employees opted-in to the *Prise* action, including employees who had worked only at Alderwoods locations, before and/or after SCI's acquisition ("Alderwoods employees"), and employees who had worked at other SCI locations unrelated to Alderwoods ("SCI employees").

Both Alderwoods and SCI employed a set of practices or policies whereby employees were not paid their regular or statutorily required rate for all hours worked.  Thus, because of the overlapping legal liability of defendants, as well as the overlapping factual issues in the matter, plaintiffs believed it was legally appropriate and in the interests of judicial efficiency for defendants to be named in a common action and for all of the employees' claims to be brought together.

### *Defendants Move to Have Certain Claims Heard Separately*

Based on defendants' requests in their motions, the *Prise* Court determined that certain claims would not be heard together in the *Prise* action.  Following these rulings, plaintiffs refiled those claims in the *Bryant I*, *Helm* and *Bryant II* actions.

As an initial matter, in granting plaintiffs' motion for notice the *Prise* Court also provided a deadline by which individuals who wished to join that action must opt-in.  Employees who asked to assert claims against defendants but could not join the *Prise* action because of the deadline were joined together with certain other individuals in the *Bryant I* action.

In June, 2007, the *Prise* Court declined to exercise supplemental jurisdiction over any of the state law claims alleged in the *Prise* action. Therefore, on or about July 9, 2007, the Alderwoods employees and the SCI employees jointly reasserted their state law claims in a Class Action Complaint filed in the Superior Court of the State of California for the County of Alameda. Defendants removed that action to federal District Court for the Northern District of California as *Prise v. Alderwoods Group, Inc.*, 07-05140 (the "Combined State Law Action").

Subsequently, the *Prise* Court determined it would only hear claims on behalf of Alderwoods employees, and that claims of employees who had worked only at other SCI locations should be heard in a separate action. Based on that ruling, the federal claims of those SCI employees were refiled in a separate action in the District of Arizona.

Based upon defendants' position that resulted in that ruling, the Combined State Law Action was voluntarily dismissed so that the state law claims of the Alderwoods employees could be heard separately from those of the SCI employees—just as the *Prise* Court had ruled that their federal claims would be filed separately. Those state law claims were refiled by the Alderwoods employees in *Helm*, while the SCI employees filed their state law claims in *Bryant II*. Both *Helm* and *Bryant II* were initially filed in state court and removed to federal district court by defendants.

Thus, three actions are now pending in the Northern District of California: *Bryant I*, which asserts FLSA claims on behalf of Alderwoods employees who were unable to join the *Prise* action; *Helm*, which asserts the state law claims of Alderwoods employees; and *Bryant II*, which asserts the state law claims of SCI employees. On March 11, 2008, the Court ruled that the *Bryant I* and *Bryant II* actions are related. *See Bryant II*, Case No. 08-1190, Docket No. 27. On March 13, 2008, the *Helm* matter was referred for determination as to whether it, too, should be related to the *Bryant* actions. *See Helm*, Case No. 08-1184, Docket No. 26.

1

*HELM* **SHOULD BE RELATED TO THE OTHER ACTIONS**

2      As discussed above, plaintiffs initially filed all of the claims at issue in a single

3  action because plaintiffs believed that the overlapping legal liability of defendants, as well

4  as the overlapping factual issues in the matter, rendered it legally appropriate and in the

5  interests of judicial efficiency for these claims to be brought together.  The claims were

6  filed in separate actions only in response to defendants' arguments and positions.

7      There is significant overlap in the parties to these actions.  Although some of the

8  plaintiffs may be neatly defined as either Alderwoods employees or SCI employees, other

9  plaintiffs fall into both categories.  Moreover, with the exception of Alderwoods, which is

10  not named in *Bryant II*, there is complete overlap in the corporate defendants in these

11  actions, although individual defendants vary somewhat.  Finally, there is significant factual

12  overlap in these cases, which involve similar or identical policies and practices.

13      Most importantly, the ruling relating the *Bryant I* and *Bryant II* actions weighs in

14  favor of relating the *Helm* action.  The plaintiffs in the *Helm* action include the plaintiffs in

15  the *Bryant I* action (and may, to a lesser extent, overlap with the plaintiffs in *Bryant II*).

16  The state law claims at issue in *Helm* are nearly identical to those at issue in *Bryant II*.

17      Thus, plaintiffs submit that, in light of the determination that *Bryant I* and *Bryant II*

18  are related, *Helm* should also be related in the interest of judicial efficiency.

19

20                          Respectfully Submitted,

21                          ROSEN, BIEN & GALVAN, LLP

22

23  Date: March 17, 2008          By:*/s/ Lori Rifkin*

24                          Sanford Jay Rosen, State Bar No. 62566

25                          Maria V. Morris, State Bar No. 223903

25                          Lori E. Rifkin, State Bar No. 244081

26                          315 Montgomery Street, Tenth Floor

27                          San Francisco, CA 94104

                          Telephone: (415) 433-6830

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs