STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone     (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants
ALDERWOODS GROUP, INC., SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., and SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON et al., on behalf of themselves and all other employees similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., and JOHN DOES 1-3, et al.,<br><br>   Defendants. | No. **3:07-CV-5696-SI**<br><br>DEFENDANTS ALDERWOODS GROUP, INC., SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC. AND SCI WESTERN MARKET SUPPORT CENTER, L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6), MOTION TO DISMISS OR STRIKE PORTIONS OF THE AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) OR FRCP 12(f), AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e)<br><br>Date:   May 9, 2008<br>Time:   9:00 a.m.<br>Dept:   10<br><br>AMENDED COMPLAINT FILED 3/5/2008<br>TRIAL DATE: NONE |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 9, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Susan Illston in Department 10 of the United States

DEFENDANTS MOTION TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT        1
Case No. 3:07-CV-5696-SI

1  District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate
2  Avenue, San Francisco, California, Defendants Alderwoods Group, Inc. ("Alderwoods"), SCI
3  Funeral And Cemetery Purchasing Cooperative, Inc. ("COOP") and SCI Western Market Support
4  Center, L.P. ("Western Market Support") (hereafter collectively referred to as the "Moving
5  Defendants") will move the Court for an order to dismiss the Amended Complaint based on
6  plaintiffs' failure to state a claim upon which relief can be granted (FRCP 12(b)(6)).[1] In addition,
7  Moving Defendants will move the Court for an order dismissing or striking the language of
8  paragraph II. 4 of the Amended Complaint alleging that this action requires a "nationwide
9  collective action notification," and paragraphs 6 and 49 alleging that the "SCI Defendants"[2] are
10 successors in interest to Alderwoods' liability pursuant to FRCP 12(b)(6) or FRCP 12(f). Moving
11 Defendants also move for a more definite statement as to FLSA statutes that allegedly have been
12 violated pursuant to FRCP 12(e).

13       Western Market Support and the COOP should be dismissed from this action because they
14 have never been the "employers" of any of the plaintiffs. The allegations in the Amended
15 Complaint that they are the plaintiffs' employers are deficient as a matter of law and are contrary to
16 repeated rulings in a similar case brought by plaintiffs' counsel in *Prise et al. v. Alderwoods Group,*
17 *Inc. et al.* (W.D.PA 06-cv-1641)("Penn Action"). The SCI Defendants did not merge with
18 Alderwoods. The Penn Action court also previously determined that SCI and its affiliates should
19 not be joined in the same action. The allegations to be stricken are redundant, immaterial, and
20 impertinent. Moreover, Plaintiffs should be required to plead the specific FLSA statutes they
21 claim the defendants allegedly violated.

22       This Motion will be based upon this Notice of Motion and Motion, the Memorandum of
23 Points and Authorities set forth below, the Declaration of Liana Jensen, the accompanying Request

---

[1] Defendants respectfully suggest that before reviewing and considering the instant Motion, the Court first read the Motion to Dismiss filed by the other co-defendants in this case: Service Corporation International, SCI Eastern Market Support Center, SCI Houston Market Support Center, and Paul Houston. That Motion, which is incorporated herein by reference, includes background information, names and terms that are important for the consideration of the instant motion. These co-defendants have further joined this motion to avoid unnecessarily repeating law and asserting arguments that apply to all of the defendants.

[2] These SCI defendants include SCI, Western Market Support, Eastern Market Support, Houston Market Support, COOP and Paul Houston.

DEFENDANTS MOTION TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT    2
Case No. 3:07-CV-5696-SI

for Judicial Notice ("RJN"), and the pleadings, records and files in this action, and those of the two other related actions of *Helm, et al. v. Alderwoods Group, Inc. et al.,* Case No. 08-1184 *("Helm")* and *Bryant, et al. v. Service Corporation International, et al.* Case No. 08-1190 ("*Bryant II*") that have been assigned to this court, and upon such other and further evidence and argument as may be presented at the time of the hearing.

Dated:   March 27, 2008

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
DAVID M. DANIELS, ESQ.
Attorneys for Defendants
ALDERWOODS GROUP, INC., SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., and SCI WESTERN MARKET SUPPORT CENTER, L.P.a/k/a SCI WESTERN MARKET SUPPORT CENTER, L.P.

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone    (916) 797-3100
Facsimile    (916) 797-3131

Attorneys for Defendants
ALDERWOODS GROUP, INC., SCI FUNERAL AND
CEMETERY PURCHASING COOPERATIVE, INC., and
SCI WESTERN MARKET SUPPORT CENTER, L.P.
a/k/a SCI WESTERN MARKET SUPPORT CENTER, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON et al., on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., and JOHN DOES 1-3, et al.<br><br>Defendants. | No. **3:07-CV-5696-SI**<br><br>DEFENDANTS ALDERWOODS GROUP, INC., SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC. AND SCI WESTERN MARKET SUPPORT CENTER, L.P.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6), MOTION TO DISMISS OR STRIKE PORTIONS OF THE AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) OR FRCP 12(f), AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e)<br><br>Date:  May 9, 2008<br>Time:  9:00 a.m.<br>Dept:  10<br><br>AMENDED COMPLAINT FILED 3/5/2008<br>TRIAL DATE: NONE |

DEFENDANTS MOTION TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT
Case No. 3:07-CV-5696-SI

**TABLE OF CONTENTS**

I. THE SCI DEFENDANTS SHOULD BE DISMISSED BECAUSE THE ALLEGATIONS THAT THEY WERE THE PLAINTIFFS' EMPLOYER CONSIST OF LEGAL CONCLUSIONS AND ALLEGE FACTS THAT WERE PREVIOUSLY DETERMINED AS A MATTER OF LAW TO BE DEFICIENT ................... 4

II. THE SCI DEFENDANTS SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6) BECAUSE THEY ARE NOT SUCCESSORS-IN-INTEREST TO ALDERWOODS ................................................................................................................ 6

III. THE AMENDED COMPLAINT'S SUCCESSOR IN INTEREST ALLEGATIONS SHOULD BE STRICKEN ................................................................................................ 8

IV. PLAINTIFFS SHOULD BE REQUIRED TO PLED THE SPECIFIC FLSA STATUTES THEY CLAIM THE DEFENDANTS VIOLATED ....................................... 8

V. THE AMENDED COMPLAINT'S ALLEGATION THAT THIS IS A NATIONWIDE COLLECTIVE NOTIFICATION ACTION SHOULD BE STRICKEN ............................................................................................................................. 9

VI. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) .................................................. 4, 5

*Castro v. Paine Webber, Jackson and Curtis,* 99 F.R.D. 655 (D.P.R.1983) ...................................... 8

*Crumpacker v. Civiletti,* 90 F.R.D. 326, 330 (N.D.Ind.1981) ............................................................ 8

*Cumis Ins. Soc'y, Inc. v. Merrick Bank Corp.*, No. CIV 07-374-TUC-CKJ, 2008 WL 215844, at *2 (D. Ariz. Jan. 22, 2008) ............................................................................................................. 4, 5

*Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F2d 1524, 1527, ........................................................... 8

*Fogerty v. Fantasy, Inc.* (1994) 510 U.S. 517 .................................................................................... 8

*Gilbert v. Eli Lilly Co., Inc.* (D PR 1972) 56 FRD 116, 120, fn. 4.) .................................................. 8

*Kveragas v. Scottish Inns, Inc* 96 F.R.D. 425 (D.C.Tenn., 1983.) .................................................... 9

*Lewis v. Ward*, 852 A.2d 896, 906 (Del. Super. Ct. 2004) ............................................................... 6

*Morgan v. Powe Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005) ................................. 6

*Northland Equities, Inc. v. Gateway Center Corp.*, 441 F.Supp. 259, 264 (E.D.Pa.1977) .............. 9

*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983) ............................................ 8

*Singh v. 7-Eleven, Inc.*, No. C-05-04534, 2007 WL 715488, at *3 (N.D. Cal. Mar. 8, 2007) .......... 4

*Torres-Lopez v. May*, 111 F.3d 633, 638-40 (9th Cir. 1997) ............................................................ 4

*W.F.C. Co., Inc. v. Delta Reinforced Plastic Structures, Inc.*, WL 6591(E.D.Pa., 1989) ................. 8

*Wenzoski v. Citicorp,* 480 F.Supp. 1056, 1062 (N.D.Calif.1979) ..................................................... 8

## OTHER AUTHORITIES

29 U.S.C. § 216(b) .......................................................................................................................... 10

Balotti and Finkelstein, The Delaware Law of Corporations and Business Organizations § 9.7 (Aspen Law & Business 1998) .......................................................................................................... 7

## RULES

Fed. R. Civ. P. 12(e) ......................................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 4

DEFENDANTS MOTION TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT

Case No. 3:07-CV-5696-SI

ii

# MEMORANDUM OF POINTS & AUTHORITIES

## I. THE SCI DEFENDANTS SHOULD BE DISMISSED BECAUSE THE ALLEGATIONS THAT THEY WERE THE PLAINTIFFS' EMPLOYER CONSIST OF LEGAL CONCLUSIONS AND ALLEGE FACTS THAT WERE PREVIOUSLY DETERMINED AS A MATTER OF LAW TO BE DEFICIENT

"On a Rule 12(b)(6) motion to dismiss . . . plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *see also Cumis Ins. Soc'y, Inc. v. Merrick Bank Corp.*, No. CIV 07-374-TUC-CKJ, 2008 WL 215844, at *2 (D. Ariz. Jan. 22, 2008): "In order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege 'enough facts to state a claim to relief that is plausible' . . . [and the] factual allegations it does include 'must be enough to raise a right to relief above the speculative level.'")

Case law interpreting the FLSA is clear that, to be an employer or joint employer, a defendant must have *operational* control over the plaintiffs' work, such as the "power to hire and fire the employees, supervise[] and control[] employee work schedules or conditions of employment, determine[] the rate and method of payment, and maintain[] employment records."(Emphasis added.) (*Singh v. 7-Eleven, Inc.*, No. C-05-04534, 2007 WL 715488, at *3 (N.D. Cal. Mar. 8, 2007) (citing *Torres-Lopez v. May*, 111 F.3d 633, 638-40 (9th Cir. 1997)). As Judge Conti stated in the Penn Action[3], Plaintiffs must claim that the Defendants had "direct involvement in the operations of the [funeral home or mortuary] business . . . with direction and control actually being exercised" vis-à-vis Plaintiffs. (RJN Ex. B, Transcript of September 6, 2007 Hearing ("Sept. 6 Tr.") at 5:14-18.) Plaintiffs must show "some kind of exercise of control, not just the mere power to control, but [that a Defendant] was actually, you know, involved with the

---

[3] As discussed in the accompanying Motion to Dismiss brought by co-defendants Service Corporation International, SCI Eastern Market Support Center, SCI Houston Market Support Center, and Paul Houston, the "Penn Action" refers to a similar class action lawsuit brought by plaintiffs Deborah Prise and Heather Rady in the U.S. District Court for the Western District of Pennsylvania, *Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641.) A copy of the original Complaint in the Penn Action is attached as Exhibit "N" to Defendants' Request for Judicial Notice.

[Plaintiffs]" to the point that they had "substantial control over the terms and conditions of [Plaintiffs'] employment" at the locations where they worked. (*Id.* at 6:4-8, 6:19-23, 11:23-12:2.)

This Court should dismiss all of the FLSA claims against all of the SCI Defendants. Plaintiffs clearly know that they never employed any of the plaintiffs. After all, they have their W-2s (Declaration of Liana Jensen ("Jensen Decl."), Exhibit 1.) which clearly provide the names of the entities who employed them, none of which are named as defendants in this action.

Nonetheless, plaintiffs, in total disregard of their knowledge as to who are their true employers, allege mere legal conclusions that the SCI Entities were the plaintiffs' employer and successors in interest to Alderwoods' alleged liability. (Amended Complaint ¶ 6, 41-49.) However, nowhere in Amended Complaint is it alleged that they *personally* hired or fired the Plaintiffs, supervised and controlled their work schedules or conditions of employment, determined their rate and method of payment, or maintained their employment records.[4]

Moreover, plaintiffs merely re-allege in this action the very same unsupported, conclusory FLSA employer allegations they made in the Penn Action that resulted in SCI's dismissal from that action. Such deficient allegations are nothing more than labels and conclusions, and a formulaic recitation of the elements of a speculative cause of action. They consist of bald allegations that merely parrot the FLSA joint employer test, which the High Court has confirmed legally fails to state a viable claim pursuant to *Bell Atlantic Corp., and Cumis Ins. Soc'y, Inc., supra.*

The "employer" allegations set forth in the Amended Complaint also consist of the same purported factual allegations that the Judge Conti in the Penn Action described as "conclusion after conclusion after conclusion . . . [having] no factual support . . . from which the Court could find any plausible claim." (RJN Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") in the Penn Action at 13:20-14:11.) As the court held, the assertion that the SCI Defendants are "joint employers" is a "disguised legal conclusion, there is no factual support for that. [Plaintiffs'

---

[4] The employer allegations against Paul Houston similarly consist of legal conclusions based upon his job title, position, and authority to "make decisions," be "involved," "advise" and "exercise control" with respect to the employment polices at issue in this action. (*See, e.g.*, Amended Compl. ¶¶ 17-39.) Plaintiffs do not allege he *personally* hired or fired them, supervise and control their work schedules or conditions of employment, determine their rate and method of payment, or maintained their employment records.

DEFENDANTS MOTION TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT    5
Case No. 3:07-CV-5696-SI

complaint contains] [j]ust paragraph after paragraph saying that they exercise control, they do this, they do that. But it is stated as really a very broad-based conclusion. There's no factual underpinning from which the Court could find any plausible claim here." (RJN Exhibit C, Nov. 15 Tr. at 14:5-11.) That court further concluded, "I am not going to permit them at this stage to be named in this lawsuit because I don't see enough facts in here to bring them in. So I am not going to permit the amendment to bring up the additional Defendants [i.e., the SCI affiliate support entities or their officers]. . . ." (*Id.* at 21:12-15.) In fact, not only did the court deny plaintiffs request for leave to amend the Penn Action to include the SCI Defendants, it went on to admonish them saying, "I am going to remind you when you talk about somebody being an employer, you have to talk about somebody hands-on." (*Id.* at 21:25-22:8.)

Plaintiffs, here, as in the Penn Action, failed to plead a non-conclusory, plausible claim that they were employed by anyone other than Alderwoods. For the same reasons stated by the Court in the Penn Action, plaintiffs' FLSA claims in this action against the SCI Defendants fail to state a claim against them and should therefore be dismissed.

## II. THE SCI DEFENDANTS SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE THEY ARE NOT SUCCESSORS-IN-INTEREST TO ALDERWOODS

The SCI Defendants cannot be held liable "as successors-in-interest" to Alderwoods' claimed liability because they admittedly never entered into any merger transaction with Alderwoods. Instead, Alderwoods merged only with the Coronado Acquisition Corporation, a separate and distinct SCI subsidiary. Plaintiffs not only are aware of such facts, but have admitted them in their Amended Complaint. (Amended Complaint ¶¶ 6, 41, 42 43-49.) They also acknowledged in the Penn Action that Alderwoods merged, not with SCI, but with an SCI subsidiary, Coronado Acquisition Corporation ("Coronado"), on or about November 28, 2006. (RJN Exhibit E, Pls.' Mot. for Leave to File Second Amd. Compl. ¶ 9.)

This merger between Alderwoods and Coronado was a standard "triangle" merger, a "common" and "legitimate" form of merger permitted under the law. (*See Lewis v. Ward*, 852 A.2d 896, 906 (Del. Super. Ct. 2004); *see also Morgan v. Powe Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005) (quoting Balotti and Finkelstein, The Delaware Law of Corporations and

Business Organizations § 9.7 (Aspen Law & Business 1998), explaining "A triangle merger permits A, the acquiring company, to acquire control of T, the target company, without A being a constituent corporation, by forming a new subsidiary, (S), into which T is merged.").)

Plaintiffs' claim that the SCI Defendants are liable as a successor-in-interest to Alderwoods' alleged liability based on the merger is contrary to basic corporate law principles. Businesses are permitted to incorporate to limit liability and isolate liabilities among separate entities. (*Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357, 1362.) There is a strong presumption that a parent company is not the employer of its subsidiary's employees, and courts have found otherwise only in extraordinary circumstances. The employee bears a heavy burden to prove that the parent corporation is liable for the acts or omissions of its subsidiaries. (*Id.* at p. 1362.) A parent corporation, except in extraordinary circumstances, is not liable for its subsidiaries' actions. As the United States Supreme Court has noted, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." (*United States v. Bestfoods*, 524 U.S. 51, 61 (1998).) Likewise, "[m]ere ownership of a subsidiary does not justify the imposition of liability on a parent corporation. Such liability only is appropriate 'when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime.'" (*Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378 (W.D. Pa. 2006) (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967).)

Plaintiffs here have not alleged any form of fraud, illegality or injustice that would require any of the Defendants to be a party to this lawsuit. To the contrary, Alderwoods merged with an SCI subsidiary and continues to exist as a corporation, separate and distinct from SCI. As a matter of law, none of the SCI Defendants can be liable as successors-in-interest to Alderwoods. Thus, Plaintiffs erroneous claims against them based upon Alderwoods' alleged liability must be dismissed.

///

///

///

### III. THE AMENDED COMPLAINT'S SUCCESSOR IN INTEREST ALLEGATIONS SHOULD BE STRICKEN

A party may move to strike "any redundant, immaterial, impertinent or scandalous matter." (FRCP 12(f).) "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." (*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983).) "Redundant" has been defined as including allegations that are wholly foreign to the issues involved or the needless repetition of allegations. (*Gilbert v. Eli Lilly Co., Inc.* (D PR 1972) 56 FRD 116, 120, fn. 4.) "Immaterial" means the matter has no bearing on the controversy before the court and "impertinent" has been defined to include allegations that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the action. (*Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F2d 1524, 1527, rev'd on other grounds in *Fogerty v. Fantasy, Inc.* (1994) 510 U.S. 517, 534-535.)

This court should strike paragraphs 6 and 49 alleging that the "SCI Defendants" are successor in interest to Alderwoods' liability alleged in the Amended Complaint as redundant, immaterial, and impertinent. As demonstrated above, none of the SCI Defendants, as a matter of law, has any successor in interest liability based upon Alderwoods merger with Coronado. None of the SCI Defendants merged with Alderwoods. This court should strike such allegations to avoid the expenditure of time and money that arises from litigating such a spurious issue.

### IV. PLAINTIFFS SHOULD BE REQUIRED TO PLED THE SPECIFIC FLSA STATUTES THEY CLAIM THE DEFENDANTS VIOLATED

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (FRCP 12(e).) A motion for a more definite statement is appropriate and should be granted where a pleading fails to allege the specific statutes that the defendants allegedly violated. *W.F.C. Co., Inc. v. Delta Reinforced Plastic Structures, Inc.*, WL 6591(E.D.Pa., 1989); *Crumpacker v. Civiletti*, 90 F.R.D. 326, 330 (N.D.Ind.1981); *Wenzoski v. Citicorp*, 480 F.Supp. 1056, 1062 (N.D.Calif.1979); *Castro v. Paine Webber, Jackson and Curtis*, 99 F.R.D. 655 (D.P.R.1983); *Northland Equities, Inc. v. Gateway Center Corp.*, 441 F.Supp. 259, 264

(E.D.Pa.1977).) In *Kveragas v. Scottish Inns, Inc* 96 F.R.D. 425 (D.C.Tenn., 1983.), the court granted the defendant's motion for more definite statement requiring the plaintiff to plead the specific statutes violated by stating:

> . . . I don't see how defendants can plead to the accusation that they disobeyed "the provisions of the applicable Statute of the State of Tennessee." Defendants are entitled to know what statute they supposedly violated. Defendants can't tell whether plaintiffs are talking about a civil or criminal statute. They don't know if plaintiffs have some statute in mind they are going to argue creates a presumption of liability on defendants' part. If plaintiffs are going to claim defendants are liable under some statutory provision, defendants must surely be told now-not in later discovery-the accusation they are defending against. (*Id.* at p. 426.)

Here, the Amended Complaint does not allege any specific FLSA statute that the defendants allegedly violated. Instead, it merely alleges that "Defendants willfully violated their obligations under the FLSA and are liable to Plaintiffs". (Amended Complaint ¶ 59.) Defendants are entitled to know what statutory sections of the FLSA plaintiffs claimed they violated. Defendants are entitled to be told now and not later in any discovery. Consequently, plaintiffs should be required to plead the specific FLSA statutes that Defendants allegedly violated.

V. **THE AMENDED COMPLAINT'S ALLEGATION THAT THIS IS A NATIONWIDE COLLECTIVE NOTIFICATION ACTION SHOULD BE STRICKEN**

Paragraph II. 4. of the Amended Complaint state "[t]his action is a nationwide collective action notification" filed on behalf of the named plaintiffs and "all employees similarly situated." Plaintiffs admit that they, and the similarly situated employees they represent, consist solely of those current and former Alderwoods employees who missed the court ordered "opt in" deadline set in the nationwide FLSA collective notification action that was filed on their behalf in Penn Action. (Request for Judicial Notice, Exhibit O, Plaintiffs' Case Management Statement, Doc# 16, 3:14-17; Exhibit P, Plaintiffs' Notice of Pendency of Other Actions, Doc #3, 8-11; Exhibit Q, Plaintiffs' Statement In Support of Relating Cases filed in *William Helm et al. v. Alderwoods Group, Inc.* (N.D. Cal. 08-cv-1184 JSW), Doc # 28,4:24-28.)

This court should strike the allegations paragraph II. 4. in the Amended Complaint that

DEFENDANTS MOTION TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT    9
Case No. 3:07-CV-5696-SI

1   states "[t]his action is a nationwide collective action notification." Such an allegation is redundant,
2   immaterial, and impertinent. Plaintiffs improperly seek to create a new FLSA nationwide
3   collective action in order to send an additional section 29 U.S.C. § 216(b) collective action
4   notification to those Alderwoods employees who failed to timely opt in to the Penn Action.[5]
5   Instead of seeking relief from the Penn Court to belatedly "opt in" to the Penn Action, Plaintiffs'
6   counsel filed the instant action as a means to circumvent the orders issued by the Court in the Penn
7   Action.
8   　　It would further be entirely improper to require Alderwoods in this action to send another
9   collective action notification to its employees in addition to the one that was previously sent to
10  them in the Penn Action. Sending such notice again would create extreme confusion as to whether
11  such employees can or should file their opt in notice in this action or the Penn Action. It would
12  reward those employees for untimely filing their opt in notices in the Penn Action. Moreover, it
13  would cause Alderwoods to unjustly incur additional time, effort and money to defend a second
14  collective action, and to suffer manifest prejudice.
15  　　Based on the foregoing, this Court should strike II. 4. of the Amended Complaint requiring
16  a nationwide collective action notification.
17  　　**VI.　CONCLUSION**
18  　　For all of the forgoing reasons, as well as those set forth in the Motion to Dismiss
19  concurrently filed by SCI, SCI Eastern Market Support Center, L.P., SCI Houston Market Support
20  Center, L.P, and Paul A. Houston, this court should dismiss the Moving Defendants from this
21  action, strike the allegations that this action is a "nationwide collective action notification" and that
22  ///
23  ///
24  ///
25  ///
26  ///
27
28  _____
    [5] Plaintiffs' failure to timely "opt in" to the Penn action requires them to file their own separate individual action, not a new nationwide collective action.

DEFENDANTS MOTION TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT　　　10
Case No. 3:07-CV-5696-SI

the "SCI Defendants" have successor in interest liability, and require plaintiffs to plead the specific FLSA statutes that allegedly have been violated.

Dated: March 27, 2008.                GURNEE & DANIELS LLP

                                      By _____
                                      STEVEN H. GURNEE, ESQ.
                                      DAVID M. DANIELS, ESQ.
                                      NICHOLAS P. FORESTIERE, ESQ.
                                      Attorneys for Defendants
                                      ALDERWOODS GROUP, INC., SCI
                                      FUNERAL AND CEMETERY
                                      PURCHASING COOPERATIVE, INC.,
                                      SCI WESTERN MARKET SUPPORT
                                      CENTER, L.P. a/k/a SCI WESTERN
                                      MARKET SUPPORT CENTER, L.P.