**EXHIBIT O**

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7  Attorneys for Plaintiffs

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO/OAKLAND DIVISION

11 CLAUDE BRYANT, CRAIG FULCHER,          ) Case No. CV 07-5696
   SANFORD LEVINE and THOMAS             )
12 THOMPSON, on behalf of themselves and all ) **PLAINTIFFS' CASE MANAGEMENT**
13 other employees and former employees similarly ) **STATEMENT**
   situated,                            )
14                                       )
              Plaintiffs,                )
15                                       )
   v.                                    )
16                                       )
   ALDERWOODS GROUP, INC., SERVICE      )
17 CORPORATION INTERNATIONAL, SCI        )
   FUNERAL AND CEMETERY PURCHASING      )
18 COOPERATIVE, INC., SCI EASTERN        )
   MARKET SUPPORT CENTER, L.P., SCI      )
19 WESTERN MARKET SUPPORT CENTER, L.P. )
   a/k/a SCI WESTERN MARKET SUPPORT      )
20 CENTER, INC., SCI HOUSTON MARKET      )
   SUPPORT CENTER, L.P., JANE D. JONES,  )
21 GWEN PETTEWAY, THOMAS RYAN, PAUL     )
   A. HOUSTON and CURTIS BRIGGS,         )
22                                       )
23              Defendants.              )
                                         )
24                                       )

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Additional Attorneys for Plaintiffs, who will submit
applications for admission *pro hac vice*:

Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
psolomon@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

1      Plaintiffs submit this case management statement in lieu of the joint case management

2  statement because Defendants have not yet been served. The deadline for service of the

3  Complaint under the Federal Rules of Civil Procedure is March 10, 2008. Plaintiffs may also file

4  an Amended Complaint prior to the Complaint being served. Plaintiffs are prepared to attend the

5  Case Management Conference. However, Plaintiffs are also amenable to a continuance of the

6  Case Management Conference until all parties have been served.

7      Plaintiffs expect that this statement will be amended, or a joint statement will be submitted,

8  after issue has been joined in this case.

9      **1.**    **Jurisdiction and Service**

10      This Court has subject matter jurisdiction over plaintiffs' claims because they arise out of

11  violations of the Fair Labor Standards Act and therefore present a federal question. Defendants

12  have not yet been served, and Plaintiffs intend to serve the Complaint by March 10, 2008.

13  Plaintiffs may also file an Amended Complaint prior to the Complaint being served.

14      **2.**    **Facts**

15      Plaintiffs Claude Bryant, et al., on behalf of themselves and other employees similarly

16  situated ("Plaintiffs") were employed by Defendants. Plaintiffs allege that, while they were

17  employed by Defendants, Defendants failed to pay Plaintiffs overtime wages for overtime hours

18  worked and failed to provide accurate wage statements.

19      The Complaint sets out Plaintiffs' claims pursuant to the FLSA concerning maintenance of

20  records. Plaintiffs seek to represent a proposed class of current and former employees of

21  Defendants who were employed by Defendants and subject to Defendants' improper pay policies.

22      **3.**    **Legal Issues**

23      The legal issues in this case concern whether the Defendants violated the FLSA, 29 U.S.C.

24  § 201 *et seq.* by failing to pay employees for overtime hours pursuant to various policies

25  maintained by Defendants. For example, Defendants required plaintiffs to perform work, such as

26  on-call work, community work, training and other work, without pay. The legal issues also

27  include whether the Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.* by failing to maintain

28

PLAINTIFFS' CASE MANAGEMENT STATEMENT - Case No. CV 07-5696

1   proper records that adequately and accurately reflect hours worked each day and each week, and

2   overtime compensation.

3       **4.    Motions**

4       Currently, there are no pending motions.  Plaintiffs will likely submit a motion seeking to

5   send court-authorized notice to similarly situated employees.  As the case moves forward, there

6   may be motions related to discovery, summary judgment motions, and motions on the pleadings.

7       **5.    Amendment of Pleadings**

8       Plaintiffs may amend their Complaint prior to service.  However plaintiffs propose that the

9   deadline to amend pleadings after service be set at a date after the close of discovery.

10

11      **6.    Evidence Preservation**

12      This issue is more properly directed to Defendants who likely have records concerning the

13  issues in this case, such as the time worked by their employees and how much they were paid.

14      **7.    Disclosures**

15      As the defendants have not yet been served, initial disclosures have not yet been made.

16      **8.    Discovery**

17      To date, no discovery has been completed in this case.  Plaintiffs propose that discovery

18  commence after plaintiffs' motion for conditional certification of the FLSA claims. Plaintiffs

19  propose that the date by which plaintiffs are to submit their motion for conditional certification be

20  set as May 5, 2008. After such motion is determined, plaintiffs proposed that a conference be held

21  with the Court to develop a schedule for discovery.

22      **9.    Class Actions**

23      This case is a collective action under the FLSA.  Pursuant to 29 U.S.C. § 216(b), other

24  employees may opt into this action.  Plaintiffs suggest that the deadline for their motion for

25  conditional certification of a collective action be set as May 5, 2008.

26

27      //

28

1

2      **10.   Related Cases**

3          Two cases arising out of employment practices of these defendants are currently being

4  litigated in the Superior Court of the State of California, County of Alameda. These are Bryant, et

5  al. v. Service Corporation, et al. (Case No. RG 07359593) and Helm, et al. v. Alderwoods Group,

6  Inc., et al (Case No. RG 07359602). However, those cases present only state law claims, and the

7  FLSA claims of the Plaintiffs in the instant case are not being litigated in those cases or in any

8  other court. Plaintiffs split their state and federal law claims based on a ruling by the Western

9  District of Pennsylvania in a similar case in which the federal court declined to exercise

10 supplemental jurisdiction over the state law claims.

11         As disclosed in Plaintiffs' Notice of Pendency of Other Actions, filed November 8, 2007,

12 at the time this case was filed, there were two actions pending in federal courts which involved a

13 material part of the same subject matter as the instant action, in that all of these proceedings

14 related to the defendants' polices and practices regarding their employees' overtime pay. The first

15 action, Prise, et al. v. Alderwoods Group, Inc., et al. (W.D.Pa. 06-cv-1641)("Prise I"), is a

16 collective action under the Fair Labor Standards Act brought by defendants' current and former

17 employees. None of the Plaintiffs in the instant action are parties to the Prise I litigation and

18 because the opt-in period in that case has passed for most of the Plaintiffs in the instant action,

19 they are not eligible to participate in the Prise I action . The second action, Prise v. Alderwoods

20 Group, Inc., et al., (N.D.Cal. 07-cv-5140)("Prise II") was a class action brought by current and

21 former employees for violation of various states' wage and hour laws, as well as for violations of

22 state common laws.  That case was voluntarily dismissed without prejudice on December 5, 2007.

23 None of the Plaintiffs in the instant action were named plaintiffs in the Prise II action.

24     **11.   Relief**

25         Plaintiffs seek to recover all overtime compensation denied them because of Defendants'

26 policies. In addition, Plaintiffs seek liquidated damages in an equal amount. Further, Plaintiffs

27 are entitled to attorneys' fees and costs. Plaintiffs will also seek any other damages to which they

28 are entitled under federal or state law. It is premature to estimate the total amount of damages.

12.    **Settlement and ADR**

At the present time, given that Defendants have not yet been served, no settlement discussions have occurred. Most likely, the appropriate time for the parties to engage in settlement discussions would be after a decision has been rendered on plaintiffs' Motion for Conditional Certification.

13.    **Consent to Magistrate Judge Jurisdiction**

Because defendants have not yet been served, the parties have not discussed whether they will consent to magistrate judge jurisdiction.

14.    **Other References**

Plaintiffs do not believe the case is suitable for reference to binding arbitration, a special master or multidistrict litigation.

15.    **Narrowing of Issues**

Because defendants have not yet been served, the parties have not discussed whether the issues can be narrowed y agreement or by motion or how to expedite the presentation of evidence at trial.

16.    **Expedited Schedule**

Plaintiffs do not believe this case can be handled on an expedited basis, except their motion for conditional certification should be given expedited consideration due to statute of limitations issues.

17.    **Scheduling**

Plaintiffs propose that deadlines for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial be set after a decision is rendered on their motion for conditional certification.

18.    **Trial**

Plaintiffs have demanded a jury trial. Plaintiffs believe the trial may last up to one month.

19.    **Disclosure of Non-party Interested Entities or Persons**

Other than the parties, including the putative class members, plaintiffs are not aware of any other person, firm, partnership or corporation with a financial interest in the subject matter in

4

1    controversy or in a party to the proceeding or any other kind of interest that could be substantially

2    affected by the outcome of this proceeding.

3                                            Respectfully Submitted,

4

5                                            ROSEN, BIEN & GALVAN, LLP

6    Date: February 12, 2008

7                                            By: _/s/ Lori Rifkin_____
                                             Sanford Jay Rosen, State Bar No. 62566
                                             Maria V. Morris, State Bar No. 223903
8                                            Lori E. Rifkin, State Bar No. 244081
                                             315 Montgomery Street, Tenth Floor
9                                            San Francisco, CA 94104
                                             Telephone: (415) 433-6830
10

11                                           DOLIN, THOMAS & SOLOMON LLP
                                             Patrick J. Solomon, NY Attorney No. 2716660
                                             Annette Gifford, NY Attorney No. 4105870
12                                           693 East Avenue
                                             Rochester, NY 14607
13                                           Telephone: (585) 272-0540

14                                           MARGOLIS EDELSTEIN
                                             Charles H. Saul, PA State Bar No.19938
15                                           Liberty J. Weyandt, PA State Bar No. 87654
                                             525 William Penn Place, Suite 3300
16                                           Pittsburgh, PA 15219
                                             Telephone: (412) 281-4256
17                                           Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

                                            5

**EXHIBIT P**

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  Attorneys for Plaintiffs

7  [Additional Counsel Listed on Following Page]

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11            SAN FRANCISCO/OAKLAND DIVISION

12  CLAUDE BRYANT, CRAIG FULCHER,          Case No.    CV 07    5696
    SANFORD LEVINE and THOMAS
13  THOMPSON,                               NOTICE OF PENDENCY
    on behalf of themselves                 OF OTHER ACTIONS
14  and all employees similarly situated,   Local Rule 3-13

15          Plaintiffs,

16                  - vs -

17  ALDERWOODS GROUP, INC., SERVICE
    CORPORATION INTERNATIONAL, SCI
18  FUNERAL AND CEMETERY PURCHASING
    COOPERATIVE, INC., SCI EASTERN
19  MARKET SUPPORT CENTER, L.P., SCI
    WESTERN MARKET SUPPORT CENTER,
20  L.P. a/k/a SCI WESTERN MARKET
    SUPPORT CENTER, INC., SCI HOUSTON
21  MARKET SUPPORT CENTER, L.P., JANE D.
    JONES, GWEN PETTEWAY, THOMAS
22  RYAN, PAUL A. HOUSTON and CURTIS
    BRIGGS,
23
            Defendants.
24

25

26

27

28

1  Additional Attorneys for Plaintiffs, who will
   submit applications for admission *pro hac vice*:
2
   Patrick J. Solomon, NY Attorney No. 2716660
3  Annette Gifford, NY Attorney No. 4105870
   DOLIN, THOMAS & SOLOMON LLP
4  693 East Avenue
   Rochester, NY 14607
5  Telephone: (585) 272-0540
   Facsimile: (585) 272-0574
6  psolomon@theemploymentattorneys.com

7  Charles H. Saul, PA State Bar No.19938
   Liberty J. Weyandt, PA State Bar No. 87654
8  MARGOLIS EDELSTEIN
   525 William Penn Place
9  Suite 3300
   Pittsburgh, PA 15219
10 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
11 csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>NOTICE OF PENDENCY OF OTHER ACTIONS</u>

1

2          Pursuant to Local Rule 3-13, Plaintiffs hereby notify this Court of two actions currently

3    pending in federal courts which involve a material part of the same subject matter as the instant

4    action, in that all of these proceedings relate to the defendant's policies and practices regarding

5    their employees' overtime pay.

6          The first action, Prise v. Alderwoods Group, Inc. et al., 07-cv-1641 (W.D.P.A., filed

7    December 8, 2006) ("Prise I"), is a collective action under the Fair Labor Standards Act

8    brought by defendants' current and former employees. None of the plaintiffs in the instant

9    action are parties to the Prise I litigation. In fact, by order of the Prise I court, the opt-in period

10   in that case has passed for most of the plaintiffs in the instant action, and therefore most of the

11   plaintiffs in this action are not eligible to participate in the Prise I action.

12         The second action, Prise v. Alderwoods Group, Inc. et al., 07-cv-5140 (N.D. Cal., filed

13   October 5, 2007) ("Prise II"), is a class action brought by current and former employees for

14   violations of various states' wage and hour laws, as well as for violations of state common

15   laws. The claims in Prise II were initially asserted in the Prise I action but, at the defendants'

16   request, the Prise I court declined to exercise supplemental jurisdiction over these claims.

17   Prise II was then filed in state court and was subsequently removed to federal court by the

18   defendants. Neither of the federal law claims asserted in the instant action are at issue in Prise

19   II, which involves only state law claims that have been removed to federal court. None of the

20   plaintiffs in the instant action are currently named plaintiffs in Prise II although, in the event

21   that a class is certified in Prise II, some of the plaintiffs in the instant action may also become

22   class members in that action.

23         Transfer should not be effected pursuant to 28 U.S.C. § 1407 because the common

24   questions of fact between the instant case and Prise I, the federal case in Pennsylvania, are not

25   sufficiently complex to warrant transfer. Furthermore, the accompanying discovery is not so

26   time consuming that transfer would serve the convenience of parties and witnesses or promote

27   just and efficient conduct of the litigation. Additionally, defendants previously argued that the

28

1  state law claims raised in Prise II are inherently incomparable with the federal law claims

2  raised in Prise I and in the instant action.

3                                              Respectfully Submitted,

4                                              ROSEN, BIEN & GALVAN, LLP

5

6     Date: November 8, 2007               By: _____

7                                              Sanford Jay Rosen, State Bar No. 62566
                                               Maria V. Morris, State Bar No. 223903
8                                              Lori E. Rifkin, State Bar No. 244081
                                               315 Montgomery Street, Tenth Floor
9                                              San Francisco, CA 94104
                                               Telephone: (415) 433-6830
10

11                                             DOLIN, THOMAS & SOLOMON LLP
                                               Patrick J. Solomon, NY Attorney No. 2716660
                                               Annette Gifford, NY Attorney No. 4105870
12                                             693 East Avenue
                                               Rochester, NY 14607
13                                             Telephone: (585) 272-0540

14                                             MARGOLIS EDELSTEIN
                                               Charles H. Saul, PA State Bar No.19938
15                                             Liberty J. Weyandt, PA State Bar No. 87654
                                               525 William Penn Place, Suite 3300
16                                             Pittsburgh, PA 15219
                                               Telephone: (412) 281-4256
17
                                               Attorneys for Plaintiffs
18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT Q**

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7
   Attorneys for Plaintiffs
8
                UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
              SAN FRANCISCO/OAKLAND DIVISION
11

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated, | Case No. CV 08-1184 JSW |
| Plaintiffs, | **PLAINTIFFS' STATEMENT IN SUPPORT OF RELATING CASES** |
| v. | |
| ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P., | |
| Defendants. | |

                              -1-

1  Additional Attorneys for Plaintiffs, who will
   submit applications for admission *pro hac vice*:
2
3  J. Nelson Thomas, NY Attorney No. 2579159
   Patrick J. Solomon, NY Attorney No. 2716660
4  Michael J. Lingle, NY Attorney No. 3925765
   Annette Gifford, NY Attorney No. 4105870
5  Justin Cordello, NY Attorney No. 4131447
   DOLIN, THOMAS & SOLOMON LLP
6  693 East Avenue
   Rochester, NY 14607
7  Telephone: (585) 272-0540
   Facsimile:  (585) 272-0574
8  nthomas@theemploymentattorneys.com

9  Charles H. Saul, PA State Bar No.19938
   Liberty J. Weyandt, PA State Bar No. 87654
10 Kyle T. McGee, PA State Bar No. 205661
   MARGOLIS EDELSTEIN
11 525 William Penn Place
   Suite 3300
12 Pittsburgh, PA 15219
   Telephone: (412) 281-4256
13 Facsimile: (412) 642-2380
   csaul@margolisedelstein.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## STATEMENT IN SUPPORT OF RELATING CASES

1

Plaintiffs submit this Statement in Support of Relating Cases in response to Judge Jeffrey S. White's *sua sponte* Judicial Referral for Purposes of Determining Relationship of Cases (*see* Case No. 08-1184, Docket No. 26). Plaintiffs respectfully submit that, in light of the prior decision relating two other actions currently pending in the District Court for the Northern District of California—*Bryant v. Alderwoods Group, Inc.*, Case No. 07-5696 ("*Bryant I*") and *Bryant v. Service Corporation International*, Case No. 08-1190 ("*Bryant II*")—the instant action ("*Helm*") should be related to those other actions.

Plaintiffs initially filed the claims asserted in *Helm*, *Bryant I* and *Bryant II* together with other claims in an action in the District Court for the Western District of Pennsylvania captioned *Prise v. Alderwoods Group, Inc.*, Case No. 06-1641 ("*Prise*"). All of the claims in each of these actions are based upon the allegation that employees who worked at defendants' funeral home locations were not properly paid their regular or statutorily required rates for all the time they worked for defendants.

At defendants' request, however, the *Prise* Court determined that certain claims would not be heard together in that action. Based upon the *Prise* Court's rulings, as well as defendants' position which resulted in those rulings, plaintiffs refiled certain claims separately in the *Helm*, *Bryant I* and *Bryant II* actions.

However, consistent with plaintiffs' initial filing and in light of the prior determination that *Bryant I* and *Bryant II* are related, plaintiffs submit that the *Helm* action should also be related.

## PROCEDURAL HISTORY

### *Plaintiffs File All Claims Together in the Western District of Pennsylvania*

On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), both named defendants in this action, were named in the *Prise* complaint filed in the Western District of Pennsylvania. Prior to the filing of *Prise*, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned

1   subsidiary.  After the merger, SCI continued to operate the vast majority of both its own

2   funeral homes and those of Alderwoods.

3       The *Prise* complaint was filed as a class and collective action alleging, *inter alia*,

4   that employees who worked at defendants' funeral home locations were not properly paid

5   for all the time they worked for defendants.  It asserted violations of both the Fair Labor

6   Standards Act ("FLSA") and state wage and hour laws.  The *Prise* Court conditionally

7   certified an FLSA class of employees and directed that notice be sent to certain individuals

8   who worked or had worked at an Alderwoods location.  In response to that notice,

9   hundreds of current and former employees opted-in to the *Prise* action, including

10  employees who had worked only at Alderwoods locations, before and/or after SCI's

11  acquisition ("Alderwoods employees"), and employees who had worked at other SCI

12  locations unrelated to Alderwoods ("SCI employees").

13      Both Alderwoods and SCI employed a set of practices or policies whereby

14  employees were not paid their regular or statutorily required rate for all hours worked.

15  Thus, because of the overlapping legal liability of defendants, as well as the overlapping

16  factual issues in the matter, plaintiffs believed it was legally appropriate and in the

17  interests of judicial efficiency for defendants to be named in a common action and for all

18  of the employees' claims to be brought together.

19

20  **Defendants Move to Have Certain Claims Heard Separately**

21      Based on defendants' requests in their motions, the *Prise* Court determined that

22  certain claims would not be heard together in the *Prise* action.  Following these rulings,

23  plaintiffs refiled those claims in the *Bryant I*, *Helm* and *Bryant II* actions.

24      As an initial matter, in granting plaintiffs' motion for notice the *Prise* Court also

25  provided a deadline by which individuals who wished to join that action must opt-in.

26  Employees who asked to assert claims against defendants but could not join the *Prise*

27  action because of the deadline were joined together with certain other individuals in the

28  *Bryant I* action.

-4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In June, 2007, the *Prise* Court declined to exercise supplemental jurisdiction over any of the state law claims alleged in the *Prise* action. Therefore, on or about July 9, 2007, the Alderwoods employees and the SCI employees jointly reasserted their state law claims in a Class Action Complaint filed in the Superior Court of the State of California for the County of Alameda. Defendants removed that action to federal District Court for the Northern District of California as *Prise v. Alderwoods Group, Inc.*, 07-05140 (the "Combined State Law Action").

Subsequently, the *Prise* Court determined it would only hear claims on behalf of Alderwoods employees, and that claims of employees who had worked only at other SCI locations should be heard in a separate action. Based on that ruling, the federal claims of those SCI employees were refiled in a separate action in the District of Arizona.

Based upon defendants' position that resulted in that ruling, the Combined State Law Action was voluntarily dismissed so that the state law claims of the Alderwoods employees could be heard separately from those of the SCI employees—just as the *Prise* Court had ruled that their federal claims would be filed separately. Those state law claims were refiled by the Alderwoods employees in *Helm*, while the SCI employees filed their state law claims in *Bryant II*. Both *Helm* and *Bryant II* were initially filed in state court and removed to federal district court by defendants.

Thus, three actions are now pending in the Northern District of California: *Bryant I*, which asserts FLSA claims on behalf of Alderwoods employees who were unable to join the *Prise* action; *Helm*, which asserts the state law claims of Alderwoods employees; and *Bryant II*, which asserts the state law claims of SCI employees. On March 11, 2008, the Court ruled that the *Bryant I* and *Bryant II* actions are related. *See Bryant II*, Case No. 08-1190, Docket No. 27. On March 13, 2008, the *Helm* matter was referred for determination as to whether it, too, should be related to the *Bryant* actions. *See Helm*, Case No. 08-1184, Docket No. 26.

1    ***HELM* SHOULD BE RELATED TO THE OTHER ACTIONS**

2    As discussed above, plaintiffs initially filed all of the claims at issue in a single

3    action because plaintiffs believed that the overlapping legal liability of defendants, as well

4    as the overlapping factual issues in the matter, rendered it legally appropriate and in the

5    interests of judicial efficiency for these claims to be brought together.  The claims were

6    filed in separate actions only in response to defendants' arguments and positions.

7    There is significant overlap in the parties to these actions.  Although some of the

8    plaintiffs may be neatly defined as either Alderwoods employees or SCI employees, other

9    plaintiffs fall into both categories.  Moreover, with the exception of Alderwoods, which is

10    not named in *Bryant II*, there is complete overlap in the corporate defendants in these

11    actions, although individual defendants vary somewhat.  Finally, there is significant factual

12    overlap in these cases, which involve similar or identical policies and practices.

13    Most importantly, the ruling relating the *Bryant I* and *Bryant II* actions weighs in

14    favor of relating the *Helm* action.  The plaintiffs in the *Helm* action include the plaintiffs in

15    the *Bryant I* action (and may, to a lesser extent, overlap with the plaintiffs in *Bryant II*).

16    The state law claims at issue in *Helm* are nearly identical to those at issue in *Bryant II*.

17    Thus, plaintiffs submit that, in light of the determination that *Bryant I* and *Bryant II*

18    are related, *Helm* should also be related in the interest of judicial efficiency.

19

20                                              Respectfully Submitted,
21                                              ROSEN, BIEN & GALVAN, LLP

22

23    Date: March 17, 2008                      By:*/s/ Lori Rifkin*
24                                              Sanford Jay Rosen, State Bar No. 62566
25                                              Maria V. Morris, State Bar No. 223903
                                                Lori E. Rifkin, State Bar No. 244081
26                                              315 Montgomery Street, Tenth Floor
27                                              San Francisco, CA 94104
                                                Telephone: (415) 433-6830
28

-6-

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW