1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB # 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile     (916) 797-3131
5
   Attorneys for Defendants
6  SERVICE CORPORATION
   INTERNATIONAL, SCI EASTERN MARKET
7  SUPPORT CENTER, L.P.'S, SCI HOUSTON
   MARKET SUPPORT CENTER, L.P, AND
8  PAUL A. HOUSTON
9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 (SAN FRANCISCO DIVISION)

13

14  CLAUDE BRYANT, CRAIG FULCHER,      )  No.  **3:07-CV-5696-SI**
    SANFORD LEVINE and THOMAS          )
15  THOMPSON et al., on behalf of themselves )  **DEFENDANTS SERVICE**
    and all other employees similarly situated, )  **CORPORATION INTERNATIONAL'S,**
16                                     )  **SCI EASTERN MARKET SUPPORT**
                                       )  **CENTER, L.P.'S, SCI HOUSTON**
17           Plaintiffs,               )  **MARKET SUPPORT CENTER, L.P'S**
        vs.                            )  **AND PAUL A. HOUSTON'S NOTICE OF**
18                                     )  **MOTION AND MOTION TO DISMISS**
    ALDERWOODS GROUP, INC., PAUL A.    )  **AMENDED COMPLAINT PURSUANT**
19  HOUSTON, SERVICE CORPORATION       )  **TO FRCP 12(b)(2) (LACK OF *IN***
    INTERNATIONAL, SCI FUNERAL AND     )  ***PERSONAM* JURISDICTION) OR,**
20  CEMETERY PURCHASING                )  **ALTERNATIVELY, FRCP 12(b)(6)**
    COOPERATIVE, INC., SCI EASTERN     )  **(FAILURE TO STATE A CLAIM UPON**
21  MARKET SUPPORT CENTER, L.P. SCI    )  **WHICH RELIEF CAN BE GRANTED)**
    WESTERN MARKET SUPPORT CENTER,     )
22  L.P. a/k/a SCI WESTERN MARKET      )  Date:   May 9, 2008
    SUPPORT CENTER, INC., SCI HOUSTON  )  Time:   9:00   a.m.
23  MARKET SUPPORT CENTER, L.P., and   )  Dept:   10
24  JOHN DOES 1-3, et al.              )
                                       )  AMENDED COMPLAINT FILED 3/5/2008
25                                     )  TRIAL DATE: NONE
           Defendants.                 )
26  _____   )

27

28

**DEFENDANTS' NOTICE OF MOTION TO DISMISS**                            1
Case No.: **3:07-CV-5696-SI**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 9, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Susan Illston in Department 10 of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Paul A. Houston ("Houston"), Service Corporation International ("SCI"), SCI Eastern Market Support Center, L.P. ("Eastern Market Support"), and SCI Houston Market Support Center, L.P. ("Houston Market Support") (hereinafter collectively referred to as the "Moving Defendants") will move the Court for an order to dismiss them from the Amended Complaint based on lack of *in personam* jurisdiction over the Moving Defendants (FRCP 12(b)(2).)    Alternatively, the Moving Defendants will move for dismissal based on Plaintiffs' failure to state a claim upon which relief can be granted (FRCP 12(b)(6).)  They further join Alderwood Group, Inc.'s ("Alderwoods"), SCI Funeral and Cemetery Purchasing Cooperative, Inc.'s ("COOP"), and SCI Western Market Support Center, L.P.'s ("Western Market Support") motions to dismiss, to strike, and for a more definitive statement, filed concurrently herewith.

Pursuant to FRCP (12)(b)(2), this Court should dismiss each of the Moving Defendants because there exists no *in personam* jurisdiction over them in this State.  Alternatively, they should be dismissed pursuant to FRCP (12)(b)(6), because as a matter of law, they were never the plaintiffs' employer and they were never a successor-in-interest to Alderwoods.   Further, as demonstrated in the motions to dismiss and strike concurrently filed by Alderwoods, COOP, and Western Market Support, the Amended Complaint's allegations that they were the plaintiffs' employer were previously determined by another court to solely consist of factually devoid legal conclusions that were legally deficient.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declarations of Gwen Petteway, Janet Key, Robert Pisano, Liana Jensen, Paul Houston, and Steven H. Gurnee, the accompanying Request for Judicial Notice, and the pleadings, records and files in this action, and those of the two other related actions of *Helm, et al. v. Alderwoods Group, Inc. et al.,* Case No. 08-1184 *("Helm")* and *Bryant, et al. v. Service Corporation International, et al.* Case No. 08-1190 ("*Bryant II*") that have been assigned

1  to this court, and upon such other and further evidence and argument as may be presented at the

2  time of the hearing.

3  Dated:   March 27, 2008                    GURNEE & DANIELS LLP

4

5                                            By _____

6                                               STEVEN H. GURNEE, ESQ.
                                               NICHOLAS P. FORESTIERE, ESQ.
7                                               DAVID M. DANIELS, ESQ.
                                               Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF MOTION TO DISMISS**                                    3
Case No.:  **3:07-CV-5696-SI**

1  STEVEN H. GURNEE, ESQ. SB# 66056
2  DAVID M. DANIELS. SB# 170315
   NICHOLAS P. FORESTIERE, ESQ. SB # 125118
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile      (916) 797-3131
5
   Attorneys for Defendants
6  SERVICE CORPORATION
   INTERNATIONAL, SCI EASTERN MARKET
7  SUPPORT CENTER, L.P.'S, SCI HOUSTON
   MARKET SUPPORT CENTER, L.P, AND
8  PAUL A. HOUSTON
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                (SAN FRANCISCO DIVISION)

13

14  CLAUDE BRYANT, CRAIG FULCHER,      )  No.  **3:07-CV-5696-SI**
    SANFORD LEVINE and THOMAS          )
15  THOMPSON et al., on behalf of themselves )  **DEFENDANTS SERVICE**
    and all other employees similarly situated, )  **CORPORATION INTERNATIONAL'S,**
16                                     )  **SCI EASTERN MARKET SUPPORT**
                                       )  **CENTER, L.P.'S, SCI HOUSTON**
17            Plaintiffs,              )  **MARKET SUPPORT CENTER, L.P'S**
         vs.                           )  **AND PAUL A. HOUSTON'S**
18                                     )  **MEMORANDUM OF POINTS AND**
    ALDERWOODS GROUP, INC., PAUL A.    )  **AUTHORITIES IN SUPPORT OF**
19  HOUSTON, SERVICE CORPORATION       )  **MOTION TO DISMISS AMENDED**
    INTERNATIONAL, SCI FUNERAL AND     )  **COMPLAINT PURSUANT TO FRCP**
20  CEMETERY PURCHASING                )  **12(b)(2) (LACK OF *IN PERSONAM***
    COOPERATIVE, INC., SCI EASTERN     )  **JURISDICTION) OR,**
21  MARKET SUPPORT CENTER, L.P. SCI    )  **ALTERNATIVELY, FRCP 12(b)(6)**
    WESTERN MARKET SUPPORT CENTER,     )  **(FAILURE TO STATE A CLAIM UPON**
22  L.P. a/k/a SCI WESTERN MARKET      )  **WHICH RELIEF CAN BE GRANTED)**
    SUPPORT CENTER, INC., SCI HOUSTON  )
23  MARKET SUPPORT CENTER, L.P., and   )
    JOHN DOES 1-3, et al.              )  Date:   May 9, 2008
24                                     )  Time:   9:00   a.m.
                                       )  Dept:   10
25            Defendants.              )
26  _____ )  AMENDED COMPLAINT FILED 3/5/2008
                                            TRIAL DATE: NONE
27

28

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT...................................................................................... 1

II.   SUMMARY OF PENDING ACTION......................................................................... 1

III.  BACKGROUND........................................................................................................ 2

A.    The Defendants......................................................................................................... 2

    1.    Service Corporation International ........................................................................ 2

    2.    SCI Support Entities ........................................................................................... 3

    3.    Alderwoods Group, Inc. and Paul A. Houston ................................................... 4

B.    The Penn Action ....................................................................................................... 4

C.    Plaintiffs' Counsel's Other Litigation Against SCI.................................................. 5

IV.   THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO ALL OF THE
      MOVING DEFENDANTS PURSUANT TO FRCP 12(B)(2) BECAUSE THERE IS A
      COMPLETE LACK OF PERSONAL JURISDICTION OVER ANY OF THEM.................... 7

A.    Plaintiffs Cannot Meet Their Burden Of Establishing General Or Specific Jurisdiction
      Over Any Of The Moving Defendants ...................................................................... 7

B.    The Moving Defendants Lack The Minimum Contacts With This State Necessary To
      Confer General Jurisdiction...................................................................................... 9

C.    Plaintiffs Likewise Cannot Establish Specific Jurisdiction Over The Moving
      Defendants................................................................................................................ 10

V.    SCI SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6) BECAUSE IT HAS
      BEEN FOUND TO BE MERELY A HOLDING COMPANY THAT DOES NOT
      HAVE ANY EMPLOYEES, DID NOT EMPLOY ANY OF THE PLAINTIFFS, AND
      IS NOT LIABLE FOR ANY OF ITS SUBSIDIARIES' EMPLOYEES .................................. 12

VI.   CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

CASES

*Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-11 (N.D. Ill. March 24, 2006) .................................................................................................. 12

*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851, fn.3 (9th Cir. 1993) ..................... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985) ....................................................... 8

*Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987) ........................... 10

*Cubbage v. Merchent,* 744 F.2d 665, 667-68 (9th Cir.1984) ............................................................... 9

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997 ................................................ 8

*Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) ............. 9

*Fields v. Sedgwick Assoc. Risks Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) ........................................ 8

*Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357,1362 ..................................................... 12

*Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984) ................................................ 9

*Harrison v. Denckla*, 357 U.S. 235, 253 (1953) ................................................................................ 8

*Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415-416 (1984) ........................ 8

*Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005) ........................................................................................................... 12

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) .................................................... 8

*Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987) ......................................................................... 10

*Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006) ............................. 12

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) ............................ 8

*Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990) ................................................. 9

*United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ......................................................................... 12

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ............................................. 8

*Zubik v. Zubik,* 384 F.2d 267, 272 (3d Cir. 1967) ........................................................................... 12

**STATUTES**

California Business and Professions Code § 17200 ........................................................................... 7

Government Code § 12928 ................................................................................................................... 3

**OTHER AUTHORITIES**

29 U.S.C. § 216(b) ................................................................................................................. 1

**RULES**

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 1, 8

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Fed. R. Civ. P. 4(k)(1)(A) ..................................................................................................... 8

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    SUMMARY OF ARGUMENT

Plaintiffs' personal jurisdiction and substantive claims against the Moving Defendants border on the frivolous and cannot withstand scrutiny under either Fed. R. Civ. P. 12(b)(2) or 12(b)(6). No *in personam* jurisdiction exists over any of the Moving Defendants, and they should clearly be dismissed from this action. In addition, the plaintiffs' Amended Complaint fails to state any claims against Moving Defendants upon which relief can be granted because as a matter of law they were never the plaintiffs' employers. The allegations that Moving Defendants were their employers are legally deficient consisting of the same legal conclusions devoid of any facts that the Court in the Penn Action previously ruled were insufficient as a matter of law.[1]

### II.    SUMMARY OF PENDING ACTION

This action is one of a series of lawsuits brought by Plaintiffs' counsel that arise out of the alleged failure to pay wages and provide accurate wage statements to certain current and former employees of Alderwoods Group, Inc. ("Alderwoods") as required by the FLSA. (Amended Compl., Doc #21, ¶¶ 5.) SCI , Eastern Market Support, Houston Market Support, SCI Funeral and Cemetery Purchasing Cooperative, Inc., And SCI Western Market Support Center, L.P., a/k/a SCI Western Market Support Center, Inc. (i.e., SCI's "affiliates"), and Paul A. Houston ("Houston") are all named in this action *solely* upon their allegedly being the plaintiffs' direct employer or "successors-in-interest" to Alderwoods. (Amended Compl., Doc #21, ¶ 6.) The action seeks a "nationwide collective action notification" pursuant to "29 U.S.C. § 216(b)" on behalf of the named plaintiffs "and all other employees similarly situated". (Amended Compl., Doc #21, ¶¶ 1, 2, 4 and.)

Plaintiffs further admit that the plaintiffs consist solely of those current and former Alderwoods employees who missed the court ordered "opt in" deadline set in the nationwide FLSA

---

[1] Moving Defendants hereby join Alderwoods Group, Inc.'s, SCI Funeral And Cemetery Purchasing Cooperative, Inc.'s and SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc.'s Motions to Dismiss (FRCP 12(b)(6)), to Strike (FRCP 12(f)) and for a more definitive statement (FRCP 12(e)). Rather than merely repeat the same law, facts and arguments made in such other motions, Moving Defendants hereby incorporate the other Defendants' law, facts, and argument set forth in their motions by reference in this motion.

DEFENDANTS' MOTION TO DISMISS                                                                  1
Case No. 3:07-CV-5696-SI

collective notification action that was filed on their behalf in *Prise et al. v. Alderwoods Group, Inc. et al.* (W.D.PA 06-CV-1641)("Penn Action"). (Request for Judicial Notice, Exhibit O, Plaintiffs' Case Management Statement, Doc# 16, 3:14-17; Exhibit P, Plaintiffs' Notice of Pendency of Other Actions, Doc #3, 8-11;  Exhibit Q, Plaintiffs' Statement In Support of Relating Cases filed in *William Helm et al. v. Alderwoods Group, Inc.* (N.D. Cal. 08-cv-1184 JSW), Doc # 28,4:24-28.) Instead of seeking relief to belatedly "opt in" to the Penn Action, Plaintiffs' counsel filed the instant action alleging the *same* FLSA violations alleged in the Penn Action.  They now seek this Court's countenance of their newly created additional nationwide FLSA collective notification action as a means to avoid the effect of failing to meet the opt in deadline established by the Penn Action court.[2]

Moreover, despite unsuccessfully litigating their class claims against Alderwoods, SCI, and SCI's various subsidiaries and officers in venues across the country for over a year now, Plaintiffs here seek to rehash the same legal arguments that have been repeatedly rejected by the Penn Action court.  For example, the court in the Penn Action repeatedly ruled that SCI and its subsidiaries were not the plaintiffs' employers.  It further ruled that the allegations that they were their employers, which have been re-alleged in this action, were as a matter of law deficient consisting of mere legal conclusions devoid of any factual basis.  Plaintiffs further filed several actions in different state and federal venues, despite informing the court in the Penn Action that such actions would be re-filed with the Pennsylvania District Court. (RJN, Exhibit C, Nov. 15 Tr. 24:5-8.) Obviously dissatisfied with the Court's ruling in the Penn Action, the plaintiffs subsequently sought out different judges in different state and federal forums in attempting to obtain more favorable rulings. This court should not allow such blatant forum and judge shopping.

### III.    BACKGROUND

#### A.    The Defendants

##### 1.    Service Corporation International

SCI is a publicly held Texas corporation. (Declaration of Janet Key ("Key Decl.") at ¶¶ 3-4;

---

[2] Plaintiffs' counsel apparently believe they can repeatedly file actions around the country as a means to allow those employees who missed the court imposed Penn Action opt-in deadline to file their own separate nationwide *collective* notification action, rather than individual actions that they are required to file as a result of their failure to opt in to the Penn Action.

DEFENDANTS' MOTION TO DISMISS                                                                              2
Case No. 3:07-CV-5696-SI

Defendants' Request for Judicial Notice in Support of Motions to Dismiss ("RJN"), Exhibit D, Judith Marshall's Decl. ("Marshall Decl.") at ¶¶ 4-7.)  In three separate court rulings, SCI has been found to be merely a holding company that has no employees.  (RJN, Exhibit A, Transcript of Apr. 19, 2007 Hearing ("Apr. 19 Tr.") at 20:19-23:18; RJN Exhibit B, Transcript of Sept. 6, 2007 Hearing ("Sept. 6 Tr.") at 2:2-5, 3:10-12, 19-25, 4:1-5, 9:22-10:5, 10:14-24, 11:5-9, 11:21-25, 12:1-2, and 16:23-17:7; RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 2:2-4, 2:23-25, 3:1-20, 4:2-11.)

SCI is, in effect, nothing more than a stockholder in various subsidiary companies engaged in the funeral industry.  It owns certain state subsidiary entities that in turn actually own and operate funeral homes, mortuaries, crematories and cemeteries ("Operational Corporations") (*see,* RJN Exhibit D, Marshall Decl. at ¶ 8.)  For example, James Stickle is employed by SCI Arizona Funeral Services, Inc. (*See,* RJN Exhibit D, Marshall's Decl. at ¶ 8; Declaration of Liana Jensen ("Jensen Decl.) at ¶ 2, Exhibit 1, consisting of the Plaintiffs' W-2s that specifies the names of their employers.)  Those entities identified on the Plaintiffs' Federal W-2 Wage and Tax Statements are presumed to be their California employers. (Gov. Code §12928.)  Although Plaintiffs know that the state-specific Operational Corporations are the actual employers of the Plaintiffs, they knowingly and repeatedly refused to name them as their correct employers in the six actions that they filed across the country.

### 2.    SCI Support Entities

The COOP, Eastern Market Support, Western Market Support, and Houston Market Support ("Support Entities") are business entities that provide administrative support services to the state Operational Corporations.  These Support Entities do not provide any funeral, cremation, or mortuary services.  As such, they employ no funeral directors, embalmers, or crematory operators, nor did they employee any of the Plaintiffs.  Rather, they merely provide executive, management, administrative, accounting, data processing, and human resources support services to the Operational Corporations that actually employed the Plaintiffs.  The Support Entities provide such services only to those state Operational Corporations that are located within their specified geographical regions of the country.  (*See,* RJN Exhibit D, Marshall Decl. at ¶ 4; Declaration of Robert Pisano ("Pisano Decl.") at ¶ 4; Declaration of Gwen Petteway in Support of SCI Houston

Market Support Center Inc.'s Motion to Dismiss ("Petteway Entity Decl.") at ¶ 3.)

### 3.    Alderwoods Group, Inc. and Paul A. Houston

Prior to November 28, 2006, Alderwoods was a competitor of SCI.  On or about November 28, 2006 Alderwoods merged, not with SCI, but with an SCI subsidiary, Coronado Acquisition Corporation that was specifically created for its merger with Alderwoods.    The surviving corporation is Alderwoods Group, Inc., which is now a wholly-owned subsidiary of SCI. (Amended Complaint ¶¶ 13, 49-50, 57; see, also RJN Exhibit E Plaintiffs' Motion for Leave to File Second Amd. Compl. ¶ 9 filed in the *Prise, et al. v. Alderwoods Group, Inc., et al*, Case No. 2:06-CV-01470-JFC.    Paul A. Houston ("Houston") was previously the president and chief executive officer of Alderwoods.  He has not held those positions since October, 2006. (Houston Decl. ¶ 2.)

### B.    The Penn Action

On December 8, 2006, Deborah Prise and Heather Rady filed the Penn Action.  It initially alleged violations of the FLSA and the wage and hour laws of 38 states and territories.  As in the instant case, the Penn Action complaint alleged that the defendants failed to pay overtime to employees for certain types of off-the-clock work.  Alderwoods and SCI were initially named as defendants.  The plaintiffs sought to amend their complaint to include all of the SCI Support Entities, and several of their and SCI's officers, that was denied by the court.   (RJN, Exhibits C, Nov. 15 Tr. 2:23-3:20; and Exhibits E and R.)

The Court in the Penn Action determined repeatedly, throughout nearly a year of litigation, that SCI was not the Plaintiffs' employer nor an employer under the FLSA.  Indeed, the Plaintiffs tried – and failed – on at least three occasions to persuade the court that SCI was a proper defendant to their FLSA claims.  The first of these attempts was on April 19, 2007, when Judge Joy Flowers Conti denied Plaintiffs' request to send court-authorized collective action notice to "SCI employees" based on her determination that the evidence established that SCI is merely a holding company without any employees. (RJN Exhibit A, Apr. 19 Tr. at 20.)  The second failed attempt was on June 8, 2007, when Plaintiffs' counsel filed a second motion for collective action notification to purported "SCI employees."  In that motion, as here, the Plaintiffs asserted that, although SCI has no employees, it nevertheless could be liable under the FLSA as a joint employer

of the employees working for the Operational Corporations. (RJN Exhibit E.) The court rejected this argument, concluding that the Plaintiffs had not met their burden to establish that SCI was their employer or joint employer. As the court determined, "SCI as the corporate board is not doing something overtly to be involved in the management or the operational control of the [funeral services] businesses." (RJN Exhibit B, Sept. 6 Tr. at 10.) Accordingly, the court denied the Plaintiffs' second noticed motion.

On October 3, 2007, the Plaintiffs in the Penn Action filed still another motion seeking to conditionally certify a class of employees who they alleged worked for "SCI and the entities under its control." In conjunction with this third noticed motion, Plaintiffs' counsel also filed a motion to amend the complaint to include, as they do in the instant action, the SCI Support Entities and their officers, which they claimed were joint employers with SCI. (RJN Exhibits E and R.) On November 15, 2007, the Penn Action court heard argument on Plaintiffs' motions, as well as SCI's motion for summary judgment as to all claims against it. The court granted SCI's summary judgment motion and denied Plaintiffs' motions, concluding that the Plaintiffs could not show that SCI, the SCI Support Entities or any of their officers were Plaintiffs' employers – individually or jointly. (RJN Exhibit C, Nov. 15 Tr. at 2:23-3:20.)

## C.    Plaintiffs' Counsel's Other Litigation Against SCI

Having failed to state legally viable claims against SCI, the Support Entities, or any of their officers in the Penn Action, Plaintiffs' counsel decided to re-file their claims against them in five new fora. On July 9 2007, they filed a class action in a California state court entitled *Deborah Prise, et al. v. Alderwoods Group, Inc., and Service Corporation International*. Counsel subsequently filed and served an Amended Complaint that asserted claims for violations of wage and hour laws of 38 states and territories based on allegations that SCI failed to pay overtime for the same types of off-the-clock work alleged in the instant action.[3] These claims were identical to the ones that, like the FLSA claims, the court dismissed in the Penn Action. Defendants removed the case to federal court, and Plaintiffs' counsel – after defendants took the time and expense of

---

[3]*See* RJN, Exhibit F Amended Complaint removed in *Deborah Prise et al. v. Alderwoods Group, Inc., and Service Corporation International*, Case No. C 07-CV-5140-MJJ.

DEFENDANTS' MOTION TO DISMISS                                                                                        5
Case No. 3:07-CV-5696-SI

filing a motion to dismiss – voluntarily dismissed their Amended Complaint before the court was able to rule on defendants' motion, essentially conceding that dismissal was inevitable.[4]

On November 8, 2007, Plaintiffs' counsel filed, and only recently served, this collective class action lawsuit against SCI in the U.S. District Court for the Northern District of California entitled *Claude Bryant, Craig Fulcher and Thomas Thomson et al v. Alderwoods Group, Inc. SCI et al.* Case No. 3:07-CV-5696 SI. It again asserts the same types of off-the-clock work alleged in the instant action against Alderwoods, SCI, SCI Support Entities, and several of SCI's and the SCI Support Entities' officers.[5] Plaintiffs subsequently amended it to delete SCI's and the Support Entities' officers, and add Houston. (RJN, Exhibit S.)

A month later, on December 5, 2007, Plaintiffs' counsel filed two more class action complaints in the California Superior Court in the County of Alameda.[6] They include *Helm, et al. v. Alderwoods Group, Inc. et al.,* and *Bryant, et al. v. Service Corporation International, et al.* Plaintiffs' served Amended Complaints in both cases, each of which asserts identical claims for violations of the California wage and hour laws, and those of 37 other states and territories[7]. The claims include: violation of California Labor Laws, violation of State Wage and Hour Laws, Unjust Enrichment, Conversion, Fraud and Deceit, Misrepresentation, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Quantum Meruit, and Unfair Business

---

[4] See RJN, Exhibit G Defendants' Notice of Removal; Exhibit H Defendants' Memorandum of Points and Authorities in Support of its Motion to Dismiss; and Exhibit I Plaintiff's Notice of Voluntary Dismissal.

[5] *See* RJN, Exhibit J, Complaint filed in *Bryant, et al. v. Alderwoods Group, Inc., and Service Corporation International, et al.*, Case No. 3:07-CV-5696-SI.

[6] See RJN Exhibit K consisting of the Amended Complaint filed in *Bryant, et al. v. Service Corporation International, et al.* Case No. RG-07359593, and RJN Exhibit L consisting of the Amended Complaint filed in *Helm, et al. v. Alderwoods Group, Inc. et al.*, Case No. RG-07359602. Both actions have been removed to this court. The Defendants in *Bryant and Helm* filed Motions to Dismiss and Strike that are similar to those filed in this action.

[7] These were nearly identical to the state law claims pled against SCI and Alderwoods Group, Inc. in the prior case which Plaintiffs' counsel filed and then voluntarily dismissed, i.e., *William Helm, et al. v. Alderwoods Group, Inc., and Service Corporation International*, Case No. C 07-CV-5140-MJJ.

Practices (California Bus. & Prof. Code § 17200 et seq.). Both actions have been removed to this Court.

On January 15, 2008, Plaintiffs' counsel filed a federal court action in Arizona entitled *James Stickle et al v. SCI Western Market Support et al.*[8] There, the Plaintiffs again assert the exact same FLSA claims that their counsel asserted in the Penn Action, and they name as Defendants the exact same corporations that the Penn Court held did not employ the Plaintiffs and could not be liable for the violations alleged. The *Stickle* complaint also includes derivative claims under ERISA and RICO, alleging that the Defendants' purported failure to pay overtime also amounts to a violation of those statutes.[9] Similar motions to dismiss and strike filed by the defendants have been fully briefed and submitted to the judge in the *Stickle* action.

## IV. THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO ALL OF THE MOVING DEFENDANTS PURSUANT TO FRCP 12(B)(2) BECAUSE THERE IS A COMPLETE LACK OF PERSONAL JURISDICTION OVER ANY OF THEM

Based upon the lack of any purposeful availment by any of the Moving Defendants, generally or specifically, as to any of the Plaintiffs, there exists no *in personam* jurisdiction which could justify the pursuit of this action against them in this Court. Moving Defendants are simply non-residents of the State of California who have insufficient minimum contacts with the State of California to establish personal jurisdiction. Plaintiffs, instead of naming as defendants their true employers, have used a "shotgun" approach naming everyone, including these Moving Defendants, as "employers" seeking to needlessly entangle them in their web of litigation even though no legitimate claim lies against them. For all of these reasons, and those more fully set forth below and in the motions for dismissal filed by the other co-defendants, Moving Defendants should be dismissed from this action.

### A. Plaintiffs Cannot Meet Their Burden Of Establishing General Or Specific Jurisdiction Over Any Of The Moving Defendants

---

[8] See RJN Exhibit M consisting of complaint filed in *James Stickle et al v. SCI Western Market Support*, U.S. District Court, Arizona, Case No. 08-CV-83

[9] Defendants' motions to dismiss and strike have been filed in the *Stickle* action and are currently pending before the District Court of Arizona.

DEFENDANTS' MOTION TO DISMISS                                                    7
Case No. 3:07-CV-5696-SI

Service of summons in a federal action establishes personal jurisdiction over a defendant "who *could* be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." (FRCP 4(k)(1)(A), emphasis added.) Pursuant to FRCP 12(b)(2), a court will dismiss an action where it is demonstrated that there is a "lack of jurisdiction over the person[.]"

It is a well-established rule that the exercise of personal jurisdiction is appropriate only if there are sufficient minimum contacts by a defendant within the forum jurisdiction such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).) Minimum contacts arise when a person acts to avail himself purposely of the privileges of conducting business within a state thereby gaining the benefits and protections of its laws. (*Harrison v. Denckla*, 357 U.S. 235, 253 (1953).) These minimum contacts should be purposeful conduct invoking the benefits of the forum state such that the defendant would reasonably anticipate being haled into court there. (*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).)

Courts may exercise either general or specific jurisdiction over non-resident defendants. (*Fields v. Sedgwick Assoc. Risks Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).) General jurisdiction is available for any claim whether or not related to the defendant's activities in the forum state, but only when the defendant's contacts with, or activities in, the forum state are substantial, continuous and systematic. (*Ibid.; see also Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415-416 (1984).) Specific jurisdiction exists only for the particular claim asserted and only where the defendant's activities in the forum state which give rise to the claim establish the necessary minimum contacts with the forum state sufficient to invoke the court's jurisdiction. (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997.)

Although a defendant is typically the moving party on a motion to dismiss, the Plaintiff is the party who invoked the court's jurisdiction and who, therefore, bears the burden of proof as to the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. (*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).) Unless the facts are undisputed, admissible evidence (declarations or discovery materials) is

required. The court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit. (*Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).)

## B. The Moving Defendants Lack The Minimum Contacts With This State Necessary To Confer General Jurisdiction

Without question, the exercise of general jurisdiction over a non-resident defendant is the exception, not the rule, given the fact that the level of forum-state contacts needed to establish general jurisdiction is extremely high. In fact, the Ninth Circuit Court of Appeals "regularly ha[s] declined to find general jurisdiction even where the contacts were quite extensive." (*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851, fn.3 (9th Cir. 1993), citing *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990) *rev'd on other grounds*; *Cubbage v. Merchent,* 744 F.2d 665, 667-68 (9th Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985); and *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).) This case presents no exception.

Here, the declaration of Paul A. Houston establishes without doubt that his complete lack of any contact with the State of California renders general jurisdiction over him an impossibility. He has never been a resident of or owned any real property in the State of California. He has never operated or owned a business, been employed, had an office, maintained a bank account, been licensed to do business, maintained a bank account or paid taxes in the State of California. (Houston Decl. at ¶¶ 1. 4-11.)

Similarly, as reflected in the declarations of Robert Pisano and Gwenn Petteway, there is a complete lack of contact between the Houston and Eastern Market Support Centers and the State of California that precludes any general jurisdiction over them. These Defendants are not located in California; have never been licensed or conducted business in the State of California; have never entered into any contracts, employment or otherwise, with any Plaintiffs in this action; have never employed any of the Plaintiffs; have never maintained an office or held any bank accounts within the State of California; have never owned real property in the State of California; and have not paid any taxes to the State of California. (Pisano Decl. at ¶¶ 2-9; Petteway Decl. at ¶¶ 3-8.)

Likewise, SCI does not have any sufficient contact with this State that warrants the exercise of general jurisdiction over it. It has no employees in this State, and its corporate headquarters and only offices are located in Houston, Texas. It is not licensed and does not conduct any business in this State; is not party to any contracts, employment or otherwise, with any of the Plaintiffs in this action; has never employed or supervised the employment of any of the Plaintiffs herein; does not maintain an office nor held any bank accounts within this State; does not own any real property in this State; and does not pay any taxes to the State of California. (Key Decl. at ¶¶ 3-11.) In fact, the California federal and state courts have repeatedly found a lack of personal jurisdiction over SCI because it does not have the required minimum contacts with the State of California. (Declaration of Steven H. Gurnee ("Gurnee Decl.") at ¶¶ 2-3 and Exhibits A-C thereto.)

The above facts demonstrate that none of the Moving Defendants ever purposefully availed themselves of the privileges of conducting business in or invoking the benefits of the State of California. There is simply no basis to argue that any of them have the required substantial, continuous, and systematic contacts with California necessary to confer general jurisdiction.

## C.   Plaintiffs Likewise Cannot Establish Specific Jurisdiction Over The Moving Defendants

The Ninth Circuit has established a three-part test for analyzing whether specific jurisdiction may be exercised: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum jurisdiction, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. (*Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987); *see also Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987).)

Mr. Houston's declaration further establishes that he is not subject to any special jurisdiction. He has not employed or supervised the employment of any person in the State of California, never directed or controlled the day-to-day operations of any business enterprise doing business within the State of California. (Houston Decl. at ¶¶ 8, 12.) He at no time ever hired or

DEFENDANTS' MOTION TO DISMISS
Case No. 3:07-CV-5696-SI

10

terminated or supervised any of the plaintiffs, nor any other employees of any funeral establishment, cemetery or other local facility that is owned by a subsidiary of Service Corporation International or by Alderwoods, including any such funeral establishments, cemeteries or other local facilities located in the State of California. (Houston Decl. at ¶¶ 14.)

The accompanying declarations of Mr. Pisano and Ms. Petteway clearly demonstrate that the Houston and Eastern Market Support Centers are also not subject to any special jurisdiction. They have done nothing that could possibly be construed as purposefully directing their activities or consummating transactions with California or its residents. They have done nothing to invoke the benefits and protections of its laws. They have had no contact with the Plaintiffs, the alleged disputed employment policies, or the State of California that would give rise to or relate to any claim alleged in Plaintiffs' Amended Complaint. The facts reflected in those declarations further establish that neither of these entities has ever had a significant ownership interest or operational control of significant aspects of any enterprise doing business in the State of California, nor have they ever hired or fired employees of any business located in the State of California. (Pisano Decl. at ¶¶ 4-6; Petteway Entity Decl. at ¶¶ 3-4.)

The facts set forth in the Key Declaration, the rulings in the Penn Action, and the previous federal and state court rulings attached to the Gurnee Declaration all demonstrate that there cannot be any special jurisdiction as to SCI. SCI does not manage the business activities of any funeral establishment, cemetery or other local facility in the State of California that is owned or operated by any subsidiary of SCI. It does not hire, supervise or terminate any employees of any funeral establishment, cemetery or other local facility within the State of California that is owned or operated by a subsidiary of SCI. (Key Decl. at ¶¶ 12-13.) The court in the Penn Action has repeatedly ruled that it is merely a holding company that does not have any employees. (See also, Keys Decl. par. 4.) The California federal and state courts have repeatedly found to lack personal jurisdiction over SCI. (Gurnee Decl. at ¶¶ 2-3, and its Exhibits A-C.)

Given the above, it is clearly unreasonable to require *any* of the Moving Defendants to defend themselves in a distant forum with which they have clearly had no contact. Moving Defendants have not purposefully directed any activities with any of the Plaintiffs or their employment in the State of California, nor any of the employment policies allegedly implemented

DEFENDANTS' MOTION TO DISMISS
Case No. 3:07-CV-5696-SI

11

in the State of California, nor any activities whatsoever with the State of California or its residents. They have never been the Plaintiffs' employer. The exercise of special jurisdiction under such circumstances clearly does not comport with fair play and substantial justice, and is manifestly unreasonable.

## V.    SCI SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE IT HAS BEEN FOUND TO BE MERELY A HOLDING COMPANY THAT DOES NOT HAVE ANY EMPLOYEES, DID NOT EMPLOY ANY OF THE PLAINTIFFS, AND IS NOT LIABLE FOR ANY OF ITS SUBSIDIARIES' EMPLOYEES

Businesses are permitted to incorporate to limit liability and isolate liabilities among separate entities. (*Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357, 1362.) There is a strong presumption that a parent company is not the employer of its subsidiary's employees, and courts have found otherwise only in extraordinary circumstances. The employee bears a heavy burden to prove that the parent corporation is liable for the acts or omissions of its subsidiaries. (*Id.* at p. 1362.) As the United States Supreme Court has noted, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation. . . is not liable for the acts of its subsidiaries." (*United States v. Bestfoods*, 524 U.S. 51, 61 (1998).) Likewise, the "[m]ere ownership of a subsidiary does not justify the imposition of liability on a parent corporation. Such liability only is appropriate 'when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime.'" (*Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378 (W.D. Pa. 2006) (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)).)

It is also well established that holding companies are not employers in the context of wage and hour litigation. (*See, e.g., Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006) holding that company with no employees or payroll is not an employer; *Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005) dismissing claims against holding company and finding holding company not an "employer" under federal law); *Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-11 (N.D. Ill. March 24, 2006) holding that a parent corporation is considered an employer under federal law "only where it exercises day-to-day control over the employees at issue.")

DEFENDANTS' MOTION TO DISMISS
Case No. 3:07-CV-5696-SI

12

Plaintiffs' claims against SCI must be dismissed in their entirety. Based upon the above authority and the federal and state court rulings, it is indisputable that SCI as a matter of law is simply not the Plaintiffs' employer. It is not their employer despite its being the parent company of the Support Entities, as well as the state Operational Corporations that have not been named in this action.

Moreover, pursuant to three separate court rulings in the Penn Action, SCI has been found to be merely a holding company that has no employees. (RJN, Exhibit A, Transcript of Apr. 19, 2007 Hearing ("Apr. 19 Tr.") at 8:18-21, 20:19-23:18; RJN Exhibit B, Transcript of Sept. 6, 2007 Hearing ("Sept. 6 Tr.") at 2:2-5, 3:10-12, 19-25, 4:1-5, 9:22-10:5, 10:14-24, 11:5-9, 11:21-25, 12:1-2, and 16:23-17:7; RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 2:2-4, 2:23-25, 3:1-20, 4:2-11.)

On April 19, 2007, Judge Joy Flowers Conti in the Penn Action denied conditional certification with respect to SCI, stating "I am not sure that I would be able to move forward and certify a class of employees if [SCI] is merely a holding company and really wouldn't have those type of [non-exempt] employees." (Apr. 19 Tr. at 8:18-21.) However, Judge Conti allowed additional discovery with respect to SCI and allowed the Plaintiffs in that action to renew their request for conditional certification, which they did on June 8, 2007. At a hearing on that renewed motion on September 6, 2007, Judge Conti again held that SCI was not an employer and thus could not be responsible for any of the conduct alleged by the Plaintiffs. In so holding, Judge Conti rejected their arguments that SCI could be liable as a parent corporation, stating that "SCI as the corporate board is not doing something overtly to be involved in the management or the operation control of the business." (Sept. 6 Tr. at 10-11.)

Plaintiffs know, from their experience in the Penn Action, that SCI is not an employer and is not a proper defendant in their lawsuits seeking overtime pay from the Defendants. Plaintiffs were fully motivated to litigate this issue in Penn Action and twice fully briefed and argued the question of SCI's status. Nevertheless, having been denied three times in the Penn Action, Plaintiffs now seek to take another bite out of the apple here, hoping for a different result in a different forum. This Court should not countenance Plaintiffs' tactics that seek to avoid the

adverse Penn Action rulings against them in this action. As such, SCI is not the employer of any of the Plaintiffs in this action. Thus, it is not a proper defendant in this wage and hour litigation.

## VI.    CONCLUSION

For all of the forgoing reasons, as well as those set forth in the Motion to Dismiss and Strike concurrently filed by Alderwoods, COOP and Western Market Support (incorporated herein by reference), this court should dismiss the Moving Defendants from this action.

Dated:  March 27, 2008                     GURNEE & DANIELS LLP


By _____
    STEVEN H. GURNEE, ESQ.
    NICHOLAS P. FORESTIERE, ESQ.
    DAVID M. DANIELS, ESQ.
    Attorneys for Defendants
    SERVICE CORPORATION
    INTERNATIONAL, SCI EASTERN
    MARKET SUPPORT CENTER, L.P. and SCI
    HOUSTON MARKET SUPPORT CENTER,
    L.P. and PAUL HOUSTON