1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
3  Roseville, CA  95661-3805
   Telephone    (916) 797-3100
4  Facsimile    (916) 797-3131

5
   Attorneys for Defendants
6

7  ALDERWOODS GROUP, INC., PAUL A.
   HOUSTON, SERVICE CORPORATION
8  INTERNATIONAL, SCI FUNERAL AND
   CEMETERY PURCHASING COOPERATIVE, INC.,
9  SCI EASTERN MARKET SUPPORT CENTER, L.P.,
   SCI WESTERN MARKET SUPPORT CENTER, L.P.
10 a/k/a SCI WESTERN MARKET SUPPORT CENTER, L.P.

11

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 CLAUDE BRYANT, CRAIG FULCHER,        ) No. **3:07-CV-5696-SI**
16 SANFORD LEVINE and THOMAS            )
   THOMPSON et al., on behalf of themselves ) **DECLARATION OF STEVEN H.**
17 and all other employees and former employees ) **GURNEE IN SUPPORT OF MOTION TO**
   similarly situated,                  ) **DISMISS AMENDED COMPLAINT**
18                                       ) **PURSUANT TO FRCP 12(B)(2) AND**
                                         ) **FRCP 12(B)(6)**
19         Plaintiffs,                   )
20     vs.                              )
                                         ) DATE:      MAY 9, 2008
21 ALDERWOODS GROUP, INC., PAUL A.      ) TIME:      9:00 A.M.
   HOUSTON, SERVICE CORPORATION         ) DEPT.:     10
22 INTERNATIONAL, SCI FUNERAL AND       )
   CEMETERY PURCHASING                  )
23 COOPERATIVE, INC., SCI EASTERN       )
24 MARKET SUPPORT CENTER, L.P. SCI      )
   WESTERN MARKET SUPPORT CENTER,       )
25 L.P. a/k/a SCI WESTERN MARKET        )
   SUPPORT CENTER, INC., SCI HOUSTON    )
26 MARKET SUPPORT CENTER, L.P., and     )
27 JOHN DOES 1-3, et al.                )
                                         )
28         Defendants.                   )
   _____ )

   DECLARATION OF STEVEN H. GURNEE RE MOTION TO DISMISS
                              1
   Case No. 3:07-CV-5696-SI

I, STEVEN H. GURNEE, hereby declare that:

1.      I am an attorney licensed to practice in the State of California, the Northern, Eastern and Central Districts of the United States District Court and the United States Court of Appeals for the Ninth Circuit.   I have personal knowledge of the facts and documents set forth in this declaration, and if called as a witness I could and would competently testify regarding them.

2.      I have specially appeared on behalf of and represented Service Corporation International ("SCI") in several prior state and federal court actions.  In each of those actions, SCI has contested personal jurisdiction of the court.  In a number of cases, I filed motions to dismiss and quash service upon SCI for lack of personal jurisdiction based upon its not having the required minimum contacts.

3.      Attached hereto as exhibits are true and correct copies of some of the courts' rulings which found insufficient grounds to assert *in personam* jurisdiction over SCI in the State of California, including:  (a) *Lydia Innis v. Service Corporation International*, San Mateo County Superior Court Case No. 462609 (Exhibit "A"); (b) *Renelle K. Emond v. Service Corporation International*, Sacramento County Superior Court case number 04AS02627 (Exhibit "B"); and (c) *Taghulk Proprietary, Ltd. V. Service Corporation International*, U.S. District Court, Northern California District, San Francisco Division, case number 99-CV05151-WHA (Exhibit "C").   I hereby request that the court take judicial notice of each of the attached rulings pursuant to Evidence Rule 201.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 27th day of March, 2008, at Roseville, California.

_____
                              STEVEN H. GURNEE

DECLARATION OF STEVEN H. GURNEE RE MOTION TO DISMISS
2
Case No. 3:07-CV-5696-SI

**EXHIBIT A**

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
3  Roseville, California  95661-3805
   Telephone  (916) 797-3100
4  Facsimile   (916) 797-3131

5  Attorneys for Defendants
   SCI California Funeral Services Inc.,
6  Woodlawn Memorial Park

ENDORSED FILED
SAN MATEO COUNTY

DEC - 5 2007

Clerk of the Superior Court
By _____ F. MORNEAU
          DEPUTY CLERK

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN MATEO

10  LYDIA INNIS,                          )  No.  462609
                                          )
11              Plaintiffs,               )  [PROPOSED] ORDER DISMISSING
                                          )  DEFENDANT SERVICE CORPORATION
12        vs.                             )  INTERNATIONAL, A TEXAS
                                          )  CORPORATION, PURSUANT TO IT'S
13  SERVICE CORPORATION                   )  MOTION TO QUASH SERVICE OF
    INTERNATIONAL, a Texas corporation    )  SUMMONS AND FIRST AMENDED
14  doing business as WOODLAWN            )  COMPLAINT
    MEMORIAL PARK, and DOES  1 through    )
15  50, inclusive,                        )
                                          )  Date:      November 5, 2007 (cont'n to 11/16)
16              Defendants.               )  Time:      9:00 a.m.
                                          )  Dept.:     28/ LM
17                                        )  Complaint filed: July 27, 2007
18  _____      )

19        On November 16, 2007, the Court issued a tentative ruling granting defendant

20  SERVICE CORPORATION INTERNATIONAL, a Texas corporation's Motion to Quash

21  the Service of the Summons and First Amended Complaint for Damages and dismissed

22  SERVICE CORPORATION INTERNATIONAL, a Texas corporation, from this action.

23        No party having requested a hearing, the Court hereby adopts the tentative ruling.

24        **THEREFORE, IT IS HEREBY ORDERED** that:

25        •      The Defendant's objections to evidence are each OVERRULED.

26        •      The Motion to Quash pursuant to CCP §418.10 is GRANTED.  The plaintiff

27  has not adequately demonstrated the existence of general jurisdiction.

28

                                        1

1    Defendant Service Corporation International is dismissed from the action.

2    If the tentative ruling is uncontested, the tentative ruling shall become the

3    order of the court, pursuant to Rule 3.1308(a)(1), adopted by Local rule 3.10. Moving

4    party shall prepare and submit an order pursuant to Rule 3.1312 and thereafter serve

5    the signed order.

6    **IT IS SO ORDERED.**

7                      DEC 3 - 2007

8    DATED:_____, 2007

9                                        GEORGE A. MIRAM
                                         JUDGE OF THE SUPERIOR COURT

10

11   Approved as to form:

12

13   Dated: Nov. 21_____, 2007

14                                       Shelley Buchanan
                                         Attorney for Plaintiff LYNDA INNIS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

[PROPOSED] ORDER DISMISSING DEFENDANT SERVICE CORPORATION INTERNATIONAL, A
TEXAS CORPORATION

**EXHIBIT B**

ITEM  8  04AS02627 RENELLE K. EMOND VS. SERVICE CORP. INTERNATIONAL
              Nature of Proceeding: MOTION TO QUASH
              Filed By: MASON, JOHN A.

        Defendant's motion to quash for lack of jurisdiction is granted.

        SCI is the parent corporation of SCI-CAL.  The subsidiary operates
funeral homes in California, including those where plaintiff worked.
SCI-CAL operates independently, maintains separate accounts, and pays
its own taxes.  Management of each funeral home is vested with the
managers at the location. SCI-CAL operates independently of SCI.  There
is no evidence to suggest that SCI is the alter ego of SIC-CAL. SCI has
no contacts with California sufficient to confer jurisdiction. (See
Sells declaration.)

        Plaintiff should file an amended complaint naming SCI-CAL Mount
Vernon and SCI-CAL Sierra View as Doe defendants.

        This minute order is effective immediately.  No formal order is

required, the tentative ruling being sufficient notice.

**EXHIBIT C**

7/6/00

FILED

2000 JUL -6  PM 3: 44

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TAGHULK PROPRIETARY, LTD., an Australian Limited Company, MARK THOMAS, | No. C 99-5151 WHA |
| Plaintiffs, | **ORDER GRANTING DEFENDANT SERVICE CORPORATION INTERNATIONAL, INC.'S FRCP 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING DEFENDANT'S FRCP 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE AS MOOT** |
| v. | |
| SERVICE CORPORATION, INTERNATIONAL, INC., MATTHEWS INTERNATIONAL CORPORATION, ROYAL MELROSE GRANITE, INC., COLD SPRING GRANITE COMPANY, | |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

Plaintiffs bring a patent-infringement claim against all defendants and a trademark infringement claim against Service Corporation International, Inc. ("SCI"). Upon review of defendant SCI's FRCP 12(b)(2) and 12(b)(3) motions to dismiss for lack of personal jurisdiction and improper venue, this order holds that personal jurisdiction does not exist as to defendant SCI. The Court thereby grants defendant SCI's motion to dismiss for lack of personal jurisdiction and denies defendant's motion to dismiss for improper venue as moot.

United States District Court
For the Northern District of California

STATEMENT

Plaintiffs allege patent infringement arising under U.S. patent laws, trademark infringement arising under the Lanham Act, and supplemental state-law claims. Plaintiff Taghulk has been the owner of a patent for "The Everlasting Urn," a receptacle for ashes of the deceased, issued originally in September 1992. Defendant SCI contends that personal jurisdiction is lacking and that venue is improper.

SCI advertises itself as the world's largest consolidator of funeral homes and cemeteries. SCI is a publicly-held Texas corporation headquartered in Houston. SCI is not licensed by the California Cemetery Board, nor is it licensed by the California Board of Funeral Directors. SCI is not authorized to do business in California. On the other hand, SCI California Funeral Services ("SCI-Cal"), a California-based subsidiary of SCI, is headquartered in North Hollywood, California. Each of SCI's subsidiaries are in a given region and SCI-Cal occupies the Pacific Region, including much of California. SCI-Cal, among many other subsidiaries, is wholly owned by SCI.

The other defendants in this action are Matthews International Corporation, headquartered in Pennsylvania, Royal Melrose Granite, Inc., headquartered in Minnesota, and Cold Spring Granite Company, also headquartered in Minnesota. These defendants have not joined in SCI's motions to dismiss.

Beginning in 1993, Taghulk contacted SCI of Australia, a subsidiary of SCI, regarding a proposal to supply an urn-memorial product covered by the patent. Representatives of Taghulk visited SCI facilities in Houston, Texas, and communicated with SCI of Australia during the negotiation process. In 1994, SCI-Cal purchased five Everlasting Urns and accessories. Despite initial mutual interest, negotiations broke down and SCI and its affiliates decided not to purchase any more Everlasting Urns.

The dispute arose after Plaintiff Thomas observed cremation receptacles at funeral facilities in San Jose, California, in 1999 which he alleges bore a striking resemblance to the Everlasting Urn. SCI-Cal is the subsidiary occupying the Pacific Region, where the facilities in California are located.

2

United St~ · District Court<br>For the N.~  istrict of California

1    ANALYSIS

2    **A.    Burden of Proof**

3    The party seeking to invoke the jurisdiction of the reviewing court has the burden of

4    establishing the existence of jurisdiction. *See KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278

5    (1936). If the court determines that it will receive only affidavits, or affidavits plus discovery

6    materials, the plaintiff must only make a prima facie showing of jurisdictional facts in order to avoid

7    the defendant's motion to dismiss. *See Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280,

8    1285 (9th Cir. 1977). Plaintiffs were allowed discovery and must therefore make a prima facie

9    showing of jurisdictional facts. If plaintiffs are able to make such a showing, it does not necessarily

10   mean that they may then go to trial on the merits. *Ibid.* "[A]t any time when the plaintiff avoids a

11   preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still

12   prove the jurisdictional facts at trial by a preponderance of the evidence." *Id.* at 1285 n.2.

13   **B.    Due Process and Personal Jurisdiction**

14   In order to establish the existence of personal jurisdiction in a diversity-of-citizenship case, the

15   plaintiff must show that the long-arm statute of the forum state allows jurisdiction and that the

16   exercise of jurisdiction accords with federal constitutional principles of due process. *See Haisten v.*

17   *Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). California's

18   long-arm statute allows jurisdiction coextensive with the outer limits of due process under the federal

19   constitution, as defined by the Supreme Court. *See* Cal. Code Civ. Pro § 410.10; *Data Disc*, 557

20   F.2d at 1286.

21   Absent one of the traditional bases for jurisdiction, consent, domicile or presence, due process

22   requires that the defendant have established minimum contacts with the forum state. *See*

23   *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). The court may exercise general

24   jurisdiction over the defendant for causes of action unrelated to its forum-related activities if the

25   defendant's activities in the forum are so substantial or systematic and continuous that it may be said

26   to be present in the forum. *See Data Disc*, 557 F.2d at 1287. If the defendant's forum-related

27   activities are not sufficiently pervasive to confer general jurisdiction, the court may still maintain

28                    3

1  specific jurisdiction for a cause of action that arises out of the defendant's forum-related activities.

2  **C.    Jurisdiction**

3      Defendant SCI is located in Texas and has no operations in California except through its
4  California subsidiary. The presence in California of a subsidiary is insufficient to confer personal
5  jurisdiction over the parent. "Congress has not provided that a corporation of one state shall be
6  amenable to suit in the federal court for another state in which the plaintiff resides, whenever it
7  [employs] a subsidiary corporation as the instrumentality for doing business therein." *Cannon Mfg.*
8  *Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336 (1925). An exception arises, however, if the parent
9  and the subsidiary are alter egos, one of the other. *See American Tel & Tel. Co. v. Companie*
10 *Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).

11     Despite discovery, plaintiffs have failed to make out a prima facie case of alter ego. Plaintiffs
12 have shown considerable control by the parent but have not shown that failure to disregard the
13 separate identities of parent and subsidiary would result in fraud or injustice.[1] *See American Tel. &*
14 *Tel.*, 94 F.3d at 591.

15     Otherwise, SCI has had only two contacts with California. The first is its website which can
16 be read to indicate that it does business world-wide, including in California, but, read as a whole, the
17 website acknowledges the operation of subsidiaries. The second is a collection action in California
18 state court by a California subsidiary but mistakenly brought in the name of the parent. That was not
19 a "purposeful availment" sufficient to subject SCI to unrelated lawsuits thereafter. *Burger King*
20 *Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). General jurisdiction simply has not been shown.

21     Finally, specific jurisdiction is missing because none of the acts complained of involving SCI
22 took place in California and the alleged infringement - - which did take place in California - - was not
23 attributable to SCI, at least on the record tendered. Rather, it was the work of the California
24 subsidiary.

25

26  [1]*Intermountain Ford Tractor Sales Co. v. Massey-Ferguson, Ltd.*, 210 F. Supp. 930 (D. Utah 1962), cited by
   plaintiffs, is distinguishable. There, an injustice would have flowed from a refusal to treat the two companies as one
27  because the parent was a foreign company that controlled all U.S. subsidiary operations and would have been beyond the
   jurisdiction of the antitrust laws had the veil gone unpierced.

28                                    4

*left margin:* United St⸵⸵⸵ **District Court** For the N⸵⸵⸵⸵⸵ District of California

CONCLUSION

Accordingly, the motion to dismiss Service Corporation International, Inc. is GRANTED for lack of personal jurisdiction. The motion to dismiss for improper venue is DENIED as moot. Plaintiffs have until July 31, 2000 to file and to serve any amendment to add the California subsidiary as a defendant.

IT IS SO ORDERED.

Dated: July 6, 2000

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the N.    istrict of California

5

dt

United States District Court
for the
Northern District of California
July 6, 2000


\* \* CERTIFICATE OF SERVICE \* \*



Case Number:3:99-cv-05151


Taghulk Proprietary

    vs

Service Corporation

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  July 6, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Roger A. Dreyer, Esq.
    Dreyer Babich Buccola & Callaham
    715 University Ave
    Sacramento, CA  95814

    Stephen F. Davids, Esq.
    Dreyer Babich Buccola & Callaham
    715 University Ave
    Sacramento, CA  95814

    John P. Costello, Esq.
    Law Offices of John P. Costello
    331 J Street
    Sacramento, CA  95814

    Steven H. Gurnee, Esq.
    Steven H. Gurnee & Associates
    2240 Douglas Boulevard, Suite 150
    Rosevile, CA  95661

    Michael E. Breeden, Esq.
    Steven H. Gurnee & Associates
    2240 Douglas Boulevard, Suite 150
    Rosevile, CA  95661

Robert B. Pringle   Esq.
Thelen Reid & Pri  t LLP
101 Second St
Ste 1800
San Francisco, CA  94105-3601

Jonathan E. Swartz, Esq.
Thelen Reid & Priest LLP
101 Second St
Ste 1800
San Francisco, CA  94105-3601

Barry J. Coyne, Esq.
Reed Smith Shaw & McClay LLP
James H. Reed Bldg, Mellon Square
435 Sixth Avenue
P.O. Box 2009
Pittsburgh, PA  15219

Joshua S. Bish, Esq.
Reed Smith Shaw & McClay LLP
James H. Reed Bldg, Mellon Square
435 Sixth Avenue
P.O. Box 2009
Pittsburgh, PA  15219

Douglas E. Cameron, Esq.
Reed Smith Shaw & McClay LLP
James H. Reed Bldg, Mellon Square
435 Sixth Avenue
P.O. Box 2009
Pittsburgh, PA  15219

Dennis E. Raglin, Esq.
Drath Clifford Murphy Wennerholm & Hagen
1999 Harrison St
Ste 1900
Oakland, CA  94612

John M. Drath, Esq.
Drath Clifford Murphy Wennerholm & Hagen
1999 Harrison St
Ste 1900
Oakland, CA  94612

Richard W. Wieking, Clerk

BY:  **DAWN K. TOLAND**
     _____
     Deputy Clerk