**EXHIBIT N**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH PRISE and HEATHER RADY, on behalf of themselves and all other employees similarly situated,

                *Plaintiffs*,

v.

ALDERWOODS GROUP, INC. and SERVICE CORPORATION INTERNATIONAL,

                *Defendants*.

Civil Action No.

Judge:

COMPLAINT-CLASS ACTION
JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

**AND NOW** come Plaintiffs Deborah Prise and Heather Rady, on behalf of themselves and all others similarly situated, by and through their attorneys, Margolis Edelstein, Charles H. Saul, Esquire, and Liberty J. Weyandt, Esquire, and file the following Class Action Complaint:

**I.   INTRODUCTION**

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Named Plaintiffs Deborah Prise and Heather Rady individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); and other laws of the various States in which defendant does business.

**II.   JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress

providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201, and under 29 U.S.C. § 216 (b).

3. This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is appropriate in the Western District of Pennsylvania since some of the unlawful acts alleged were committed in this district and plaintiffs reside in this district. Venue is proper before this Court under 28 U.S.C. § 1391(b).

### III. CLASS ACTION ALLEGATIONS

5. The claims arising under the state wage laws set forth above are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

6. The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

7. The class consists of current and former employees of defendants who were suffered or permitted to work time for which they were not compensated, including time for which premium pay was owed but not paid.

8. The class size is believed to be over 50 employees.

9. The Named Plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

10. There are no known conflicts of interest between the Named Plaintiffs and the other class members.

11. The class counsel, Margolis Edelstein, is qualified and able to litigate the class members' claims.

12. The class counsel is experienced in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13. Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' practice of not paying nonexempt employees for all hours worked and/or statutory overtime for hours worked over 40 per week violates Pennsylvania State law and the state laws of the various other states in which defendants do business.

14. The class action is maintainable under subsections (2) and (3) of Rule 23(b) because plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IV. PARTIES

### A. Defendants

15. At all relevant times, Defendants Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI") has suffered or permitted the plaintiffs to perform work for them.

16. At all relevant times, Defendants Alderwoods and SCI have been plaintiffs' employers.

17. Upon information and belief, Alderwoods, through its shareholders, has adopted the merger agreement by and between Alderwoods and Defendant Service

Corporation International ("SCI") (collectively, "Merged Entities" or "Defendants").

18. Upon information and belief, the Merged Entities, under the merger agreement, continue business operations in substantially the same form as before the merger.

19. Upon information and belief, the Merged Entities, under the merger agreement, continue to use substantially the same workforce as before the merger, with substantially the same supervisors and same working conditions.

20. Upon information and belief, the Merged Entities, under the merger agreement, provide essentially the same services as before the merger and use the same facilities, equipment and method of proving services.

21. Upon information and belief, thus, SCI is a successor-in-interest to Defendant Alderwoods's liability.

22. Upon information and belief, the Merged Entities, under the merger agreement, operate interrelated business operations.

23. Upon information and belief, the Merged Entities, exercise central control of labor relations.

24. Upon information and belief, the Merged Entities operate under common management.

25. Upon information and belief, the Merged Entities have common ownership and financial control.

26. In light of the economic realities of the Merged Entities' enterprise, defendants constitute joint, single, and/or successor employers of plaintiffs for purposes of

the federal and state laws.

27. Collectively, all of defendants named herein and all of their funeral service locations comprise a single, integrated enterprise, as they perform related activities through common control for a common business purpose.

28. Upon information and belief, SCI, under the merger agreement, exercises complete dominion and control over Alderwoods and their funeral service locations.

29. SCI, Alderwoods and their funeral service locations constitute alter egos of the other.

30. At all relevant times, defendants have suffered or permitted plaintiffs to perform work for them. At all relevant times, Alderwoods' and SCI's funeral service locations have been plaintiffs' employer.

31. The Class Members are jointly employed by Alderwoods and SCI and their funeral service locations; and/or Alderwoods and SSI are successor employers of each other's employees.

32. Business operations of the funeral service locations are centrally controlled by Alderwoods and SCI.

33. At all relevant times, Alderwoods and SCI maintained centralized control of employment relations.

34. At all relevant times, the human resource functions of the funeral service locations report directly or indirectly to Alderwoods and/or SCI.

35. In addition to centralized control of employment relations, Alderwoods and SCI exercises common management of their various funeral service locations.

36. Further, Alderwoods and SCI own all of their funeral service locations and exercise financial control over the business operations of those locations.

37. Alderwoods is a corporation with its headquarters being at 311 Elms Street, Suite 1000, Cincinnati, Ohio 45202 and does business in the Western District of Pennsylvania.

38. Service Corporation International is a corporation with its headquarters being at 1929 Allen Parkway, Houston, Texas 77019 and does business in the Western District of Pennsylvania.

39. Defendants are enterprises engaged in interstate commerce with an annual gross volume of sales not less than $500,000.

**B.     Plaintiffs**

*Named Plaintiffs*

40. Named Plaintiff Deborah Prise is a resident of the Commonwealth of Pennsylvania and resides within this judicial district.

41. Named Plaintiff Heather Rady is a resident of the Commonwealth of Pennsylvania and resides within this judicial district.

*Class and Collective Action Members*

42. The class and collective action members ("Class Members") are those employees of defendants similarly situated to Named Plaintiffs who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

**V.     FACTUAL BACKGROUND**

43.  Named Plaintiffs and the other Class Members worked for defendants and were not paid their regular or statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours they worked over 40 in a week.

44.  Defendants' policy and/or practice was to not compensate Named Plaintiffs and Class Members for work it suffered or permitted the Named Plaintiffs and Class Members to perform.

45.  Defendants knew plaintiffs were supposed to receive such wages, however, defendants willfully failed to pay for all hours when Named Plaintiffs and Class Members worked.

46.  Defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

47.  The failure to pay overtime is willful.

48.  Examples of defendants' policies and practices to deprive the Named Plaintiffs and Class Members of their earned wages and wage premiums are set forth below:

   a. **Subclass A:** Defendants implemented a "Community Work Policy." Under the policy, defendants suffered or permitted their employees to perform "Community Work" so as to increase revenues for defendants. Defendants did not compensate the employees for such time spent in Community Work in furtherance of the employer's business under the "Community Work Policy."

   b. **Subclass B:** Defendants implemented an "On Call Pay Policy." Under the policy, employees were suffered or permitted to perform work by handling calls and other work related issues after normal business hours, but defendants would not compensate employees for work performed outside the regular workday, off-site from the funeral home.

   c. **Subclass C:** Defendants policy required that certain hourly employees train for and become licensed insurance agents. Defendants did not pay for the training, test taking and continuing education requirements for those positions despite suffering or permitting employees to perform such work.

   d. **Subclass D:** Defendants implemented a "Pre-Needs Appointment Policy."

> Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases. To the degree that such appointments were beyond the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not to be paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.
>
> e. **Subclass E:** Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants no longer paid for lunch breaks. Defendants did, however, suffer and permit its employees to perform work during such meal breaks, but pursuant to defendant's "Meal Break Deduction Policy" time spent on meal "breaks" was still to be deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."
>
> f. **Subclass F:** Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted their employees to work overtime and therefore, the employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."
>
> g. **Subclass G:** Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted plaintiffs to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."
>
> h. **Subclass H:** Defendants policy was to not include all remuneration (such as bonuses and commissions) in the calculation of the plaintiffs' overtime.

49. Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Named Plaintiffs concerning their wages, hours and other conditions of employment.

50. More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total

hours worked each work week and/or the total overtime compensation for each work week.

# COUNT I
# FLSA

51. The preceding paragraphs are incorporated herein as if fully set forth herein.

52. Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

# COUNT II
# FAILURE TO MAINTAIN PROPER RECORDS

53. The preceding paragraphs are incorporated herein as if fully set forth herein.

54. Defendants violated provisions of the FLSA by failing to make, keep, and preserve adequate and accurate records of the employment of Named Plaintiffs concerning their wages, hours and other conditions of employment; more specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week, and/or the total overtime compensation for each work week and are liable to plaintiffs.

# COUNT III
# BREACH OF CONTRACT

55. Plaintiffs reallege the above paragraphs as if fully restated herein.

56. Defendants willfully violated their obligations under the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan,

Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs.

## COUNT IV
## STATE WAGE AND HOUR LAWS

57. Plaintiffs reallege the above paragraphs as if fully restated herein.

58. Defendants willfully violated their obligations under the wage laws of the states in which defendants do business including; Pennsylvania Wage Law including, but not limited to, PMWA and PWPCL; Alaska Law including, but not limited to, the Alaska Wage and Hour Act; Arizona Wage Law; Arkansas Wage Law including, but not limited to, the Arkansas Minimum Wage Act; California Law, including, but not limited to, the California Labor Code; Colorado Wage Law; Connecticut Wage Law; Illinois Wage Law; Indiana Wage Law; Kansas Law including, but not limited to, the Kansas Minimum Wage and Maximum Hours Act; Maryland Wage Law; Massachusetts Wage Law; Michigan Wage Law; Minnesota Fair Labor Standards Act; Montana Wage Law; Nebraska Wage Law; Nevada Wage Law; New Hampshire Wage Law including, but not limited to, New Hampshire Minimum Wage Law; New Mexico Wage Law including, but not limited to, New Mexico Minimum Wage Law; New York Labor Law; North Carolina Law including, but not limited to, the North Carolina Wage and Hour Act; Ohio Wage Law; Oregon Wage Law; Puerto Rico Law including, but not limited to, the

Puerto Rico Working Hours and Days Act; Rhode Island Wage Law; Washington Wage Law; and West Virginia Wage Law and are therefore liable to plaintiffs.

## COUNT V
## UNJUST ENRICHMENT

59. Plaintiffs reallege the above paragraphs as if fully restated herein.

60. Defendants willfully violated their obligations and have been unjustly enriched to the determinant of plaintiffs and others similarly situated for worked performed for defendants under the common laws and state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs.

## COUNT VI
## FRAUD AND DECEIT

61. Plaintiffs reallege the above paragraphs as if fully restated herein.

62. Defendants willfully violated its obligations by committing fraud against plaintiffs and others similarly situated under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California (including the California Unfair Competition Law, California Business and Professions § 17200), Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska,

Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs.

## COUNT VII
## QUANTUM MERUIT

63. Plaintiffs reallege the above paragraphs as if fully restated herein.

64. Defendants willfully violated their obligations by failing to pay plaintiffs for the reasonable value of the services performed by plaintiffs for defendants under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs under quantum meruit.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION

65. Plaintiffs reallege the above paragraphs as if fully restated herein.

66. Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana,

Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by misrepresenting to plaintiffs that they would be fully compensated for all services performed and are liable to plaintiffs.

## COUNT IX
## NEGLIGENCE

67. Plaintiffs reallege the above paragraphs as if fully restated herein.

68. Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by negligently failing to properly compensate plaintiffs and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b) an award of the value of plaintiffs' unpaid wages;

(c) liquidated, compensatory, consequential and punitive damages;

(d)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)     an award of pre- and post-judgment interest; and

(f)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

MARGOLIS EDELSTEIN

Date: 12/8/06

   /s/ Charles H. Saul
Charles H. Saul, Esquire
PA ID No. 19938

   /s/ Liberty J. Weyandt
PA ID No. 87654
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
(412) 281-4256
Attorney for Plaintiffs