**EXHIBIT R**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH PRISE and HEATHER RADY *on behalf of themselves and all employees similarly situated,*<br><br>*Plaintiffs,*<br><br>- vs -<br><br>ALDERWOODS GROUP, INC. and SERVICE CORPORATION INTERNATIONAL,<br><br>*Defendants.* | Civil Action No.: 06-1641<br>Judge Joy Flowers Conti<br><br>TO BE ELECTRONICALLY FILED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

### PRELIMINARY STATEMENT

This memorandum of law is submitted in support of plaintiffs' motion to amend their complaint. Plaintiffs seek to amend the complaint: (1) to add to the caption the names of all plaintiffs who have filed opt-in consent forms in this action as of the date of this motion; (2) to add as defendants, SCI Funeral and Cemetery Purchasing Cooperative, Inc., (the "SCI Cooperative") SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc., SCI Houston Market Support Center, L.P., (the "SCI Support Centers") (collectively, the SCI Cooperative and the SCI Support Centers are referred to herein as the "SCI Managing Entities"), Jane D. Jones, Gwen Petteway, Thomas Ryan, Paul A. Houston and Curtis Briggs (collectively, the "Individual Defendants"); (3) to redact all allegations and causes of action related to the state law claims, over which this Court has declined to exercise supplemental jurisdiction; (4) to add allegations relating to defendants' violation of the Fair Labor Standards Act through policies requiring employees to obtain

certifications or participate in training for which they were not properly compensated; and (5) to make other corrections and revisions to the complaint. Plaintiffs have attached a proposed amended complaint as Exhibit A to the affirmation of Annette Gifford, sworn to October 3, 2007 ("Gifford Aff."), submitted in support of this motion.

## FACTS

This collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), was filed against Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), alleging those defendants employed a nationwide policy of willfully not paying employees for all hours worked and willfully not paying the statutorily required overtime rate of pay when employees worked in excess of 40 hours in a week. Although the parties have engaged in motion practice and some limited preliminary discovery, the case is still in its early stages, no discovery plan has been put in place, and fact discovery has not yet begun.

## ARGUMENT

### I.   LEAVE TO AMEND IS FREELY GRANTED.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given." Fed. R. Civ. P. 15(a). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001); *Harding v. Duquesne Light Co.*, 882 F. Supp. 422, 429 (W.D. Pa. 1995) (Ambrose, J.). Here, plaintiffs' proposed changes, which are set out in the proposed amended complaint, should be permitted based on both the letter of Rule 15(a) and its underlying policy: "that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1473 (2007).

Courts have interpreted Rule 15(a)'s lenient standard to permit a wide variety of amendments. For example, courts "have allowed a party to amend in order to change the nature or theory of his claim or the capacity in which he is bringing the action, or to state additional claims" or "to add, substitute, or drop parties to the action." 6 WRIGHT & MILLER § 1474. *See also, e.g., Martin v. Virgin Islands Nat'l Bank*, 455 F.2d 985, 986 (3d Cir. 1972) (granting motion to amend to add a claim that "arose out of the conduct or occurrence set forth in the original complaint"); *Quinlan v. Matthews*, 23 F.R.D. 25, 26 (E.D. Pa. 1958) (granting motion to amend and refraining from considering the merits of the amended complaints). The Supreme Court has noted that permissible amendments comprise a broad range of permissible revisions: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 US 178, 182 (1962).

Generally, leave to amend is denied only where the relevant circumstances suggest amendment would be contrary to the interests of justice. The Supreme Court has noted that such circumstances include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," which demonstrate the proposed amendment would not promote justice. *Id.* Indeed, the Court cautioned that "refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

None of the circumstances identified by the Supreme Court as proper grounds for denying a motion to amend are present here. There has been no undue delay, bad faith or

dilatory motive on the part of plaintiffs; instead, plaintiffs offer these amendments merely to correct or clarify issues regarding the complaint raised by defendants during motion practice. There has also been no "repeated failure to cure deficiencies by amendments previously allowed," as plaintiffs have not previously sought leave to amend the complaint *Id.* The proposed amendments would not be futile, but would assert valid allegations which, when proven at trial, will entitle plaintiffs to relief. Finally, as discussed in detail below with respect to each proposed amendment, none of the proposed changes would result in prejudice to defendants.

The type of "prejudice" which supports a court's denial of a motion to amend does not occur "simply because [the proposed] amendment may increase defendant's potential liability." 6 WRIGHT & MILLER § 1487. *See also* STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN & JOHN B. CORR, FEDERAL CIVIL RULES HANDBOOK, 450 (Thomson West 2007). ("no unfair prejudice exists simply because a party has to defend against new or better pleaded claims"). Instead, in assessing whether a proposed amendment would result in "prejudice," courts consider "the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." 6 WRIGHT & MILLER § 1487. Here, as more fully discussed below, defendants will suffer no prejudice as a result of the proposed amendments, particularly as this case is in its early stages and the parties have engaged in only limited discovery to date.

Plaintiffs respectfully request that their motion to amend the complaint be granted.

## II. PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT SHOULD BE GRANTED.

Plaintiffs' request to amend the complaint should be granted because plaintiffs' proposed amendments are in the interests of justice. Defendants cannot demonstrate any circumstance, including any showing of prejudice, that would warrant denial of plaintiffs' motion under the lenient standard of Rule 15(a).

### A. *Plaintiffs' Request to Amend the Caption to Include All Plaintiffs Who Have Opted-In to This Action Should Be Granted.*

Plaintiffs' proposed amended complaint reflects in its caption the name of each of the more than 600 employees who have, as of the date of this memorandum, filed an opt-in consent form with the Court. Amending the complaint to name each opt-in plaintiff in the caption would not result in any substantive change, but simply serves to conform the caption to reflect that, under the FLSA, each individual who opts-in becomes a party-plaintiff to the action. 29 U.S.C. § 216(b). *See, e.g.,* 7B WRIGHT & MILLER § 1807 ("although the original plaintiffs in a collective action may pursue the suit on a representative basis, each FLSA claimant has the right to be present in court to advance his or her own claim"); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 90 (S.D.N.Y. 2001) ("Section 216(b) gives [opt-in plaintiffs] the status of parties and, as parties, they should have the same rights as the named Plaintiffs to have all their related claims adjudicated in the same forum."); *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003), *cert. denied* 542 U.S. 919 (2001) ("by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs").

Moreover, because each filed Opt-In Plaintiff is already a full party-plaintiff, an amendment adding their names to the caption cannot result in any prejudice or injustice to

defendants. Instead, this amendment does nothing more or less than clarify and confirm their full party status pursuant to the FLSA. Plaintiffs also note that any administrative inconvenience regarding the size of the caption could be remedied by simply listing the plaintiffs in all future pleading captions as "Deborah Prise, Heather Rady, et al."

Finally, even if the FLSA did not afford the employees party-plaintiff status under the FLSA, this Court has noted that plaintiffs could simply amend the complaint to name additional plaintiffs. *See* Transcript of Proceedings before Honorable Joy Flowers Conti dated September 6, 2007 ("September 6, 2007 Tr.") at 13 (Gifford Aff. Ex. E) (responding to defendants' argument that Prise and Rady never worked for SCI by noting that plaintiffs could "amend the complaint to bring in another Plaintiff too then"). *See also* 6 WRIGHT & MILLER § 1474 (courts have permitted amendments to complaints "to add, substitute, or drop parties to the action").

### B. *Plaintiffs' Request to Amend the Complaint to Name Additional Defendants Should Be Granted.*

Similarly, plaintiffs' request to add the SCI Managing Entities and the Individual Defendants as defendants should also be granted. As alleged in the proposed amended complaint, plaintiffs believe that each of the SCI Managing Entities and the Individual Defendants is liable to plaintiffs as an employer pursuant to the provisions of the FLSA. *See also* Plaintiffs' Motion for Expedited Collective Action Notification, filed contemporaneously with the instant motion (arguing that notice should issue to employees of the SCI Managing Entities). This amendment is also in the interests of justice because the underlying facts or circumstances of this case with respect to the SCI Managing Entities and the Individual defendants "may be a proper subject of relief, [and therefore plaintiffs] ought to be afforded an opportunity to test [their] claim on the merits." *Foman v. Davis*, 371 US 178, 182 (1962).

None of the proposed defendants will suffer prejudice as a result of the proposed amendments. As an initial matter, the mere fact that the SCI Managing Entities and the Individual Defendants were not previously named as defendants is not, alone, sufficient to show prejudice. *See, e.g.,* FEDERAL CIVIL RULES HANDBOOK, 450 ("no unfair prejudice exists simply because a party has to defend against new or better pleaded claims"). Courts generally permit amendments "to add [or] substitute" parties to an action (6 WRIGHT & MILLER § 1474) where the underlying facts or circumstances may be a proper subject of relief.

Additionally, here there is little risk that any of the proposed defendants will suffer any surprise. Each of the proposed defendants has most likely obtained notice of this suit because they are "so closely related in their business operations or other activities" with the currently named defendants. 6A WRIGHT & MILLER § 1499. Finally, because this suit is still in its early stages and full discovery has not yet begun (Gifford Aff. ¶ 5), no prejudice will result from joining the SCI Managing Entities and the Individual Defendants in this suit. Finally, allowing plaintiffs to amend the complaint promotes judicial economy because it avoids the duplicative litigation that would result if plaintiffs were compelled to instead initiate a separate action against the proposed defendants. *See Jenn-Air Prods. Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 596 (E.D. Pa. 1968) (finding it "sensible" to grant a motion to amend "in view of the likelihood that plaintiff would institute an independent action" to assert the proposed amendments).

    i.   <u>The Complaint Should be Amended to Name the SCI Managing Entities as Defendants</u>

Of the more than 600 individuals who have filed opt-in consent forms with the Court to date, at least 50 of those individuals worked directly for defendant SCI or for one of its wholly-owned subsidiaries (the "SCI Employees"). (Gifford Aff. ¶¶ 3-4). Several SCI Employees have

H:\Alderwood Group\Motions - Amend, Notice, Expedite\Motion to Amend Complaint (9-07).doc

previously offered testimony asserting both that they were subject to the overtime violations alleged in this action and that they understood their employer was "SCI." *See, e.g.,* Affirmation of Scott Gullet sworn to June 7, 2007 ("Gullett Aff.") ¶ 3 (Gifford Aff. Exhibit B); Affirmation of Johnny Coleman sworn to June 2007 ("Coleman Aff.") ¶ 2 (Gifford Aff. Exhibit C); and Affirmation of Brett Moreland sworn to June 2007 ("Moreland Aff.") ¶ 7 (Gifford Aff. Exhibit D). Defendants have admitted these entities employed plaintiffs because they directed and controlled the operational functions regarding to their employment relationship. *See* Plaintiffs' Memorandum of Law in Support of Their Motion for Expedited Class Notification, filed concurrently with the instant motion.

The facts and circumstances related to the SCI Managing Entities – based upon defendants' own admissions – adequately establish that plaintiffs may properly obtain relief against those entities on the basis of the claims raised in the complaint and, thus, the complaint should be amended to name the SCI Managing Entities as defendants.

Furthermore, defendants again can point to no prejudice or other circumstance which would prohibit this Court from granting the request to amend. As discussed above, no prejudice results merely from the fact that the SCI Managing Entities now must defend the claims brought against them. Moreover, in light of SCI's repeated assertion that it has no employees and that its human resources functions are conducted through the SCI Managing Entities, those entities *must* have had notice of this suit since its inception – indeed, employees of the SCI Managing Entities submitted affidavits on behalf of SCI's latest argument.

The SCI Managing Entities should also not be heard to argue that plaintiffs' request to amend should be denied on grounds of delay, as they could have conceded their role in human resources functions at any time since the complaint was filed – including in response to

H:\Alderwood Group\Motions - Amend, Notice, Expedite\Motion to Amend Complaint (9-07).doc

plaintiffs' first request for notice to the SCI employees – but they instead chose to withhold that information until filing their response to plaintiffs' second notice motion in July 2007. The "delay" between that filing and the instant motion can hardly be termed undue and, moreover, in the intervening time there has been no substantial change in the status of this case such that the SCI Managing Entities would suffer prejudice.

Thus, particularly in light of SCI's own admissions and representations to this Court regarding the Management Entities, the complaint should be amended to include each of the SCI Managing Entities as a defendant. Such an amendment would promote judicial economy by avoiding the need for plaintiffs to file a separate action.

    ii.   *The Complaint Should Be Amended to Name the Individual Defendants*

The complaint should also be amended to name each Individual Defendant for all of the reasons set forth with respect to the SCI Managing Entities. Individuals may be "employers" for purposes of FLSA violations where they undertook "direct involvement in the operations of the business such that the courts could find … [t]hat there was direction and control actually being exercised" by the individual defendant. *See* September 6, 2007 Tr. at 5 (Gifford Aff., Ex. E). *See also id.* at 6 (noting that the relevant cases look for "operational control in some sense. I don't think it had to be complete, but it had to be substantial."); *id.* at 9, (noting that courts have allowed FLSA claims to proceed against an "individual generally who was actually providing the hands-on management and was interfacing and making decisions, direct[] decisions, relevant to the particular employee or employees in question").

Here, based upon SCI's admissions and public filings, there is an adequate factual basis to conclude that each Individual Defendant was likely directly involved in the nationwide policies and operations that produced the FLSA violations that are the subject of this action.

Both plaintiffs' proposed First Amended Complaint – Collective Action and Plaintiffs' Memorandum of Law in Support of Their Motion for Expedited Class Notification, filed concurrently with the instant motion, sets forth in detail the factual basis for plaintiffs' claim that the Individual Defendants are liable as employers based upon their role in either actively managing the corporate defendants or in actively participating in the employment-related functions of those defendants. Additionally, because each Individual Defendant has acted as an officer or director of SCI and/or the SCI Managing Entities, it is also likely that each individual exercised direction and control over those same nationwide policies and operations. Therefore, plaintiffs' request to amend the complaint to name the Individual Defendants as parties should be granted.

### C. *Plaintiffs' Request to Remove the Complaint's State Law Allegations Should Be Granted.*

The proposed amended complaint has been revised to remove the state law causes of action previously asserted by plaintiffs and the allegations supporting those causes of action. Previously, this Court declined to exercise supplemental jurisdiction over the state law claims and therefore granted defendants' motion to dismiss those claims. *See* Minute Entry for Hearing on Motion to Dismiss and to Strike Class Allegations, June 8, 2007, Docket No. 240. Although plaintiffs continue to believe the state law claims constitute valid causes of action over which this Court could properly exercise supplemental jurisdiction, in light of the Court's ruling and for purposes of clarity, plaintiffs' proposed amended complaint no longer includes the allegations pertinent to those claims. (Gifford Aff. ¶ 6).

### D. *Plaintiffs' Request to Revise the Complaint's Allegations Regarding Defendants' Licensing and Training Policies Should Be Granted.*

Plaintiffs' proposed amended complaint revises the factual allegations regarding defendants' policies that required certain employees to train for and obtain licensing and/or to take other types of training. To the extent defendants suffered or permitted their employees to perform work by attending training, taking tests and/or undertaking activities such as continuing education to maintain the required licenses, defendants violated the FLSA by failing to properly compensate the employees for time spent on those activities. Thus, Paragraph 140 of the proposed amended complaint has been revised to more clearly set out the allegations regarding the licensing and training activities in the subparagraphs labeled "Subclass C" and "Subclass D."

This amendment should be permitted because it would assert additional factual allegations which, when proven, would entitle plaintiffs to a judgment on the merits. Defendants are not prejudiced by this amendment because the initial complaint provided adequate notice that plaintiffs believed some of defendants' licensing and training policies violated the FLSA. The change in the amended complaint merely clarifies that plaintiffs believe those violations included various types of licensing and training required by defendants. Thus, this proposed amendment should be permitted.

### E. *Plaintiffs' Remaining Revisions to the Complaint Should Be Permitted.*

Plaintiffs' remaining revisions to the complaint do not substantively alter the theories or claims in this action, but instead serve to clarify and expand the bases of this lawsuit. Perhaps the most substantial of these revisions are plaintiffs' revisions to their allegations regarding the status and liabilities of defendants Alderwoods and SCI. Those revisions, however, merely serve to clarify and expand upon the liability of those defendants, and do not mark any substantive change but merely clarify the theories upon which this matter is proceeding. *See, e.g.,* 6 WRIGHT

& MILLER § 1473 ("pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits"). Thus, the remaining revisions should be permitted.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that their motion to amend be granted.

Dated: October 3, 2007

                Respectfully submitted,

By:   /s/ Annette Gifford
       J. Nelson Thomas, Esq.
       Patrick J. Solomon, Esq.
       Annette Gifford, Esq.
       Dolin, Thomas & Solomon LLP
       693 East Avenue
       Rochester, New York 14607
       Telephone: (585) 272-0540

       Charles H. Saul, Esq.
       Pa. I.D. No. 19938
       Liberty Weyandt, Esq.
       Pa. I.D. No. 87654
       Margolis Edelstein
       Attorneys for Plaintiffs
       525 William Penn Place, Suite 3300
       Pittsburgh, Pennsylvania 15219
       Telephone: (412) 281-4256