Sanford Jay Rosen, No. 62566
Maria V. Morris, No. 223903
Lori E. Rifkin, No. 244081
ROSEN BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone:  415-433-6830
Facsimile:  415-433-7104
Email: srosen@rbg-law.com

*[Additional Attorneys listed on
signature page]*

Attorneys for Plaintiffs
CLAUDE BRYANT, ET. AL.

Steven Hazard Gurnee, No. 66056
David Merrill Daniels, No. 170315
John A. Mason
Nicholas Pierre Forestiere, No.
125118
GURNEE & DANIELS LLP
2240 Douglas Blvd, Suite150
Roseville, CA 95648
Telephone: 916-797-3100
Facsimile:  916-797-3131
david@gurneelaw.com

Attorneys for Defendant
ALDERWOODS GROUP, INC.,
ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Claude Bryant, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Alderwoods Group, Inc., et al.,<br><br>Defendants. | Case No. C 07-05696 SI; C 08-01190 SI<br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE (DOCKET NO. 32)** |

1    I.    **INTRODUCTION**

2         All of the actions described in this Joint Response relate to the claims of current

3    and former employees who assert violations of federal and state laws resulting from their

4    allegations that they were not properly compensated for all hours worked.  The defendants

5    in these matters include Alderwoods Group, Inc. ("Alderwoods"), Service Corporation

6    International ("SCI"), subsidiaries of SCI and employees of the various corporate

7    defendants.  Prior to November, 2006, Alderwoods and SCI were competitors in the

8    funeral services industry.  In November, 2006, however, Alderwoods was merged with a

9    subsidiary of SCI.

10        On March 18, 2008, the Court issued an Order to Show Cause requiring counsel for

11   the parties, in advance of the April 7, 2008 Case Management Conference[1], to submit a

12   joint statement "informing the Court of the status and background of all pending and

13   closed wage-related cases, in both state and federal court, brought by plaintiffs or

14   similarly situated plaintiffs against these defendants."  In addition, the Court ordered that

15   the parties "show cause why case numbers 07-5696 [*Bryant I*] and 08-1190 [*Bryant II*]

16   should not be transferred to the Western District of Pennsylvania, where a federal judge

17   has been overseeing a nearly identical case."  (*Bryant I* Docket No. 32.)  Counsel for the

18   respective parties have met and conferred and submit the following Joint Statement in

19   compliance with the Court's order.

20   II.   **STATUS AND BACKGROUND OF ALL PENDING AND CLOSED**
21         **WAGE-RELATED CASES**

22        On December 8, 2006, Plaintiffs' counsel filed a complaint against Alderwoods

23   Group, Inc. ("Alderwoods") and Service Corporation International ("SCI") in the U.S.

24   District Court for the Western District of Pennsylvania on behalf of Deborah Prise and

25   Heather Rady, captioned *Prise, et al. v. Alderwoods Group, Inc. and Service Corporation*

26   _____

27        [1] On March 27, 2008, plaintiffs filed an Administrative Motion requesting that the
     scheduled conference be delayed until after the Court's ruling on the threshold issues raised in
28   plaintiffs' pending motions for remand. (*Bryant I* Docket No. 40.) Defendants are opposed to
     this request and will file a timely opposition brief.

1    *International*, W.D. Pa. Case No. 06-1641 ("*Prise I*"), asserting claims under the Fair

2    Labor Standards Act of 1938 ("FLSA") and various state laws.  As a result of

3    determinations made in that case granting motions by defendants to dismiss certain claims,

4    Plaintiffs' counsel subsequently filed five additional actions on behalf of various plaintiffs

5    against Alderwoods and/or SCI and/or certain SCI subsidiaries and employees of those

6    subsidiaries.[2]  These actions are described below in chronological order.

7        *Prise I.*  Deborah Prise and Heather Rady filed this action on December 8, 2006

8    alleging violations of the FLSA and the wage and hour laws of 38 states and territories.

9    Plaintiffs claimed that Alderwoods and SCI failed to pay overtime to employees for

10   certain types of alleged off-the-clock work – specifically, work allegedly performed while

11   on call, community service work, time spent studying for insurance licenses, time spent

12   receiving other required training, work allegedly performed during meal breaks,

13   unapproved overtime, appointments that were not considered part of employees'

14   scheduled hours, and unrecorded work – and sought compensatory damages, liquidated

15   damages, and attorneys' fees, among other forms of relief.  Plaintiffs also alleged that

16   defendants failed to include all remuneration in employees' overtime calculations.

17   Plaintiffs brought the case as a collective action pursuant to FLSA Section 216(b) and also

18   sought Fed. R. Civ. P. 23 certification with respect to their state law claims.  On April 19,

19   2007, Judge Joy Flowers Conti authorized FLSA collective action notice to employees in

20   seven Alderwoods job titles, and denied notice with respect to SCI.  On June 8, 2007, the

21   Court granted defendants' motion to dismiss plaintiffs' state law class action claims,

22   declining to assert supplemental jurisdiction.  On November 15, 2007, the Court granted

23   defendants' motion to dismiss SCI from the case without prejudice, and denied leave to

24   amend the complaint to add certain SCI subsidiaries as defendants, finding that those

25

26        [2] Plaintiffs assert one of those actions, described below as "*Prise II*", was voluntarily
     dismissed and refiled as two separate actions, *Helm* and *Bryant II*, in deference to one such
27   determination by the *Prise I* Court with respect to defendants' argument that claims of
     Alderwoods employees should be heard separately from claims of those employed at other SCI
28   subsidiaries.  Thus, although five actions were filed, only four remain pending.

1    entities could not properly be joined in an action with Alderwoods.  (Defendants assert,

2    but plaintiffs disagree, that the Court also found that plaintiffs' allegations against SCI and

3    its subsidiaries were too conclusory to state a claim.)  Plaintiffs' FLSA claims against

4    Alderwoods remain pending.

5        *Prise, et al. v. Alderwoods Group, Inc. and Service Corporation International*, N.D.

6    Cal. Case No. 07-cv-5140-MJJ ("*Prise II*").  Deborah Prise, Heather Rady, and other

7    plaintiffs filed this action against Alderwoods and SCI in the Alameda County Superior

8    Court on July 9, 2007.  Plaintiffs brought claims on behalf of both Alderwoods employees

9    and employees who worked for other SCI subsidiaries for violations of wage and hour

10   laws of 38 states and territories alleging that defendants failed to pay overtime for certain

11   types of alleged off-the-clock work – specifically, work allegedly performed while on call,

12   community service work, time spent studying for insurance licenses, time spent receiving

13   other required training, work allegedly performed during meal breaks, unapproved

14   overtime, appointments that were not considered part of employees' scheduled hours, and

15   unrecorded work.  Plaintiffs also alleged that defendants failed to include all remuneration

16   in employees' overtime calculations.  The complaint sought Rule 23 class certification of

17   those claims.  Defendants removed the case to the U.S. District Court for the Northern

18   District of California and moved to dismiss the complaint.  On December 5, 2007,

19   Plaintiffs voluntarily dismissed the case.

20       *Bryant I.*  Claude Bryant, along with other plaintiffs, filed this action on November

21   8, 2007.  Plaintiffs filed an amended complaint on March 5, 2008.  Plaintiffs in this case

22   are individuals who did not assert claims in the *Prise I* case, including those who did not

23   timely file consent forms pursuant to notice issued by the *Prise I* Court to a subset of

24   employees.  They allege that Alderwoods, SCI, certain SCI subsidiaries, and employees of

25   those subsidiaries violated the FLSA by failing to pay overtime for certain types of

26   alleged off-the-clock work – specifically, work allegedly performed while on call,

27   community service work, time spent studying for insurance licenses, time spent receiving

28   other required training, work allegedly performed during meal breaks, unapproved

1    overtime, appointments that were not considered part of employees' scheduled hours, and

2    unrecorded work. Plaintiffs also allege that defendants failed to include all remuneration

3    in employees' overtime calculations. Plaintiffs seek compensatory, punitive, and

4    liquidated damages; injunctive relief; and attorneys' fees and costs, among other forms of

5    relief. Plaintiffs also assert that they are entitled to send collective action notice under

6    FLSA Section 216(b) to other individuals who did not timely opt in to the *Prise I* case.

7    Plaintiffs served their complaint on the various defendants on or about March 7, 2008.

8    Defendants filed motions to dismiss the complaint and strike certain allegations on March

9    27, 2008.

10         *Bryant II*. Claude Bryant, along with other plaintiffs, filed this action against SCI,

11    certain SCI subsidiaries, and certain employees of those subsidiaries in Alameda County

12    Superior Court on December 5, 2007. The complaint alleges that defendants violated the

13    laws of California and 33 other states and territories by failing to pay overtime to

14    employees for certain types of alleged off-the-clock work – specifically, work allegedly

15    performed while on call, community service work, time spent studying for insurance

16    licenses, work allegedly performed during meal breaks, unapproved overtime,

17    appointments that were not considered part of employees' scheduled hours, and

18    unrecorded work. Plaintiffs also allege that defendants failed to include all remuneration

19    in employees' overtime calculations. Plaintiffs seek compensatory damages and penalties

20    under the various states' laws, and also bring claims for conversion, fraud and deceit,

21    misrepresentation, breach of contract, quantum meruit, and other theories. The complaint

22    also requested class certification of plaintiffs' claims. On February 27, 2008, defendants

23    removed the case to the U.S. District Court for the Northern District of California. On

24    March 5, 2008, defendants filed motions to dismiss the complaint. On March 24, 2008,

25    plaintiffs moved to remand the case to Alameda County Superior Court. These motions

26    remain pending before the Court.

27         *Helm, et al. v. Alderwoods Group, Inc., et al.*, N.D. Cal. Case No. 08-cv-1164-SI

28    ("*Helm*"). William Helm, Deborah Prise, and Heather Rady, along with other plaintiffs,

1   filed this action in Alameda County Superior Court on December 5, 2007.  The complaint

2   asserts claims against Alderwoods – and against SCI as a successor-in-interest.  Plaintiffs

3   later amended the complaint to add certain SCI subsidiaries and an individual defendant,

4   Paul Houston.  The complaint asserts that defendants violated the laws of California and

5   28 other states and territories by failing to pay overtime to employees for certain types of

6   alleged off-the-clock work – specifically, work allegedly performed while on call,

7   community service work, time spent studying for insurance licenses, work allegedly

8   performed during meal breaks, unapproved overtime, appointments that were not

9   considered part of employees' scheduled hours, and unrecorded work.  Plaintiffs also

10  allege that defendants failed to include all remuneration in employees' overtime

11  calculations.  Plaintiffs seek compensatory damages and penalties under the various

12  states' laws, and also bring claims for conversion, fraud and deceit, misrepresentation,

13  breach of contract, quantum meruit, and other theories.  The complaint seeks class

14  certification of plaintiffs' claims.  On February 27, 2008, defendants removed the case to

15  the U.S. District Court for the Northern District of California.  On March 5, 2008,

16  defendants filed motions to dismiss plaintiffs' complaint, with the exception of Paul

17  Houston, whose motion to dismiss and strike was filed on March 28, 2008.  On March 24,

18  2008, plaintiffs moved to remand the case to Alameda County Superior Court.  These

19  motions remain pending before the Court.

20      *Stickle, et al. v. SCI Market Support Center, LP, et al.*, D. Ariz. Case No. 08-cv-83-

21  MHM ("*Stickle*").  On January 15, 2008, James Stickle and other named plaintiffs filed

22  this action against SCI, various SCI subsidiaries, and certain employees of SCI

23  subsidiaries, asserting claims for violations of the FLSA, the Employee Retirement

24  Income Security Act ("ERISA"), and the Racketeer Influenced and Corrupt Organizations

25  Act ("RICO").  The complaint alleges that defendants failed to pay overtime to employees

26  for certain types of alleged off-the-clock work – specifically, work allegedly performed

27  while on call, community service work, time spent receiving required training,, work

28  allegedly performed during meal breaks, unapproved overtime, appointments that were

1    not considered part of employees' scheduled hours, and unrecorded work. Plaintiffs also

2    allege that defendants failed to include all remuneration in employees' overtime

3    calculations. Plaintiffs seek to certify an FLSA collective action for those overtime claims

4    and have filed a motion for collective action notification which is currently pending

5    before the Court. Plaintiffs' ERISA claims allege that defendants failed to keep records of

6    all time worked by plaintiffs sufficient to determine ERISA benefits due, and also allege

7    the defendants breached their fiduciary duties. Plaintiffs' RICO claims are based on

8    allegations of mail fraud for placing purportedly inaccurate payroll checks in the U.S.

9    mail. Plaintiffs seek compensatory damages, liquidated damages, punitive damages, and

10    attorneys' fees and costs. The complaint seeks collective action certification under FLSA

11    Section 216(b), and Rule 23 class certification of the ERISA claims and RICO claims.

12    Defendants moved to dismiss plaintiffs' complaint in motions filed on February 8, 2008,

13    and the motions remain pending, as do plaintiffs' pending motion for collective action

14    notification.

15    **III.   THE PARTIES' POSITION ON TRANSFER**

16        **A.    The Parties' Joint Position Regarding *Bryant I***

17       As noted above, *Bryant I* asserts the same FLSA claims of Alderwoods employees

18    currently asserted in the *Prise I* action, and neither case currently involves any state law

19    claims. The *Bryant I* action differs only in that it was brought by individuals who have

20    not asserted claims in the *Prise I* case, including those who did not timely file consent

21    forms pursuant to notice issued by the *Prise I* Court to a subset of employees.[3] The

22    parties agree that, in light of the similarity of the claims asserted in *Prise I* and *Bryant I*, it

23    is in the interests of both the judiciary and the parties to have both of those actions heard

24    in the same court, and neither party would oppose the transfer of this action to the

25    Western District of Pennsylvania.

26

27       [3] Plaintiffs note that *Bryant I* was not initially filed in the Western District of Pennsylvania

28    because, at the time that action had filed, none of the plaintiffs in that action had been employed in Pennsylvania.

Joint Response to Order to Show Cause -

1    The parties differ only with respect to plaintiffs' position that any such transfer
2    should prohibit either party from asserting objections to the jurisdiction, forum or venue
3    following such transfer.  Defendants assert that no defendant should be forced to abandon
4    a timely-asserted and valid objection to personal jurisdiction on account of a transfer of
5    the case if such objection is still valid after the transfer.

6    **B.    Plaintiffs' Position**

7    Plaintiffs submit that neither the *Helm* matter (asserting state law claims on behalf
8    of Alderwoods employees) nor the *Bryant II* matter (asserting state law claims on behalf
9    of employees who worked for SCI affiliates other than Alderwoods—hereinafter "SCI
10   employees") should be transferred to the Western District of Pennsylvania.[4]

11   As an initial matter, neither the *Helm* nor *Bryant* matters should be pending before
12   a federal court at all, as set out in plaintiffs' pending motions to remand each of those
13   matters.  The issue of this Court's subject matter jurisdiction over those two actions is a
14   threshold issue which must be determined before any other action, including the transfer
15   of these matters, is effectuated.  Both of these actions should be remanded to Alameda
16   County Superior Court, where they were initially filed.

17   Furthermore, even if these matters were not subject to remand, their transfer to the
18   Western District of Pennsylvania would not be appropriate in light of the *Prise I* Court's
19   prior rulings that it was not the appropriate court to exercise jurisdiction over these state
20   law claims.  Plaintiffs are unaware of any authority which would permit a District Court to
21   compel a sister court to change its prior holding regarding regarding jurisdiction,
22   particularly where the sister court previously ruled that it chose not exercise jurisdiction.
23   Instead, the interests of judicial comity and respect for the *Prise I* Court's prior rulings
24   weigh strongly against returning either *Helm* or *Bryant II* to that Court.

25   Moreover, the transfer of these matters to the *Prise I* Court would also be
26   inappropriate in light of defendants' prior motions and arguments.  Defendants previously

27

28   [4] In light of the parties' agreement regarding the *Bryant I* action, only the *Helm* and *Bryant II* matters are at issue.

1   moved the *Prise I* Court, requesting that Court decline to hear these state law claims.

2   Having succeeded on that motion when the *Prise I* Court declined to exercise jurisdiction

3   over these claims, defendants apparently hoped plaintiffs would not follow the *Prise I*

4   Court's directive to refile these matters in state court.  When plaintiffs did so, defendants

5   first removed the action from state to federal court.  Now, defendants seek to return the

6   matter to the *Prise I* Court – despite the fact that defendants themselves previously

7   convinced that same Court to decline to hear these claims.  Defendants have effectively

8   sent these claims on an unnecessary detour, delaying these claims from moving forward

9   for more than 8 months.

10          Finally, the *Bryant II* actions should not be transferred to the Western District of

11  Pennsylvania for the additional reason that it asserts only state law claims of SCI

12  employees, and there are currently no claims of SCI employees pending before the *Prise I*

13  Court.  Again, the *Prise I* Court previously ruled on defendants' motion that the claims of

14  Alderwoods employees could not be joined with and should be heard separately from

15  those of SCI employees.  For example, in opposing plaintiffs' motion for the *Prise I* Court

16  to send collective action notification to SCI employees, defendants themselves argued that

17  these claims should not be heard together:

18          the most fundamental justification for Section 216(b) collective actions is
            the "benefit" to both the parties and the judicial system from the "efficient
19          resolution in one proceeding of common issues of law and fact arising from
            the same alleged …activity."  Such "common issues of law and fact" are
20          not present here where Alderwoods and the 180 SCI subsidiaries operated
            completely independently of each other, using their own policies and
21          procedures, for most if not all of the liability period.
22

23  *Prise I*, W.D. Pa. Case No. 2:06-cv-01641-JFC, Docket No. 808 at 8 (internal citations

24  omitted).  The *Prise I* Court granted defendants' request to dismiss the claims of SCI

25  employees from *Prise I* and ruled that those claims should be brought in a separate action

26  That action, *Stickle*, is currently pending before the District of Arizona, where both

27  parties' motions are currently pending before the Court, including defendants' expedited

28

                                    - 9 -

1    motions to dismiss.[5]

2        **C.    Defendants' Position**

3        Defendants agree with the Court that, for purposes of judicial economy and

4    efficiency, *Bryant II* and the related *Helm* case[6], should be transferred to the U.S. District

5    Court for the Western District of Pennsylvania, though it would not be appropriate to

6    consolidate those cases with the pending *Prise I* matter. As discussed below with only a

7    few exceptions, the claims and allegations in each of these cases were, or are, pending

8    before Judge Conti in some fashion, and it would be in the interests of both the courts and

9    the parties to have these matters proceed in a single court, with a judge familiar with the

10   posture and background of each case, rather than have the cases proceed on parallel tracks

11   in different jurisdictions.

12       Plaintiffs' argument that this Court should decline to transfer these cases to Judge

13   Conti based on her decision to not exercise supplemental jurisdiction over the state law

14   claims asserted in *Prise I* is a complete red herring. Here, Defendants have removed the

15   *Bryant II* and *Helm* cases on the basis of **CAFA** jurisdiction, not supplemental jurisdiction.

16   Ironically, as defendants will discuss in detail in their oppositions to plaintiffs' remand

17   motions in *Helm* and *Bryant II,* plaintiffs took the position in *Prise I* that the Western

18   District of Pennsylvania **did** have jurisdiction over the state law claims in light of CAFA..

19   However, because this was not pled in the complaint as a basis for jurisdiction, Judge

20   Conti declined to consider this argument.

21

22       [5] Defendants' mischaracterize statements of plaintiffs' counsel and the *Prise I* Court in
     asserting that Court "contemplated" that *Bryant II* would be re-filed in the Western District of
23   Pennsylvania. Although the parties and the Court tentatively discussed some theoretical aspects
     of plaintiffs' refiling at the time the SCI employees were dismissed from *Prise I*, that Court
24   certainly had not held or relied upon any presumption that the claims would necessarily be filed
     before that same Court—in fact, defense counsel stated to plaintiffs' counsel after the oral
25   argument that defendants would likely oppose having the refiled action brought before the *Prise I*
     Court. Following that hearing, upon reviewing the claims of the SCI employees and in light of
26   defendants' stated intention to object to having the SCI employees' claims heard by the *Prise I*
     Court, plaintiffs refiled those claims in Arizona where, at that time, a significant number of the
27   SCI employees who sought to assert claims had been employed.

28       [6] On March 25, 2008, this Court issued a Related Case Order finding that *Helm* was
     related to *Bryant I* and *Bryant II*. (*Helm* Docket No. 39.)

       Joint Response to Order to Show Cause -

1    Plaintiffs' position that the *Bryant II* case should not be transferred to Pennsylvania

2    based on Judge Conti's holding in *Prise I* that the SCI employees' claims should not be

3    joined with Alderwoods is also without merit.  Defendants still maintain that these claims

4    should be kept separate, and this Court has not asked the parties to address the issue of

5    consolidating *Bryant II* with *Prise I*.  Rather, the issue at hand is whether *Bryant II* should

6    be transferred to Judge Conti in light of the familiarity she has gained with the SCI entities

7    based on her involvement *Prise I*.  As discussed below, Defendants agree that transfer

8    would be appropriate for that very reason.

9    

10            1.    *Bryant II* – Case No. 08-cv-1190-SI

11    Though defendants do not agree that *Bryant II* is nearly identical to the *Prise I* case

12   (as the Court indicated might be the case), defendants agree with the Court that it would

13   be in the interests of judicial economy to transfer *Bryant II* to the Western District of

14   Pennsylvania.  As discussed above, *Bryant II* asserts state law claims against SCI, certain

15   SCI subsidiaries, and certain employees of those subsidiaries; it does not assert claims

16   against Alderwoods, which is the only remaining defendant in the *Prise I* action.  While

17   Alderwoods merged with an SCI subsidiary in November 2006, for the majority of the

18   liability period in both *Prise I* and *Bryant II*, they were competitors – indeed, they were

19   the two largest entities in the funeral home industry and directly competed with each other

20   in almost every state in which each entity operated.

21    Nonetheless, defendants acknowledge that there may be significant efficiencies in

22   having these cases heard in the same court.  Most notably, Judge Conti in the Western

23   District of Pennsylvania has significant familiarity with SCI as a result of the fact that SCI

24   was a defendant in the *Prise I* case for nearly a year before being dismissed from that case

25   in November 2006.  Indeed, these very same claims – allegations of state law violations

26   by SCI – were before Judge Conti before she declined to assert supplemental jurisdiction

27   over state law claims and dismissed them from the *Prise I* action (in contrast, federal

28   jurisdiction in *Bryant II* is based on the Class Action Fairness Act).  It also is worth noting

1   that, when the Court dismissed SCI and the remaining FLSA claims against it from the

2   case, plaintiffs' counsel informed the Court, and Judge Conti contemplated, that the *Prise*

3   *I* plaintiffs would re-file their claims against SCI in the Western District of Pennsylvania.

4       Given Judge Conti's familiarity with the parties and the issues, defendants agree

5   that *Bryant II* should be transferred as a separate case.[7]  Consolidation of the cases would

6   not be appropriate in light of the Western District of Pennsylvania's previous

7   determination that claims against SCI and Alderwoods should not be heard in the same

8   action.

9           3.    *Helm* – Case No. 08-cv-1164-JSW.

10      *Helm* is the companion case to *Prise I*, asserting state law claims against

11  Alderwoods for the exact same types of alleged off-the-clock violations, and asserting the

12  exact same injuries, alleged in *Prise I*.  In fact, plaintiffs' state law claims in *Helm*

13  previously were before Judge Conti before she declined to assert supplemental jurisdiction

14  and dismissed those claims without prejudice (in contrast, federal jurisdiction in *Helm* is

15  based on the Class Action Fairness Act).  Thus, transfer to the Western District of

16  Pennsylvania serves the interests of judicial economy due to Judge Conti's familiarity

17  with the issues and the parties.

---

[7] The *Stickle* case currently pending in the U.S. District Court for the District of Arizona also asserts claims against SCI, SCI subsidiaries, and employees of those subsidiaries, although the claims are brought under federal law, not state law.  The same reasons that support transfer of *Bryant II* also would support transfer of the *Stickle* case.

1    Dated: March 28, 2008

2

3    Respectfully submitted,

4

5    By: _____      By: _____

6       Sanford Jay Rosen                     Steven Hazard Gurnee
      Maria V. Morris                       David Merrill Daniels
      Lori E. Rifkin                          John A. Mason

7       ROSEN BIEN & GALVAN, LLP         Nicholas Pierre Forestiere
      315 Montgomery Street, 10th Floor    GURNEE & DANIELS LLP

8       San Francisco, CA 94104          2240 Douglas Blvd, Suite 150
      Telephone: 415-433-6830          Roseville, CA 95648

9       Facsimile: 415-433-7104           Telephone: 916-797-3100
                                    Facsimile: 916-797-3131

10       Additional Attorneys for Plaintiffs, who
      will submit applications for admission    Counsel for Defendants

11       *pro hac vice*:

12       J. Nelson Thomas
      Patrick J. Solomon

13       Michael J. Lingle
      Annette Gifford

14       Justin Cordello
      Dolin, Thomas & Solomon LLP

15       693 East Avenue
      Rochester, NY 14607

16       Telephone: 585-272-0540
      Facsimile: 585-272-0574

17

18       Charles H. Saul
      Liberty J. Weyandt

19       Kyle T. McGee.
      MARGOLIS EDELSTEIN

20       525 William Penn Place
      Suite 3300

21       Pittsburgh, PA 15219
      Telephone: 412-281-4256

22       Facsimile: 412-642-2380

23       Counsel for Plaintiffs

24

25

26

27

28