Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CLAUDE BRYANT, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all employees similarly situated,<br><br>Plaintiffs,<br><br>- vs -<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P, and JOHN DOES 1-3,<br><br>Defendants. | Case No. CV 07-5696 SI<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT (Docket No. 43) and DEFENDANTS' MOTION TO DISMISS (Docket No. 47)** |

Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No. 19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs hereby administratively move for an Order for an extension of time to respond to Defendants' First Motion to Dismiss Amended Complaint, First Motion for More Definite Statement filed by Alderwoods Group, Inc. ("Alderwoods"), SCI Funeral and Cemetery Purchasing Cooperative, Inc., and SCI Western Market Support Center, L.P. (Docket No. 43) and Defendants' First Motion to Dismiss Amended Complaint filed by Service Corporation International ("SCI"), SCI Eastern Market Support Center, L.P., SCI Houston Market Support Center, L.P. and Paul A. Houston (Docket No. 47) (collectively, "Defendants' Motions") pursuant to Local Rule 7-11.  This Motion is based on this Administrative Motion, the Declaration of Annette Gifford and Proposed Order filed herewith, all records and files in this case, and the arguments, if any, of counsel.

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN EXTENSION OF TIME**

The instant motion should be granted in light of the parties' agreement in their joint Response to Order to Show Cause (Docket No. 56) that the instant action ("*Bryant I*") should be transferred to the Western District of Pennsylvania.  In light of the parties' agreement, plaintiffs believe the briefing and hearing of Defendants' Motions should be continued until after this Court's ruling regarding the Order to Show Cause.

Plaintiffs previously moved this Court to continue the currently scheduled Case Management Conference until after this Court's ruling regarding plaintiffs' Motions to Remand in the related *Helm* (Case No. 08-cv-1184-SI) and *Bryant II* (Case No. 08-cv-

1

1190-SI) matters. (Docket No. 40.) On March 31, 2008, defendants filed their objection to that motion. (Docket No. 58.) Plaintiffs continue to believe this Court must determine the threshold issue of its jurisdiction over the state law claims asserted in *Helm* and *Bryant II* before it determines whether those matters should be transferred to another federal district court and, thus, that the discussion of transfer at a case management conference should be continued until a ruling on that motion. Plaintiffs submit that a single Case Management Conference addressing all transfer and management issues for all three related cases would be most efficient, but that such a conference may be properly held only after this Court's ruling on the Motions for Remand in the related matters.

The instant action is a class action lawsuit brought by current and former employees of defendants who worked at funeral locations managed by defendants for violations of the federal Fair Labor Standards Act. The related matters, *Helm* and *Bryant II*, assert similar claims under various state wage and hour laws, as well as other state laws—although plaintiffs note that, while the instant action and the *Helm* action both assert the claims of current or former employees of defendant Alderwoods, the *Bryant II* plaintiffs include only those employees who worked for subsidiaries of defendant SCI other than Alderwoods.

On March 18, 2008, this Court filed an Order to Show Cause, directing the parties to submit a joint statement informing the Court of the status and background of all wage-related cases and showing cause why *Bryant I* and *Bryant II* should not be transferred to the Western District of Pennsylvania. (Docket No. 37.) The parties filed their response on March 28, 2008, agreeing it is in the interests of the judiciary and the parties for the *Bryant*

2

*I* action to be transferred to the Western District of Pennsylvania. (Docket No. 56.) The parties disagreed regarding the potential transfer of *Helm* and *Bryant II*.

Defendants' Motions were filed on March 27, 2008. Defendants selected a hearing date of May 9, 2008 for Defendants' Motion—the same date that plaintiffs Motions for Remand are currently scheduled to be heard in the *Helm* and *Bryant II* actions. Currently, plaintiffs' responses to Defendants' Motions are due April 18, 2008. Plaintiffs request an extension of their time to respond to Defendants' Motions to 14 days after this Court's determination regarding the transfer of this matter, should this Court retain the matter in this forum. In the event that the matter is transferred, the receiving Court would establish its own hearing and response dates.

On March 31, 2008, plaintiffs' counsel met and conferred with defendants' counsel by telephone to determine whether the parties could reach a stipulated agreement regarding plaintiffs' requested extension. At that time, defendants' counsel indicated that defendants will object to plaintiffs' request. Plaintiffs continue to believe that the current schedule would be an inefficient use of judicial resources as it would require the Court and the parties to prepare for argument which the parties have already agreed could properly be transferred.

//
//
//
//
//

3

*I* action to be transferred to the Western District of Pennsylvania. (Docket No. 56.) The parties disagreed regarding the potential transfer of *Helm* and *Bryant II*.

Defendants' Motions were filed on March 27, 2008. Defendants selected a hearing date of May 9, 2008 for Defendants' Motion—the same date that plaintiffs Motions for Remand are currently scheduled to be heard in the *Helm* and *Bryant II* actions. Currently, plaintiffs' responses to Defendants' Motions are due April 18, 2008. Plaintiffs request an extension of their time to respond to Defendants' Motions to 14 days after this Court's determination regarding the transfer of this matter, should this Court retain the matter in this forum. In the event that the matter is transferred, the receiving Court would establish its own hearing and response dates.

On March 31, 2008, plaintiffs' counsel met and conferred with defendants' counsel by telephone to determine whether the parties could reach a stipulated agreement regarding plaintiffs' requested extension. At that time, defendants' counsel indicated that defendants will object to plaintiffs' request. Plaintiffs continue to believe that the current schedule would be an inefficient use of judicial resources as it would require the Court and the parties to prepare for argument which the parties have already agreed could properly be transferred.

//

//

//

//

//

3

Plaintiffs' request is in the interest of judicial economy, as this Court should first determine it will transfer this action before the parties fully brief and the Court considers Defendants' Motions.

Respectfully Submitted,
ROSEN, BIEN & GALVAN, LLP

Date: April 1, 2008

By: */s/ Lori E. Rifkin*

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs