Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CLAUDE BRYANT, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all employees similarly situated,<br><br>Plaintiffs,<br><br>- vs -<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., and JOHN DOES 1-3,<br><br>Defendants. | Case No. CV 07-5696 SI<br><br>**DECLARATION OF ANNETTE GIFFORD IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT (Docket No. 43) and DEFENDANTS' MOTION TO DISMISS (Docket No. 47)** |

| | |
|---|---|
| 1 | Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*: |
| 2 | |
| 3 | J. Nelson Thomas, NY Attorney No. 2579159<br>Patrick J. Solomon, NY Attorney No. 2716660 |
| 4 | Michael J. Lingle, NY Attorney No. 3925765<br>Annette Gifford, NY Attorney No. 4105870 |
| 5 | Justin Cordello, NY Attorney No. 4131447<br>DOLIN, THOMAS & SOLOMON LLP |
| 6 | 693 East Avenue<br>Rochester, NY 14607 |
| 7 | Telephone: (585) 272-0540<br>Facsimile: (585) 272-0574 |
| 8 | nthomas@theemploymentattorneys.com |
| 9 | Charles H. Saul, PA State Bar No. 19938<br>Liberty J. Weyandt, PA State Bar No. 87654 |
| 10 | Kyle T. McGee, PA State Bar No. 205661<br>MARGOLIS EDELSTEIN |
| 11 | 525 William Penn Place<br>Suite 3300 |
| 12 | Pittsburgh, PA 15219<br>Telephone: (412) 281-4256 |
| 13 | Facsimile: (412) 642-2380<br>csaul@margolisedelstein.com |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

DECL. OF ANNETTE GIFFORD ISO PLS' ADMIN MOT FOR EXTENSION OF TIME    Case No. CV 07-5696 SI

I, Annette Gifford, under penalty of perjury, declare:

1. I am associated with the law firm Dolin, Thomas & Solomon LLP, lead counsel for Plaintiffs in this action, and, as such, I am fully familiar with the facts and circumstances giving rise to this motion. I submit this Declaration in support of Plaintiffs' Administrative Motion for an Extension of Time to Respond to Defendants' First Motion to Dismiss Amended Complaint, First Motion for More Definite Statement filed by Alderwoods Group, Inc. ("Alderwoods"), SCI Funeral and Cemetery Purchasing Cooperative, Inc., and SCI Western Market Support Center, L.P. (Docket No. 43) and Defendants' First Motion to Dismiss Amended Complaint filed by Service Corporation International ("SCI"), SCI Eastern Market Support Center, L.P., SCI Houston Market Support Center, L.P. and Paul A. Houston (Docket No. 47) (collectively, "Defendants' Motions"). The facts contained herein are based upon my own personal knowledge, and if called to do so, I could and would competently testify to their truth.

2. This Court has previously ruled that the instant action ("*Bryant I*") is related to two other pending actions, *Helm, et al. v. Alderwoods Group, Inc., et al.*, Case No. 08-1184-SI ("*Helm*") and *Bryant, et al. v. Service Corporation International, et al.*, Case No. 08-1190-SI ("*Bryant II*"). See *Bryant I*, Docket Nos. 35 and 38.

3. The instant action is a class action lawsuit brought by current and former employees of defendants who worked at funeral locations managed by defendants for violations of the federal Fair Labor Standards Act. The related matters, *Helm* and *Bryant II*, assert similar claims under various state wage and hour laws, as well as other state laws—although plaintiffs note that, while the instant action and the *Helm* action both assert the claims of current or former employees of defendant Alderwoods, the *Bryant II* plaintiffs include only those employees who worked for subsidiaries of defendant SCI other than Alderwoods.

4. Currently, a case management conference in the instant action is scheduled for Monday, April 7, 2008 (the "Conference"). See *Bryant I*, Docket No. 39. Plaintiffs moved this Court to continue this conference until after a decision regarding plaintiffs

1

1  motions to remand in the related *Helm* and *Bryant II* matters. *Bryant II*, Docket No. 40.
2  Defendants have opposed that motion. *Bryant II*, Docket No. 58.

3      5.    On March 18, 2008, this Court issued an Order to Show Cause indicating
4  that the Court intends to consider at the Conference the issue of whether any of the three
5  related matters should be transferred to the Western District of Pennsylvania. *See Bryant I*,
6  Docket No. 37; *Bryant II*, Docket No. 32.

7      6.    Plaintiffs continue to believe, as asserted in their motion to continue the case
8  management conference, that this Court must determine the threshold issue of its
9  jurisdiction over the state law claims asserted in *Helm* and *Bryant II* before it determines
10 whether those matters should be transferred to another federal district court and, thus, that
11 the discussion of transfer at a case management conference should be continued until a
12 ruling on that motion.

13     7.    On March 28, 2008, the parties filed a joint Response to Order to Show
14 Cause in which both parties agreed that the instant *Bryant I* action should be transferred to
15 the Western District of Pennsylvania. *Bryant II*, Docket No. 56. The parties disagreed
16 regarding the potential transfer of *Helm* and *Bryant II*.

17     8.    Plaintiffs submit that a single Case Management Conference addressing all
18 transfer and management issues for all three related cases would be most efficient, but that
19 such a conference may be properly held only after this Court's ruling on the Motions for
20 Remand in the related matters.

21     9.    Defendants' Motions were filed on March 27, 2008. Defendants selected a
22 hearing date of May 9, 2008 for Defendants' Motion—the same date that plaintiffs
23 Motions for Remand are currently scheduled to be heard in the *Helm* and *Bryant II* actions.
24 Currently, plaintiffs' responses to Defendants' Motions are due April 18, 2008. Plaintiffs
25 request an extension of their time to respond to Defendants' Motions to 14 days after this
26 Court's determination regarding the transfer of this matter, should this Court retain the
27 matter in this forum. In the event that the matter is transferred, the receiving Court would
28 establish its own hearing and response dates.

DECL. OF ANNETTE GIFFORD ISO PLS' ADMIN MOT FOR EXTENSION OF TIME   Case No. CV 08-1190 SI

10. On March 31, 2008, plaintiffs' counsel met and conferred with defendants' counsel by telephone to determine whether the parties could reach a stipulated agreement regarding plaintiffs' requested extension. At that time, defendants' counsel indicated that defendants will object to plaintiffs' request. Plaintiffs continue to believe that the current schedule would be an inefficient use of judicial resources as it would require the Court and the parties to prepare for argument which the parties have already agreed could properly be transferred.

11. Plaintiffs' request is in the interest of judicial economy, as this Court should first determine it will transfer this action before the parties fully brief and the Court considers Defendants' Motions.

12. There have been no previous time modifications in this case, whether by stipulation or Court order. In a separate Administrative Motion, plaintiffs have requested similar relief with respect to defendants' currently pending motions, also on grounds that this Court must determine the threshold issue raised in the motions for remand prior to determining those pending motions.

13. In the event the Court grants Plaintiffs' request for a continuance of the Conference, there would be no substantial adverse effect on the schedule for this case.

Executed this 1st day of April, 2008 in Rochester, New York.

_____
Annette Gifford

3

DECL. OF ANNETTE GIFFORD ISO PLS' ADMIN MOT FOR EXTENSION OF TIME   Case No. CV 08-1190 SI